

**ORDERED in the Southern District of Florida on April 19, 2011.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | CASE NO. 11-17047-BKC-AJC |
| FISHER ISLAND INVESTMENTS, INC., | CHAPTER 11 (INVOLUNTARY) |
|     Alleged Debtor. | |
| _____/ | |
| In re: | CASE NO. 11-17051-BKC-AJC |
| MUTUAL BENEFITS OFFSHORE FUND, LTD., | CHAPTER 11 (INVOLUNTARY) |
|     Alleged Debtor. | |
| _____/ | |
| In re: | CASE NO. 11-17061-BKC-AJC |
| LITTLE REST TWELVE, INC., | CHAPTER 11 (INVOLUNTARY) |
|     Alleged Debtor. | |
| _____/ | |

**ORDER DIRECTING APPOINTMENT OF CHAPTER 11 EXAMINER**

This matter came to be heard on April 11, 2011, on the status conference set by this

Court to consider the appointment of an Examiner in these involuntary cases. The Court having

been advised of the recent developments, having heard the arguments of counsel, taking judicial

notice of the entire contents of the Court file, and as further stated on the record, it is:

**ORDERED and ADJUDGED as follows:**

1.      Pursuant to 11 U.S.C. § 1104(c), this Court *sua sponte*, directs the United States

Trustee to immediately appoint an Examiner in each of the three involuntary chapter 11 cases

with the powers and duties set forth under sections 1106(b) of the Bankruptcy Code;

2.      Without limiting the foregoing scope of section 1106(b), the Examiner shall

specifically:

      (a)    investigate the ownership composition of the alleged Debtors, and investigate who are their actual and duly authorized representatives and attorneys;

      (b)    examine the Promissory Notes and other documentation (including guarantees, Forbearance Agreements, and Demand Notices) upon which the petitioning creditors rely to allege their claims, the makers of such Promissory Notes, the makers' execution of the Promissory Notes, the payees thereof, and the overall propriety and authenticity of the Promissory Notes;

      (c)    examine the Assignments of the Promissory Notes above, the parties to, and the execution thereof, and the overall propriety of the Assignments;

      (d)    investigate the allegations contained in the Verified Motion For An Order Requiring Plaintiff To Show Cause Why The Complaint Should Not Be Dismissed and For Sanctions Based on Fraud On the Court (DE # 2 in the Adversary case styled *Fisher Island Investments, Inc. v. Andrew Baker, et al.,* Adversary Case No. 11-01886-AJC, civil action which was removed by the Plaintiff to this Court from the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida); and

      (e)    examine the financial affairs and records, including but not limited to, bank statements of each of the alleged Debtors for the last six (6) months and examine their individual list of assets.

In order to facilitate the Examiner's investigation, both the petitioning creditors and the parties

presently in control of the business operations of each of the alleged Debtors, and each faction

purporting to have authority over an alleged Debtor, shall, to the extent in their care, custody or control, provide the Examiner with their own set of financial documents pertaining to the Alleged Debtor, consisting of balance sheets, operating statements, cash flow statements, bank statements, statements of assets and liabilities, and other documents of similar nature.  The parties shall agree upon a reasonable procedure for submitting documentation to the Examiner if such documentation has not already been submitted in a state or federal court proceeding. All parties shall cooperate with the Examiner and respond to any request for information the Examiner may have within the scope of the inquiries under paragraph 2 and within a reasonable period of time.

3.      The Examiner may not commence billable work and incur expenses in these cases until there is a determination of how the Examiner will be compensated, unless such work and expense is undertaken at the Examiner's own risk of non-payment.

4.      The appointment of the Examiner will not impact or interfere with the following actions:  (i) *Little Rest Twelve, Inc. and Imedinvest, v. Visan, et al.*, Case No. 600676/2007 ("LR12 Litigation"), pending in the Supreme Court of the State of New York, County of New York; (ii) removal and motion to remand the LR12 Litigation, pending in the United States District Court, Southern District of New York, Case No. 1:11-cv-02306 (JGK); (iii) *Mutual Benefits Offshore Fund, Ltd. v. Emanuel Zeltser, et al.,* Index No. 650438/2009, pending before Justice Bernard J. Fried in the Supreme Court of the State of New York, County of New York, Commercial Division; or (iv) any other litigation with respect to which the automatic stay has been terminated.

5.     The Examiner shall make a preliminary report to the Court at a status conference to be held as soon as practicable on all the above issues.  The Examiner's findings and recommendations, including whether the Court should appoint a Chapter 11 Trustee, enter orders for relief, or dismiss the involuntary petitions, shall be considered by this Court at such status conference.

# # #

Submitted by:
Johanna P. Armengol
Trial Attorney
Office of the United States Trustee
51 S.W. First Avenue, Suite 1204
Miami, Florida  33130
Telephone (305) 536-7285
Facsimile  (305) 536-7360
johanna.armengol@usdoj.gov

xc:     Brett Amron, Esq.
        Chad Pugatch, Esq.
        Craig Pugatch, Esq.
        Patricia Redmond, Esq.
        **ALL CREDITORS AND PARTIES IN INTEREST (BY CLERK'S OFFICE)**

UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | CASE NO. 11-17047-BKC-AJC |
| FISHER ISLAND INVESTMENTS, INC., | CHAPTER 11 (INVOLUNTARY) |
| _____ Alleged Debtor. _____/ | |
| In re: | CASE NO. 11-17051-BKC-AJC |
| MUTUAL BENEFITS OFFSHORE FUND, LTD., | CHAPTER 11 (INVOLUNTARY) |
| _____ Alleged Debtor. _____/ | |
| In re: | CASE NO. 11-17061-BKC-AJC |
| LITTLE REST TWELVE, INC., | CHAPTER 11 (INVOLUNTARY) |
| _____ Alleged Debtor. _____/ | |

## APPOINTMENT OF CHAPTER 11 EXAMINER

Pursuant to the Order of this Court directing the United States Trustee to appoint a Chapter 11 Examiner, the United States Trustee hereby appoints the following person Chapter 11 Examiner:

James S. Feltman
Suite #1800
One Biscayne Tower
Miami, FL 33131
305-416-3344

This appointment is made the 25th day of April, 2011.

Donald F. Walton
United States Trustee, Region 21

Steven R. Turner, Esq.
Assistant U.S. Trustee
Office of the U.S. Trustee
51 S.W. 1st Avenue
Suite 1204
Miami, FL 33130
(305) 536-7285
(305) 536-7360 Fax

UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | CASE NO. 11-17047-BKC-AJC |
| FISHER ISLAND INVESTMENTS, INC., | CHAPTER 11 (INVOLUNTARY) |
|     Alleged Debtor. _____/ | |
| In re: | CASE NO. 11-17051-BKC-AJC |
| MUTUAL BENEFITS OFFSHORE FUND, LTD., | CHAPTER 11 (INVOLUNTARY) |
|     Alleged Debtor. _____/ | |
| In re: | CASE NO. 11-17061-BKC-AJC |
| LITTLE REST TWELVE, INC., | CHAPTER 11 (INVOLUNTARY) |
|     Alleged Debtor. _____/ | |

## UNITED STATES TRUSTEE'S APPLICATION FOR
## APPROVAL OF SELECTION OF APPOINTMENT OF CHAPTER 11 EXAMINER

The United States Trustee for Region 21, pursuant to FRBP 2007.1(b), moves this Court

to approve the United States Trustee's appointment of a Chapter 11 Examiner.

In support of approval, the United States Trustee states as follows:

1.    The United States Trustee has selected the following person for appointment as

Chapter 11 Examiner:

James S. Feltman
Suite #1800
One Biscayne Tower
Miami, Fl 33131
305-416-3344

2.    Prior to making the appointment, the United States Trustee, and/or his designee,

consulted with several parties in interest, including but not limited to, Chad Pugatch and Craig

Pugatch (Counselors for Petitioning Creditors); Brett M. Amron (Counsel for Alleged Debtors);

and Patricia Redmond (Counsel for Alleged Debtors).

3.      To the best of the United States Trustee's knowledge, the appointed Chapter 11

Examiner has the following connections with the debtor, creditors, other parties in interest, their

respective attorneys and accountants, the United States Trustee, and/or persons employed by the

United States Trustee:  NONE, except that the appointed Chapter 11 Examiner was previously

on the U.S. Trustee's panel of Chapter 7 Trustees and as may be disclosed on the Verified

Statement attached.

WHEREFORE, the United States Trustee moves the Court to approve the appointment of

the Chapter 11 Examiner, James S. Feltman.


Dated this 26th day of April, 2011


Donald F. Walton
United States Trustee
Region 21


_____/s/_____
Johanna P. Armengol
Trial Attorney
Office of the U.S. Trustee
51 S.W. 1st Avenue
Suite 1204
Miami, FL 33130
(305) 536-7285
(305) 536-7360 Fax
johanna.armengol@usdoj.gov

UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                         CASE NO. 11-17047-BKC-AJC

FISHER ISLAND INVESTMENTS, INC.,               CHAPTER 11 (INVOLUNTARY)
    Alleged Debtor.                                                    /

In re:                                         CASE NO. 11-17051-BKC-AJC

MUTUAL BENEFITS OFFSHORE FUND, LTD.,           CHAPTER          11
                                               (INVOLUNTARY)
    Alleged Debtor.                                                    /

In re:                                         CASE NO. 11-17061-BKC-AJC

LITTLE REST TWELVE, INC.,                      CHAPTER 11 (INVOLUNTARY)
    Alleged Debtor.                    /

**VERIFIED STATEMENT
TO ACCOMPANY UNITED STATES TRUSTEE'S
APPLICATION FOR APPROVAL OF APPOINTMENT OF CHAPTER 11 EXAMINER**

I, JAMES S. FELTMAN, the undersigned, hereby state the following under penalty of

perjury, 18 U.S.C. Section 1001, as a condition of my appointment as Chapter 11 Examiner by

the United States Trustee:

I have the following connections with the debtor, creditors, any other party in interest,

their respective attorneys and accountants, the United States Trustee for Region 21, and/or any

person employed in the Office of the United States Trustee:

NONE,[1] except that the appointed Chapter 11 Examiner was previously on the U.S. Trustee's

panel of Chapter 7 Trustees

Dated this _____ day of April, 2011.

_____
JAMES S. FELTMAN

[1] As a fiduciary, I have employed attorneys appearing on the Certificates of Service.
Also, as a fiduciary I employ L.J. Amron PA to provide accounting and financial services,
(wife of Brett Amron)



**ORDERED in the Southern District of Florida on April 27, 2011.**

_____
**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    CASE NO. 11-17047-BKC-AJC

FISHER ISLAND INVESTMENTS, INC.,                          CHAPTER 11 (INVOLUNTARY)
     Alleged Debtor.
_____/

In re:                                                    CASE NO. 11-17051-BKC-AJC

MUTUAL BENEFITS OFFSHORE FUND, LTD.,                      CHAPTER 11 (INVOLUNTARY)
     Alleged Debtor.
_____/

In re:                                                    CASE NO. 11-17061-BKC-AJC

LITTLE REST TWELVE, INC.,                                 CHAPTER 11 (INVOLUNTARY)
     Alleged Debtor.
_____/

**ORDER APPROVING SELECTION OF CHAPTER 11 EXAMINER**

     The United States Trustee, having advised this Court that James S. Feltman, Suite #1800,

One Biscayne Tower, Miami, FL 33131, 305-416-3344, has been selected for appointment by

the United States Trustee as the Chapter 11 Examiner in this case, and the Court having

reviewed and considered the United States Trustee's Application For Approval of Appointment

of Chapter 11 Examiner, it is:

**ORDERED** that, pursuant to 11 U.S.C. Section 1104(c), the appointment of Janes A.

Feltman as Chapter 11 Examiner is approved, and it is further:

**ORDERED** that the examiner shall have all the powers and duties set forth in 11 U.S.C.

Section 1106(b), and defined or set forth in this Court's Order Directing Appointment of Chapter

11 Examiner (**DE # 55**).

<div align="center">###</div>

Submitted by:

Johanna P. Armengol
Trial Attorney
Office of the U.S. Trustee
51 S.W. 1st Avenue
Suite 1204
Miami, FL 33130
(305) 536-7285
(305) 536-7360 Fax
johanna.armengol@usdoj.gov

ALL CREDITORS AND INTERESTED PARTIES **(BY CLERK'S OFFICE)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                          Case No. 11-17047-AJC

FISHER ISLAND INVESTMENTS, INC.,                Chapter 11 (Involuntary)

_____Alleged Debtor._____/

In re:                                          Case No. 11-17051-AJC

MUTUAL BENEFITS OFFSHORE FUND, LTD.,            Chapter 11 (Involuntary)

_____Alleged Debtor._____/

In re:                                          Case No. 11-17061-AJC

LITTLE REST TWELVE, INC.,                       Chapter 11 (Involuntary)

_____Alleged Debtor._____/

### EXAMINER'S APPLICATION FOR ENTRY OF *EX-PARTE* ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MESIROW FINANCIAL CONSULTING, LLC, AS FINANCIAL ADVISORS AND INVESTIGATORS FOR THE EXAMINER *NUNC PRO TUNC* TO MAY 11, 2011

James S. Feltman (the "**Examiner**"), the duly appointed examiner in the above-captioned

involuntary bankruptcy cases (the "**Chapter 11 Cases**") by the United States Trustee for Region

21 (the "**United States Trustee**"), pursuant to the Court's *Order Directing Appointment of*

*Chapter 11 Examiner*, entered April 19, 2011 [DE 55] (the "**Examiner Order**"), and whose

appointment was approved by this Court's *Order Approving Selection of Chapter 11 Examiner*

entered on April 27, 2011 [DE 64], hereby applies to the Court for entry an *ex-parte* order, the

proposed form of which is attached hereto as **Exhibit A**, authorizing the Examiner to retain and

employ Mesirow Financial Consulting, LLC ("**MFC**"), as financial advisors and investigators

for the Examiner in the Chapter 11 Cases, effective as of May 11, 2011 (the "**Application**"). In

support of the Application, the Examiner relies upon the Declaration of Paul Philip (the "**Philip Declaration**") attached hereto as **Exhibit B** and incorporated herein by reference, and respectfully represents as follows:

<div align="center">

**JURISDICTION, VENUE AND STATUTORY PREDICATE**

</div>

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1409. The statutory predicates for the relief requested herein are sections 105(a), 327 and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"). Accordingly, the relief herein is requested in accordance with the standards set forth in section 327 of the Bankruptcy Code, Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 2014-1 and 9013-1(c)(3). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

<div align="center">

**BACKGROUND**

</div>

2.      On March 17, 2011, Solby+Westbrae Partners ("**Solby**"), 19 SHC, Corp. ("**19 SHC**"), Ajna Brands, Inc. ("**Ajna**"), 601/1700 NBC, LLC ("**601/1700 NBC**"), Axafina, Inc. ("**Axafina**"), and Oxana Adler, LLM ("**Adler**") (collectively, the "**Petitioning Creditors**") filed Involuntary Chapter 11 Petitions against Fisher Island Investments, Inc. ("**Fisher Island**"), Mutual Benefits Offshore Fund, Ltd. ("**Mutual Benefits**"), and Little Rest Twelve, Inc. ("**Little Rest**") (collectively, the "**Alleged Debtors**").

3.      The Petitioning Creditors filed an *Ex Parte Motion for Joint Administration and Intra-District Transfer of Chapter 11 Cases* [DE 3] on March 18, 2011, and the Court entered an *Order Granting, in Part, and Denying, in Part, Motion for Joint Administration of Three Involuntary Chapter 11 Cases* [DE 28] (the "**Joint Administration Order**") on March 31, 2011.

<div align="center">2</div>

Pursuant to the Joint Administration Order, the Chapter 11 Cases are being jointly administered solely for the purpose of conducting one trial regarding the validity of the "Negotiable Promissory Note, the assignment of the Note and determination of who are the legitimate representatives and attorneys for the three alleged involuntary debtors." *See* Joint Administration Order, at p. 6.

4. This Court entered an *Order Directing Appointment of Chapter 11 Examiner* [DE 55] on April 19, 2011, setting forth, without limitation, the scope of the Examiner's responsibilities and duties in these Chapter 11 Cases:

a. investigating the ownership composition of the alleged Debtors, and investigating who are their actual and duly authorized representatives and attorneys;

b. examining the Promissory Notes and other documentation (including guarantees, Forbearance Agreements, and Demand Notices) upon which the petitioning creditors rely to allege their claims, the makers of such Promissory Notes, the makers' execution of the Promissory Notes, the payees thereof, and the overall propriety and authenticity of the Promissory Notes;

c. examining the Assignments of the Promissory Notes above, the parties to, and the execution thereof, and the overall propriety of the Assignments;

d. investigating the allegations contained in the Verified Motion For An Order Requiring Plaintiff to Show Cause Why the Complaint Should Not be Dismissed and For Sanctions Based on Fraud On the Court (DE 2 in the Adversary case styled *Fisher Island Investments, Inc. v. Andrew Baker, et al.*, Adversary Case No. 11-01886-AJC, civil action which was removed by the Plaintiff to this Court from the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida); and

e. examining the financial affairs and records, including but not limited to, bank statements of each of the alleged Debtors for the last six (6) months and examine their individual list of assets.

5. The United States Trustee filed a notice of appointment of examiner on April 25, 2011, appointing James S. Feltman as examiner in the Chapter 11 Cases, subject to further Court

*MIA 181,898,053 3*

approval [DE 60]. The United States Trustee filed an *Application for Approval of Selection of Appointment of Chapter 11 Examiner* on April 26, 2011, [DE 61], and the Court entered an *Order Approving Selection of Chapter 11 Examiner*, approving the selection of James S. Feltman as Examiner, on April 27, 2011 [DE 64].

<div align="center">

**RELIEF REQUESTED**

</div>

6. By this Application, the Examiner requests authorization to retain and employ MFC as its financial advisors and investigators in this Chapter 11 case. Specifically, the Examiner respectfully request entry of an order pursuant to sections 327(a) of the Bankruptcy Code authorizing MFC to perform those financial advisory and investigatory services that will be necessary during the Chapter 11.

7. By this Application, the Examiner requests entry of an order, pursuant to sections 105(a), 327 and 330 of the Bankruptcy Code, and in accordance with Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1, authorizing and approving the retention and employment of MFC as financial advisors and investigators *nunc pro tunc* as of May 11, 2011, to perform the financial advisory and investigatory services necessary for the Examiner to discharge his duties.[1] The Examiner requests that MFC be retained to perform the services described in this Application on the terms set forth herein.

<div align="center">

**BASIS FOR RELIEF**

</div>

**Selection of MFC**

8. The Examiner requires assistance in collecting and analyzing financial and other information relating to the Chapter 11 Cases. The Examiner has selected MFC as his financial advisors and investigators because of the firm's diverse experience and extensive knowledge in

---

[1] The Examiner seeks to retain MFC *nunc pro tunc* as of May 11, 2011 because that is the date on which MFC began its representation of the Examiner following the Examiner's appointment by the United States Trustee.

*MIA 181,898,053 3*

the field of bankruptcy. Specifically, MFC has considerable experience rendering financial advisory and investigative services in Chapter 11 cases. As such, the Examiner believes that MFC is qualified to perform the work required to aid the Examiner in these Chapter 11 Cases.

**Services to be Rendered by MFC**

9.     The Examiner anticipates that MFC may render, without limitation, the following services in these Chapter 11 Cases:

a)     Assist the Examiner in investigating the ownership composition of the Alleged Debtors, and investigate who is the actual and duly authorized representatives and attorneys;

b)     Assist the Examiner in reviewing and analyzing the Promissory Notes and other documentation including but not limited guarantees, Forbearance Agreements and Demand Notices;

c)     Assist the Examiner in reviewing and analyzing the Assignments of the Promissory Notes above, the parties to, and the execution thereof, and the overall propriety of the Assignments;

d)     Assist the Examiner in investigating the allegations contained in the Verified Motion For An Order Requiring Plaintiff To Show Cause Why The Complaint Should Not Be Dismissed and For Sanctions Based on Fraud On the Court (DE #2 in the Adversary case styled *Fisher Island Investments, Inc. v. Andrew Baker, et al.*, Adversary Case No. 11-01886-AJC, civil action which was removed by the Plaintiff to this Court from the Circuit Court of the 11th Judicial Circuit, in and for the Miami-Dade County, Florida);

e)     Assist the Examiner in reviewing and analyzing the financial affairs and records, including but not limited to, bank statements of each of the alleged Debtors for the last six (6) months and examine their individual list of assets; and

f)     Other such functions as requested by the Examiner and his counsel once retained.

In addition, MFC may retain other investigative professionals or independent contractors as may be necessary to provide the services set forth above and to assist the Examiner in executing his duties and responsibilities.

*MIA 181,898,053 3*

**Disinterestedness of MFC**

10.     To the best of the Examiner's knowledge and based upon the Philip Declaration, MFC is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

11.     To the best of the Examiner's knowledge and based upon the Philip Declaration, MFC does not hold or represent an interest adverse to the estates with respect to the matters on which MFC will be employed, in accordance with section 327 of the Bankruptcy Code.

**Compensation of MFC**

12.     MFC will maintain detailed, contemporaneous time records and will request reimbursement for actual and necessary expenses incurred in connection with rendering its services and intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

13.     MFC's requested compensation for professional services rendered to the Examiner will be based upon the hours actually expended by each assigned staff member at each staff member's hourly billing rate, except as noted below.   Subject to Court approval, the Examiner has agreed to compensate MFC for professional services rendered at its normal and customary hourly rates after allowance of a 10% discount.

14.     The current normal and customary hourly rates for the financial advisory and investigatory services to be rendered by MFC and applicable herein are as follows:

| Level | Hourly rates |
|---|---|
| Senior Managing Director, Managing Director and Director | $775-$825 |
| Senior Vice-President | $665-$725 |
| Vice President | $565-$625 |

| Senior Associate | $465-$525 |
| Associate | $285-$395 |
| Paraprofessional | $145-$240 |

The hourly rates set forth above are MFC's standard hourly rates for work of this nature. These rates are set at a level designed to compensate fairly MFC for the work of its members and employees and to cover fixed and routine overhead expenses. MFC's hourly rates are subject to periodic adjustment from time to time in accordance with the Firm's established billing practices and procedures.

15. In addition to the hourly rates set forth above, MFC will request, subject to the Court's approval, reimbursement for all actual out-of-pocket expenses incurred by MFC on the Examiner's behalf, such as photocopying services, delivery charges, filing fees, postage, travel expenses, computer research time and other disbursements, as set forth in the Philip Declaration. All requests for reimbursement of expenses will be consistent with the United States Trustee Fee Guidelines and the requirements established by this Court.

16. The Examiner submits that such rates are reasonable and should be approved by the Court subject to a determination of the amount to be paid to MFC in accordance with the rules and orders of the Court.

17. Based upon the foregoing, the Examiner respectfully represents that the employment of MFC is necessary and in the best interests of the estates, enabling the Examiner to carry out his fiduciary duties under the Bankruptcy Code and the Examiner Order. Accordingly, the Examiner respectfully submits that the relief requested in this Application is appropriate and should be granted by this Court.

18. MFC has not received a retainer or prepayment from the Examiner.

## *NUNC PRO TUNC* RELIEF REQUESTED

19. Pursuant to the Examiner's request and due to exigent circumstances, MFC commenced this engagement immediately and with assurances that the Examiner would seek approval of its employment *nunc pro tunc* to May 11, 2011.

20. Based upon the foregoing, the Examiner submits that cause exists to authorize the retention of MFC *nunc pro tunc* to May 11, 1011.

21. No previous request for the relief sought herein has been made by the Examiner to this or any other court.

WHEREFORE, the Examiner respectfully requests that the Court enter an Order, substantially in the form annexed hereto as Exhibit A authorizing the Examiner to retain MFC as financial advisors and investigators for the Examiner *nunc pro tunc* to May 11, 2011, and grant such other and further relief as is just and proper.

Dated: May 26, 2011          By: _____

JAMES S. FELTMAN, not individually, but in his sole capacity as Chapter 11 Examiner in the Chapter 11 Cases

Respectfully submitted,

GREENBERG TRAURIG, P.A.
*Proposed Attorneys for*
*James S. Feltman, Examiner*
333 Avenue of the Americas
Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By:/s/ *James P. S. Leshaw*
James P. S. Leshaw
Florida Bar No. 917745
Email: leshawj@gtlaw.com
Ari Newman
Florida Bar No. 56575
Email: newmarar@gtlaw.com

8

## CERTIFICATE OF SERVICE

I certify that on May ___, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Ari Newman
ARI NEWMAN

## SERVICE LIST

**Electronic Mail Notice List for**
**Case No. 11-17047-AJC, 11-17051-AJC and 11-17061-AJC**

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

- Brett M Amron    bamron@bastamron.com, jeder@bastamron.com,dquick@bastamron.com,kparrales@bastamron.com,rlubliner@bastamron.com,jmiranda@bastamron.com;mromero@bastamron.com
- Johanna Armengol    Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov
- Terrance A Dee    tdee@dlclegal.com, ddibello@dlclegal.com;flopez@dlclegal.com;chackney@dlclegal.com;dperry@dlclegal.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Craig A. Pugatch    capugatch.ecf@rprslaw.com
- Joseph L Rebak    jlr@tewlaw.com, jsk@tewlaw.com;np@tewlaw.com;eguzman@tewlaw.com
- Patricia A Redmond    predmond@stearnsweaver.com, jrivera@stearnsweaver.com;rross@stearnsweaver.com;mmesones-mori@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com
- George L. Zinkler    gzinkler.ecf@rprslaw.com
- Emanuel Zeltser    ez@russianlaw.org*

*11-17051-AJC and 11-17061-AJC only

MIA 181,898,053 3

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case (who therefore require manual notice/service).

19 SHC, Corp
c/o Joseph Paukman
1421 Sheepshead Bay Rd #186
Brooklyn, NY 11235-3813

601/1700 NBC LLC
100 SE 2 St #2610
Miami, FL 33131-2150

Ajna Brands, Inc
2510 Warren Ave
Cheyenne, WY 82001-3163

Axafina, Inc
2510 Warren Ave
Cheyenne, WY 82001-3163

Fisher Island Investments, Inc.
One Fisher Island Dr
Miami Beach, FL 33109-0001

Oxana Adler LLM
c/o Sternik & Zelster
119 W 72 St #229
New York, NY 10023-3201

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Wells Fargo Financial Leasing, Inc.
Wells Fargo Financial Leasing, Inc.
800 Walnut Street
MAC F4031-050
Des Moines, IA 50309-3605

Wells Fargo Financial Leasing, Inc.
800 Walnut Street
MAC F4031-050
Des Moines, IA 50309-3605

James S Feltman
One Biscayne Tower #1800
Miami, FL 33131-1830

American InfoSource LP as agent for
T Mobile/T-Mobile USA Inc
PO Box 248848
Oklahoma City, OK 73124-8848

Little Rest Twelve, Inc.
2413 Fisher Island Dr
Miami Beach, FL 33109-0104

Martin P Russo
120 Wall St, 11 Fl
New York, NY 10005-3904

Marlen Kruzhkov
120 Wall St, 11 Fl
New York, NY 10005-3904

11

MIA 181,898,053 3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                    Case No. 11-17047-AJC

FISHER ISLAND INVESTMENTS, INC.,                          Chapter 11 (Involuntary)

_____ Alleged Debtor. _____/

In re:                                                    Case No. 11-17051-AJC

MUTUAL BENEFITS OFFSHORE FUND, LTD.,                      Chapter 11 (Involuntary)

_____ Alleged Debtor. _____/

In re:                                                    Case No. 11-17061-AJC

LITTLE REST TWELVE, INC.,                                 Chapter 11 (Involuntary)

_____ Alleged Debtor. _____/

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT**
**OF MESIROW FINANCIAL CONSULTING, LLC, AS FINANCIAL**
**ADVISORS AND INVESTIGATORS TO THE CHAPTER 11**
**EXAMINER *NUNC PRO TUNC* TO MAY 11, 2011**

This matter came before the Court upon the *Examiner's Application for Entry of Order Authorizing the Retention and Employment of Mesirow Financial Consulting, LLC, as Financial Advisors and Investigators for the Examiner nunc pro tunc to May 11, 2011* [DE ___] (the "**Application**") filed by James S. Feltman (the "**Examiner**"), and upon the Declaration of Paul Philip (the "**Philip Declaration**") in support of the Application; and the Court being satisfied, based upon the representations made in the Application and the Philip Declaration, that (a) except as otherwise set forth in the Philip Declaration, Mesirow Financial Consulting, LLC, represent no interest adverse to the Alleged Debtors' estates or their creditors with respect to the matters upon which they are to be engaged, (b) Mesirow Financial Consulting, LLC, are "disinterested persons" as that term is defined under section 101(14) of the Bankruptcy Code, (c) Mesirow Financial Consulting, LLC's, employment is necessary and in the best interests of the Alleged Debtors' estates and their creditors; (d) proper and adequate notice has been given in accordance with Bankruptcy Rule 2002, and (e) no other or further notice is necessary; and good and sufficient cause appearing therefore, it is

**ORDERED**:

1. The Application is GRANTED and approved in all respects.

2. The Examiner is authorized to employ Mesirow Financial Consulting, LLC, as financial advisors and investigators, in accordance with the Application *nunc pro tunc* to May 11, 2011 to perform the services set forth in the Application.

3. Mesirow Financial Consulting, LLC, is authorized to retain other investigative professionals or independent contractors as may be necessary to provide the services set forth in the Application and to assist the Examiner in executing his duties and responsibilities.

4.    Mesirow Financial Consulting, LLC, shall be compensated for its services and reimbursed for any related expenses, which are to be determined pursuant to standards equivalent to those set forth in 11 U.S.C. §§ 327, 330 and 331, upon the filing of the appropriate applications for allowance of interim and final compensation in accordance with the procedures established in these cases, and any further order of the Court.

5.    This Court shall have exclusive jurisdiction with respect to any claim or controversy arising from or related to the implementation of this Order.

###

**Submitted By:**

James P.S. Leshaw, Esq.
Greenberg Traurig, P.A.
*Proposed Attorneys for*
*James S. Feltman, Examiner*
333 Avenue of the Americas
Suite 4400
Miami, Florida 33131
Telephone: 305-579-0500
Facsimile: 305-579-0717
Email: leshawj@gtlaw.com

*(Attorney Leshaw is directed to serve a conformed copy of this Order upon all parties entitled to service and to file with the Court a Certificate of Service).*

MIA 181,898,556 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                              Case No. 11-17047-AJC

FISHER ISLAND INVESTMENTS, INC.,                    Chapter 11 (Involuntary)

_____ Alleged Debtor. _____/

In re:                                              Case No. 11-17051-AJC

MUTUAL BENEFITS OFFSHORE FUND, LTD.,                Chapter 11 (Involuntary)

_____ Alleged Debtor. _____/

In re:                                              Case No. 11-17061-AJC

LITTLE REST TWELVE, INC.,                           Chapter 11 (Involuntary)

_____ Alleged Debtor. _____/

**DECLARATION OF PAUL PHILIP IN SUPPORT OF EXAMINER'S
APPLICATION FOR ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF MESIROW FINANCIAL CONSULTING, LLC AS
FINANCIAL ADVISORS AND INVESTIGATORS TO THE EXAMINER
FOR THE EXAMINER *NUNC PRO TUNC* AS OF MAY 11, 2011**

I, Paul Philip, being duly sworn, depose and say:

1.      I am a Managing Director of Mesirow Financial Consulting, LLC ("**MFC**"), a

professional services firm engaged in the business of providing financial advisory and related

professional consulting services.  MFC is a wholly-owned subsidiary of Mesirow Financial

Holdings, Inc., a diversified financial services firm which also offers investment management

services, insurance services, investment services, investment banking and real estate services

(collectively "**Mesirow Financial**").

2.       I submit this declaration on behalf of MFC in connection with the Application (the "**Application**")[1] of James S. Feltman (the "**Examiner**"), the duly appointed examiner appointed in the above-captioned involuntary bankruptcy cases (the "**Chapter 11 Cases**") by the United States Trustee for Region 21 (the "**United States Trustee**") pursuant to the Court's *Order Directing Appointment of Chapter 11 Examiner*, entered April 19, 2011 [DE 55] (the "**Examiner Order**"), and whose appointment was approved by this Court's *Order Approving Selection of Chapter 11 Examiner* entered on April 27, 2011 [DE 64], to employ Mesirow Financial Consulting, LLC, as financial advisors and investigators to the Examiner in the Chapter 11 Cases *nunc pro tunc* as of May 11, 2011. This Declaration is intended to provide the disclosures required under Bankruptcy Code Section 327(a), Federal Rule of Bankruptcy Procedure 2014(a) and the Local Rules of this Court. Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto. I have personal knowledge of the matters set forth herein, and if called as a witness, would testify competently thereto.[2]

## QUALIFICATIONS OF PROFESSIONALS

3.       MFC is a firm offering financial advisory services to financially distressed and troubled companies. The Examiner has selected MFC as his financial advisors and investigators because of the firm's diverse experience and extensive knowledge in the field of bankruptcy.

4.       The Examiner requires assistance in collecting and analyzing financial and other information relating to the Chapter 11 Cases. MFC has considerable experience rendering

---

[1] Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the Application.

[2] Certain of the disclosures herein relate to matters within the knowledge of other professionals at MFC.

financial advisory and investigative services Chapter 11 cases. As such, MFC is qualified to perform the work required to aid the Examiner in these Chapter 11 Cases

## SERVICES TO BE RENDERED

5. The Examiner anticipates that MFC may render, without limitation, the following services in this cases:

      (a)    Assist the Examiner in investigating the ownership composition of the alleged Debtor, and investigate who is the actual and duly authorized representatives and attorneys;

      (b)    Assist the Examiner in reviewing and analyzing the Promissory Notes and other documentation including but not limited guarantees, Forbearance Agreements and Demand Notices;

      (c)    Assist the Examiner in reviewing and analyzing the Assignments of the Promissory Notes above, the parties to, and the execution thereof, and the overall propriety of the Assignments;

      (d)    Assist the Examiner in investigating the allegations contained in the Verified Motion For An Order Requiring Plaintiff To Show Cause Why The Complaint Should Not Be Dismissed and For Sanctions Based on Fraud On the Court (DE #2 in the Adversary case styled *Fisher Island Investments, Inc. v. Andrew Baker, et al.,* Adversary Case No. 11-01886-AJC, civil action which was removed by the Plaintiff to this Court from the Circuit Court of the 11th Judicial Circuit, in and for the Miami-Dade County, Florida);

      (e)    Assist the Examiner in reviewing and analyzing the financial affairs and records, including but not limited to, bank statements of each of the alleged Debtors for the last six (6) months and examine their individual list of assets; and

      (f)    Other such functions as requested by the Examiner and his counsel once retained.

6. MFC may also retain other investigative professionals or independent contractors as may be necessary to provide the services set forth above and to assist the Examiner in executing his duties and responsibilities.

7.     Subject to this Court's approval of the Application, MFC is willing to serve as the Examiner's financial advisors and investigators and to perform the services described above.

## DISINTERESTEDNESS OF PROFESSIONALS

8.     Based upon information supplied by the Examiner, MFC searched its records and certain records of Mesirow Financial[3] to identify any connection or relationship with the following entities:

      (a)     The Alleged Debtors and their Affiliates;

      (b)     The Petitioning Creditors;

      (c)     Proposed Counsel to the Alleged Debtors;

      (d)     Counsel to the Petitioning Creditors; and

      (e)     All Creditors

The names provided to MFC by the Examiner are set forth in **Exhibit A** attached hereto.

9.     James S. Feltman, Examiner, is a Senior Managing Director at MFC and will not be a billing professional in connection with this representation. All fees and expenses awarded to the Examiner in this case will be paid to MFC.

10.     As a fiduciary in other proceedings, the Examiner

      (a)     has employed attorneys appearing on the Certificate of Service in unrelated matters; and

---

[3] MFC does not intend to suggest that Bankruptcy Rule 2014 requires that a professional seeking retention under the Bankruptcy Code must disclose any connections that an **affiliate** of the professional may have to the creditors or other parties-in-interest in the bankruptcy case. Rather, out of an abundance of caution, MFC has searched certain portions of Mesirow Financial's database and made appropriate disclosures of relationships, with the exception of those relationships described in the section titled "Ethical Wall and Trading Wall Procedures."

      (b)     employs Lauren J. Amron to provide accounting and financial services; Ms. Amron is the wife of Brett Amron of Bast Amron, LLP (proposed counsel to the Alleged Debtors).

11.     In addition, MFC has worked with and has mutual client relationships with the following:

      (a)     Tew Cardenas LLP (proposed counsel to the Alleged Debtors).

      (b)     Stearns Weaver Miller Weissler Alahadeff & Sitterson, P.A. (proposed counsel to the Alleged Debtors).

      (c)     Rice Pugatch Robinson and Schiller, P.A. ("RPRS") (counsel to the Petitioning Creditors). In addition, RPRS currently represents MFC in an unrelated matter.

12.     MFC has represented, currently represents or may in the future represent clients, and employees or members of MFC may now, may have in the past or in the future may, live on Fisher Island, own real property on Fisher Island, or be members of the Fisher Island Club.

13.     Based upon the database search described above and as otherwise described herein, MFC does not represent any other entity having an adverse interest in connection with these cases, and does not hold or represent an interest adverse to the interests of the estates with respect to the matter on which MFC will be employed, in accordance with section 327 of the Bankruptcy Code.

14.     MFC is a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code, given that, to the best of my information and belief, MFC:

      (a)     is not a creditor, an equity security holder, or an insider of the Alleged Debtors;

(b)     is not and was not, within two years before the commencement of these Chapter 11 cases, a director, officer or employee of the Alleged Debtors; and

(c)     does not have an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Alleged Debtors or for any other reason.

15.     To the best of my knowledge, except as set forth herein and in **Exhibit B** attached hereto and incorporated herein by reference and subject to the limitations discussed herein, (a) MFC has no connections with the Alleged Debtor, creditors, and any other party-in-interest, or their respective attorneys and accountants; and (b) the MFC professionals working on this matter are not relatives of the United States Trustee for Region 21 or of any known employee in the office thereof, or any United States Bankruptcy Judge of the Southern District of Florida.

16.     MFC, and in some cases Mesirow Financial, has in the past been retained by, and presently and likely in the future will provide services for, certain creditors of the Alleged Debtors, other parties-in-interest, and their respective attorneys and accountants in matters unrelated to such parties' claims against the Alleged Debtors or interests in these Chapter 11 cases. MFC currently performs or has previously performed such services for the entities listed in **Exhibit B**.

17.     As part of its practice, MFC appears in many cases, proceedings, and transactions involving many different law firms, financial consultants, and investment bankers in matters unrelated to this bankruptcy. MFC has not identified any material relationships or connections with any law firm, financial consultant or investment banker involved in the Chapter 11 Cases that would cause it to be adverse to the Alleged Debtors, the Alleged Debtors' estate, any

creditor or any other party-in-interest, or that would otherwise affect MFC's judgment or ability to perform services for the Examiner.[4]

18.     MFC has not provided, and will not provide, any professional services to any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to these Chapter 11 cases.

19.     Prior to the Petition Date, MFC did not receive any payments from the Alleged Debtors and is not a prepetition creditor of any of the Alleged Debtors.

## ETHICAL WALL AND TRADING WALL PROCEDURES

20.     Mesirow Financial has established an "Ethical Wall" between MFC and the other subsidiaries, divisions and units of Mesirow Financial. The Ethical Wall prohibits MFC from sharing confidential or non-public information concerning the Alleged Debtors and these Chapter 11 Cases with any other employees of Mesirow Financial. Likewise, the Ethical Wall prohibits any employees of Mesirow Financial from sharing confidential or non-public information concerning the Alleged Debtors and these Chapter 11 Cases with any employee of MFC. Mesirow Financial and MFC have informed all employees of the Ethical Wall procedures.

21.     In addition to the Ethical Wall, Mesirow Financial has also established a "Trading Wall." In the ordinary course of business, Mesirow Financial, Inc. ("**MFI**"), Mesirow Financial's affiliated broker-dealer, may purchase or sell securities on a principal or agency basis. MFI also executes securities transactions on behalf of clients of introducing broker-

---

[4] From time to time, MFC and Mesirow Financial hire attorneys in the ordinary course of their business. No firm has been retained regarding any issues in these Chapter 11 Cases.

dealers or unaffiliated investment advisors.[5] In the ordinary course of business, Mesirow Financial's affiliated investment advisor subsidiaries, together with MFI (collectively, the "**Mesirow BD/IA Subsidiaries**"), may purchase securities, sell securities and/or provide investment advice to retail or institutional clients on a non-discretionary or discretionary basis. The securities transacted by the Mesirow BD/IA Subsidiaries may include securities issued by the Alleged Debtors, creditors, stakeholders or other parties-in-interest in these Chapter 11 Cases ("**Related Securities**").

22.    Mesirow Financial has implemented certain "Trading Wall" procedures to ensure that information concerning transactions by the Mesirow BD/IA Subsidiaries in Related Securities, as well as other securities transactions by the Mesirow BD/IA Subsidiaries, will not be available to the employees of MFC. These Trading Wall procedures also permit the Mesirow BD/IA Subsidiaries to act in the best interest of their clients and in accordance with securities laws. The Mesirow BD/IA Subsidiaries are operated as separate and distinct subsidiaries from MFC. Mesirow Financial has informed the employees of the Mesirow BD/IA Subsidiaries and MFC of the Trading Wall procedures.

## PROFESSIONAL COMPENSATION

23.    MFC will maintain detailed, contemporaneous time records and will request reimbursement for actual and necessary expenses incurred in connection with rendering its services and intends to apply to the Court for payment of compensation and reimbursement of

---

[5]  MFI provides clearing services for introducing broker-dealers as well as custodial and execution services for unaffiliated investment advisors. In connection with these services, all investment decisions occur between the introducing broker-dealer and unaffiliated investment advisor and their respective clients.

expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

24. MFC's requested compensation for professional services rendered to the Examiner will be based upon the hours actually expended by each assigned staff member at each staff member's hourly billing rate except as noted below. Subject to Court approval, the Examiner has agreed to compensate MFC for professional services rendered at its normal and customary hourly rates after allowance of a 10% discount.

25. The current normal and customary hourly rates for the services to be rendered by MFC are as follows:

| Level | Hourly rates |
| --- | --- |
| Senior Managing Director, Managing Director and Director | $775-$825 |
| Senior Vice-President | $665-$725 |
| Vice President | $565-$625 |
| Senior Associate | $465-$525 |
| Associate | $285-$395 |
| Paraprofessional | $145-$240 |

26. The hourly rates set forth above are MFC's standard hourly rates for work of this nature. These rates are set at a level designed to compensate fairly MFC for the work of its members and employees and to cover fixed and routine overhead expenses. MFC's hourly rates are subject to periodic adjustment from time to time in accordance with the Firm's established billing practices and procedures.

27. In addition to the hourly rates set forth above, MFC will request, subject to the Court's approval, reimbursement for all actual out-of-pocket expenses incurred by MFC on the Examiner's behalf, such as photocopying services, delivery charges, filing fees, postage, travel expenses, computer research time and other disbursements. All requests for reimbursement of

expenses will be consistent with the United States Trustee Fee Guidelines and the requirements established by this Court.

28.     MFC submits that such rates are reasonable and should be approved by the Court subject to a determination of the amount to be paid to MFC in accordance with the rules and orders of the Court.

29.     MFC has not received a retainer from the Examiner.

30.     In accordance with section 504 of the Bankruptcy Code, I hereby state that there is no agreement or understanding between MFC and any other entity for the sharing of compensation received or to be received for services rendered in connection with these cases.

31.     I have read the Application and, to the best of my knowledge, affirm all factual statements made therein as true, accurate and correct.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Paul Philip, Managing Director
Mesirow Financial Consulting, LLC
One Biscayne Tower
2 South Biscayne Blvd.
Suite 1800
Miami, FL, 33131

10

## EXHIBIT A

This information is being provided in connection with the Affidavit of Paul Philip in support of the Application for Order Authorizing the Retention and Employment of Mesirow Financial Consulting, LLC as Financial Advisors and Investigators to the Examiner. The following names were compared to MFC's client database and certain records in Mesirow Financial's client database to identify any connection or relationship:

The Examiner, the Alleged Debtors and Affiliates

Petitioning Creditors

Proposed Counsel to the Alleged Debtors

Petitioning Creditors' Counsel

All (known) Creditors

## EXHIBIT B

This information is being provided in connection with the Affidavit of Paul Philip in support of the Application for Order Authorizing the Retention and Employment of Mesirow Financial Consulting, LLC as Financial Advisors and Investigators to the Examiner. MFC or Mesirow Financial have or had business relationships with, currently render or have previously rendered services in matters unrelated to these Chapter 11 cases for the following entities:

The Examiner, the Alleged Debtor and Affiliates
James S. Feltman

Proposed Debtors Counsel
Stearns Weaver Miller Weissler Alhadeff & Sitterson PA
Tew Cardenas LLP

Petitioning Creditors' Counsel
Rice Pugatch Robinson & Schiller PA

MIA 181,898,421 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 11-17047-AJC |
| FISHER ISLAND INVESTMENTS, INC., | Chapter 11 (Involuntary) |
| _____Alleged Debtor._____/ | |
| In re: | Case No. 11-17051-AJC |
| MUTUAL BENEFITS OFFSHORE FUND, LTD., | Chapter 11 (Involuntary) |
| _____Alleged Debtor._____/ | |
| In re: | Case No. 11-17061-AJC |
| LITTLE REST TWELVE, INC., | Chapter 11 (Involuntary) |
| _____Alleged Debtor._____/ | |

**EXAMINER'S APPLICATION FOR ENTRY OF *EX-PARTE***
**ORDER AUTHORIZING THE RETENTION  AND EMPLOYMENT**
**OF GREENBERG TRAURIG, P.A. AS COUNSEL FOR THE**
**EXAMINER *NUNC PRO TUNC* AS OF MAY 20, 2011**

James S. Feltman (the "**Examiner**"), the duly appointed examiner appointed in the above-captioned involuntary bankruptcy cases (the "**Chapter 11 Cases**") by the United States Trustee for Region 21 (the "**United States Trustee**"), pursuant to the Court's *Order Directing Appointment of Chapter 11 Examiner*, entered April 19, 2011 [DE 55] (the "**Examiner Order**"), and whose appointment was approved by this Court's *Order Approving Selection of Chapter 11 Examiner* entered on April 27, 2011 [DE 64], hereby applies to the Court for entry of an *ex-parte* order, the proposed form of which is attached hereto as **Exhibit A**, authorizing the Examiner to retain and employ Greenberg

Traurig, P.A. ("**Greenberg Traurig**"), as counsel for the Examiner in the Chapter 11 Cases, effective as of May 20, 2011 (the "**Application**"). In support of the Application, the Examiner relies upon the Declaration of James P.S. Leshaw (the "**Leshaw Declaration**") attached hereto as **Exhibit B** and incorporated herein by reference, and respectfully represents as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1409. The statutory predicates for the relief requested herein are sections 105(a), 327 and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "**Bankruptcy Code**"). Accordingly, the relief herein is requested in accordance with the standards set forth in section 327 of the Bankruptcy Code, Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 2014-1 and 9013-1(c)(3). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## BACKGROUND

2.      On March 17, 2011, Solby+Westbrae Partners ("**Solby**"), 19 SHC, Corp. ("**19 SHC**"), Ajna Brands, Inc. ("**Ajna**"), 601/1700 NBC, LLC ("**601/1700 NBC**"), Axafina, Inc. ("**Axafina**"), and Oxana Adler, LLM ("**Adler**") (collectively, the "**Petitioning Creditors**") filed Involuntary Chapter 11 Petitions against Fisher Island Investments, Inc. ("**Fisher Island**"), Mutual Benefits Offshore Fund, Ltd. ("**Mutual Benefits**"), and Little Rest Twelve, Inc. ("**Little Rest**") (collectively, the "**Alleged Debtors**").

2

3.      The Petitioning Creditors filed an *Ex Parte Motion for Joint Administration and Intra-District Transfer of Chapter 11 Cases* [DE 3] on March 18, 2011, and the Court entered an *Order Granting, in Part, and Denying, in Part, Motion for Joint Administration of Three Involuntary Chapter 11 Cases* [DE 28] (the "**Joint Administration Order**") on March 31, 2011. Pursuant to the Joint Administration Order, the Chapter 11 Cases are being jointly administered solely for the purpose of conducting one trial regarding the validity of the "Negotiable Promissory Note, the assignment of the Note and determination of who are the legitimate representatives and attorneys for the three alleged involuntary debtors." *See* Joint Administration Order, at p. 6.

4.      This Court entered an *Order Directing Appointment of Chapter 11 Examiner* [DE 55] on April 19, 2011, setting forth, without limitation, the scope of the Examiner's responsibilities and duties in these Chapter 11 Cases:

a.      investigating the ownership composition of the alleged Debtors, and investigating who are their actual and duly authorized representatives and attorneys;

b.      examining the Promissory Notes and other documentation (including guarantees, Forbearance Agreements, and Demand Notices) upon which the petitioning creditors rely to allege their claims, the makers of such Promissory Notes, the makers' execution of the Promissory Notes, the payees thereof, and the overall propriety and authenticity of the Promissory Notes;

c.      examining the Assignments of the Promissory Notes above, the parties to, and the execution thereof, and the overall propriety of the Assignments;

d.      investigating the allegations contained in the Verified Motion For An Order Requiring Plaintiff to Show Cause Why the Complaint Should Not be Dismissed and For Sanctions Based on Fraud On the Court (DE 2 in the Adversary case styled *Fisher Island Investments, Inc. v. Andrew Baker, et al.*, Adversary Case No. 11-

3

01886-AJC, civil action which was removed by the Plaintiff to this Court from the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida); and

e.    examining the financial affairs and records, including but not limited to, bank statements of each of the alleged Debtors for the last six (6) months and examine their individual list of assets.

5.    The United States Trustee filed a notice of appointment of examiner on April 25, 2011, appointing James S. Feltman as examiner in the Chapter 11 Cases, subject to further Court approval [DE 60]. The United States Trustee filed an *Application for Approval of Selection of Appointment of Chapter 11 Examiner* on April 26, 2011, [DE 61], and the Court entered an *Order Approving Selection of Chapter 11 Examiner*, approving the selection of James S. Feltman as Examiner, on April 27, 2011 [DE 64].

## RELIEF REQUESTED

6.    By this Application, the Examiner requests entry of an order, pursuant to sections 105(a), 327 and 330 of the Bankruptcy Code, and in accordance with Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1, authorizing and approving the retention and employment of Greenberg Traurig as counsel *nunc pro tunc* as of May 20, 2011, to perform the legal services that are necessary for the Examiner to discharge his duties.[1] The Examiner requests that Greenberg Traurig be retained as counsel to perform the services described in this Application on the terms set forth herein.

---

[1] The Examiner seeks to retain Greenberg Traurig *nunc pro tunc* as of May 20, 2011 because that is the date on which Greenberg Traurig began its representation of the Examiner following the Examiner's appointment by the United States Trustee.

## BASIS FOR RELIEF

### Selection of Greenberg Traurig

7.      The Examiner seeks the appointment of Greenberg Traurig to represent him and perform services for him in connection with carrying out his fiduciary duties and responsibilities under the Bankruptcy Code, consistent with section 1106 of the Bankruptcy Code and other provisions of the Bankruptcy Code because of Greenberg Traurig's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.   The Examiner has also selected Greenberg Traurig because of its experience and knowledge practicing before this Court, its proximity to the Court, its ability to respond quickly to emergency matters in the Court, and its wide depth of experience.   The Examiner believes that Greenberg Traurig is well-qualified to represent him in the Chapter 11 Cases in an efficient, timely and effective manner.

### Services to be Provided by Greenberg Traurig

8.      The employment by the Examiner of Greenberg Traurig is necessary to assist the Examiner in faithfully executing his duties pursuant to Section 1106(a) of the Bankruptcy Code to render, without limitation, the following services as directed by the Examiner:

       a.      taking all necessary actions to assist and advise the Examiner with respect to his retention and the retention of other professionals to be retained by the Examiner and the discharge of his duties and responsibilities under the Examiner Order and the Bankruptcy Code in the Chapter 11 Cases;

       b.      assisting the Examiner in preparing pleadings and applications as may be necessary in the discharge of the Examiner's duties;

c. representing the Examiner at all hearings and other proceedings before this Court, any appellate courts, and the United States Trustee; and advocating and protecting the interests of the Examiner before such courts and the United States Trustee;

d. representing the Examiner in any dealings he may have with various governmental and regulatory authorities;

e. representing the Examiner in any dealings he may have with the Alleged Debtors, general creditors or any third party concerning matters related to the Alleged Debtors' estates;

f. assisting the Examiner in preparing his work plan and budget;

g. assisting the Examiner in retaining and directing the work of forensic accountants and investigative personnel;

h. assisting with interviews and examinations in connection with the Investigation;

i. assisting the Examiner in preparing his report; and

j. performing all other necessary legal services and providing all other necessary legal advice to the Examiner in connection with the Chapter 11 Cases including assisting the Examiner in undertaking additional tasks that the Court may direct.

9. Greenberg Traurig will work with any other professionals engaged by the Examiner to avoid duplication of effort and to move the investigation forward as quickly, harmoniously and efficiently as possible.

**Disclosures of Greenberg Traurig**

10. As set forth in greater detail in the Leshaw Declaration, Greenberg Traurig has conducted a conflicts search of the names set forth on Exhibit 1 to the Leshaw Declaration, which include names of (a) the Alleged Debtors; (b) the Alleged Debtors' known affiliates; (c) the Alleged Debtors' purported equity holders; (d) the

Alleged Debtors' officers and directors; (e) the Alleged Debtors' creditors; (f) the Alleged Debtors' counsel; (g) the Petitioning Creditors' counsel; (h) the Examiner and his professionals; and (i) to the extent known, certain significant parties in interest in the Chapter 11 Cases (the "**Identified Parties**").  Greenberg Traurig chose the Identified Parties from names given to it by the Examiner and from its review of the bankruptcy schedules and other pleadings filed in the Chapter 11 Cases.  The scope of that conflict search is set out on Exhibit 1 to the Leshaw Declaration and the results of the conflicts search are set forth on Exhibit 2 to the Leshaw Declaration.  Based on the results of that conflicts search, Greenberg Traurig has informed the Examiner that, as set forth in more detail in the Leshaw Declaration and subject to any explanations and/or exceptions contained therein, Greenberg Traurig its members and attorneys:

> a.  are not creditors, equity security holders, or insiders of any of the Alleged Debtors;
>
> b.  are not, and were not, within 2 years before the date of the filing of the petitions by any of the Alleged Debtors, a director, officer, or employee of any of the Alleged Debtors; and
>
> c.  do not have an interest materially adverse to the interest of the estate or any of the class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the debtor, or for any other reason.

11.  Based upon the foregoing, the Examiner respectfully represents that Greenberg Traurig, its members and attorneys do not have an interest materially adverse to the interest of the estate of any of the Alleged Debtors, or of any class of creditors or equity security holders of any of the Alleged Debtors; and that Greenberg Traurig, its members and attorneys are "disinterested persons" as that term is defined in section

101(14) of the Bankruptcy Code. The Examiner also respectfully represents that Greenberg Traurig, its members and attorneys do not hold or represent an interest adverse to the estate of any of the Alleged Debtors. The proposed employment of Greenberg Traurig is not prohibited by or improper under Rule 5002 of the Bankruptcy Rules.

12.     Greenberg Traurig has informed the Examiner that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, Greenberg Traurig will supplement its disclosure to the Court.

13.     Greenberg Traurig has informed the Examiner that, as required by Section 504 of the Bankruptcy Code, it has not agreed, and will not agree to share any compensation or reimbursement received in connection with these Chapter 11 Cases with any entity other than its members or attorneys.

**Compensation of Greenberg Traurig**

14.     Greenberg Traurig will maintain detailed, contemporaneous time records and will request reimbursement for actual and necessary expenses incurred in connection with rendering its services and intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

15.     The current rates applicable to the principal attorneys and paralegals proposed to represent the Examiner are:

|  |  |
|---|---|
| James P.S. Leshaw | $725.00 per hour |
| Ari Newman | $315.00 per hour |

Maribel R. Fontanez     $205.00 per hour

Other attorneys and paralegals may render services to the Examiner as needed. Generally, Greenberg Traurig's hourly rates are in the following ranges:

| Title | Rate per Hour |
|-------|---------------|
| Shareholders | $355.00 - $1,100.00 |
| Associates | $150.00 - $675.00 |
| Paralegals | $40.00 - $310.00 |

The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to compensate fairly the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Greenberg Traurig's hourly rates are subject to periodic adjustment from time to time in accordance with the Firm's established billing practices and procedures.

16.     In addition to the hourly rates set forth above, Greenberg Traurig will request, subject to the Court's approval, reimbursement for all actual out-of-pocket expenses incurred by Greenberg Traurig on the Examiner's behalf, such as photocopying services, delivery charges, filing fees, postage, travel expenses, computer research time and other disbursements, as set forth in the Leshaw Declaration. All requests for reimbursement of expenses will be consistent with the United States Trustee Fee Guidelines and the requirements established by this Court.

17.     The Examiner submits that such rates are reasonable and should be approved by the Court subject to a determination of the amount to be paid to Greenberg Traurig in accordance with the rules and orders of the Court.

18.     Based upon the foregoing, the Examiner respectfully represents that the employment of Greenberg Traurig is necessary and in the best interests of the estates, enabling the Examiner to carry out his fiduciary duties under the Bankruptcy Code and the Examiner Order.  Accordingly, the Examiner respectfully submits that the relief requested in this Application is appropriate and should be granted by this Court.

19.     Greenberg Traurig has not received a retainer or prepayment from the Examiner.

### *NUNC PRO TUNC* RELIEF REQUESTED

20.     Pursuant to the Examiner's request and due to exigent circumstances, Greenberg Traurig commenced this engagement immediately and with assurances that the Examiner would seek approval of its employment *nunc pro tunc* to May 20, 2011.

21.     Based upon the foregoing, the Examiner submits that cause exists to authorize the retention of Greenberg Traurig *nunc pro tunc* to May 20, 1011.

22.     No previous request for the relief sought herein has been made by the Examiner to this or any other court.

WHEREFORE, the Examiner respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit A, authorizing the Examiner to retain Greenberg Traurig as counsel for the Examiner *nunc pro tunc* to May 20, 2011; and grant such other and further relief as is just and proper.

Dated: May 26, 2011

By: _____
JAMES S. FELTMAN, not individually,
but in his sole capacity as Chapter 11
Examiner in the Chapter 11 Cases

Respectfully submitted,

GREENBERG TRAURIG, P.A.
*Proposed Attorneys for*
*James S. Feltman, Examiner*
333 Avenue of the Americas
Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By:/s/ *James P. S. Leshaw*_____
James P. S. Leshaw
Florida Bar No. 917745
Email: leshawj@gtlaw.com
Ari Newman
Florida Bar No. 56575
Email: newmarar@gtlaw.com

## CERTIFICATE OF SERVICE

I certify that on June 2, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Ari Newman
ARI NEWMAN

## SERVICE LIST

**Electronic Mail Notice List for
Case No. 11-17047-AJC, 11-17051-AJC and 11-17061-AJC**

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

- Brett M Amron      bamron@bastamron.com, jeder@bastamron.com,dquick@bastamron.com,kparrales@bastamron.com,rlubliner@bastamron.com,jmiranda@bastamron.com;mromero@bastamron.com
- Johanna Armengol      Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov
- Terrance A Dee      tdee@dlclegal.com, ddibello@dlclegal.com;flopez@dlclegal.com;chackney@dlclegal.com;dperry@dlclegal.com
- Office of the US Trustee      USTPRegion21.MM.ECF@usdoj.gov
- Craig A. Pugatch      capugatch.ecf@rprslaw.com
- Joseph L Rebak      jlr@tewlaw.com, jsk@tewlaw.com;np@tewlaw.com;eguzman@tewlaw.com
- Patricia A Redmond      predmond@stearnsweaver.com, jrivera@stearnsweaver.com;rross@stearnsweaver.com;mmesones-mori@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com
- George L. Zinkler      gzinkler.ecf@rprslaw.com
- Emanuel Zeltser      ez@russianlaw.org*

*11-17051-AJC and 11-17061-AJC only

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case (who therefore require manual notice/service).

19 SHC, Corp
c/o Joseph Paukman
1421 Sheepshead Bay Rd #186
Brooklyn, NY 11235-3813

601/1700 NBC LLC
100 SE 2 St #2610
Miami, FL 33131-2150

Ajna Brands, Inc
2510 Warren Ave
Cheyenne, WY 82001-3163

Axafina, Inc
2510 Warren Ave
Cheyenne, WY 82001-3163

Fisher Island Investments, Inc.
One Fisher Island Dr
Miami Beach, FL 33109-0001

Oxana Adler LLM
c/o Sternik & Zelster
119 W 72 St #229
New York, NY 10023-3201

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Wells Fargo Financial Leasing, Inc.
Wells Fargo Financial Leasing, Inc.
800 Walnut Street
MAC F4031-050
Des Moines, IA 50309-3605

Wells Fargo Financial Leasing, Inc.
800 Walnut Street
MAC F4031-050
Des Moines, IA 50309-3605

James S Feltman
One Biscayne Tower #1800
Miami, FL 33131-1830

American InfoSource LP as agent for
T Mobile/T-Mobile USA Inc
PO Box 248848
Oklahoma City, OK 73124-8848

Little Rest Twelve, Inc.
2413 Fisher Island Dr
Miami Beach, FL 33109-0104

Martin P Russo
120 Wall St, 11 Fl
New York, NY 10005-3904

Marlen Kruzhkov
120 Wall St, 11 Fl
New York, NY 10005-3904

*MIA 181,897,950 2*

14

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 11-17047-AJC |
| FISHER ISLAND INVESTMENTS, INC., | Chapter 11 (Involuntary) |
| _____Alleged Debtor._____/ | |
| In re: | Case No. 11-17051-AJC |
| MUTUAL BENEFITS OFFSHORE FUND, LTD., | Chapter 11 (Involuntary) |
| _____Alleged Debtor._____/ | |
| In re: | Case No. 11-17061-AJC |
| LITTLE REST TWELVE, INC., | Chapter 11 (Involuntary) |
| _____Alleged Debtor._____/ | |

**DECLARATION OF JAMES P.S. LESHAW IN SUPPORT OF EXAMINER'S
APPLICATION FOR ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF GREENBERG TRAURIG, P.A., AS COUNSEL
FOR THE EXAMINER *NUNC PRO TUNC* AS OF MAY 20, 2011**

I, James P.S. Leshaw, hereby declare as follows:

1.     I am a principal shareholder of the law firm of Greenberg Traurig, P.A. ("**Greenberg Traurig**"), which maintains offices for the practice of law, among other places, at 333 Avenue of the Americas, Miami, Florida 33131.  I am an attorney at law, duly admitted and in good standing to practice in the Southern District of Florida, other districts within the state of Florida and elsewhere.

2.     I submit this Declaration in connection with the Application (the "**Application**") of James S. Feltman (the "**Examiner**"), the duly appointed examiner appointed in the above-captioned involuntary bankruptcy cases (the "**Chapter 11 Cases**") by the United States Trustee

for Region 21 (the "**United States Trustee**") pursuant to the Court's *Order Directing Appointment of Chapter 11 Examiner*, entered April 19, 2011 [DE 55] (the "**Examiner Order**"), and whose appointment was approved by this Court's *Order Approving Selection of Chapter 11 Examiner* entered on April 27, 2011 [DE 64], to employ Greenberg Traurig as counsel to the Examiner in the Chapter 11 Cases *nunc pro tunc* as of May 20, 2011. This Declaration is intended to provide the disclosures required under Bankruptcy Code Section 327(a), Federal Rule of Bankruptcy Procedure 2014(a) and the Local Rules of this Court. Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

## RETENTION OF GREENBERG TRAURIG

3. Greenberg Traurig is an international law firm with more than 1,800 attorneys in 32 offices. The firm is well suited for the type of representation required by the Examiner, because of its extensive general experience and knowledge in the field of bankruptcy and creditors' rights; its expertise, experience and knowledge practicing before this Court; and its ability to respond quickly to any issues that may arise in these cases. The firm's multi-disciplinary practice also enables it to advise the Examiner in connection with the issues that have arisen or are likely to arise in these cases.

4. The Examiner directed Greenberg Traurig to begin providing services to him in connection with the Examiner's duties on May 20, 2011. Accordingly, Greenberg Traurig seeks to be employed *nunc pro tunc* to May 20, 2011.

## SERVICES TO BE PROVIDED

5. In assisting the Examiner in connection with the Chapter 11 Cases, Greenberg Traurig will render, without limitation, the following types of professional services:

a.  taking all necessary actions to assist and advise the Examiner with respect to his retention and the retention of other professionals to be retained by the Examiner and the discharge of his duties and responsibilities under the Examiner Order and Bankruptcy Code in the Chapter 11 Cases;

b.  assisting the Examiner in preparing pleadings and applications as may be necessary in the discharge of the Examiner's duties;

c.  representing the Examiner at all hearings and other proceedings before this Court, any appellate courts, and the United States Trustee; and advocating and protecting the interests of the Examiner before such courts and the United States Trustee;

d.  representing the Examiner in any dealings he may have with various governmental and regulatory authorities;

e.  representing the Examiner in any dealings he may have with the Alleged Debtors, general creditors or any third party concerning matters related to the Alleged Debtors' estates;

f.  assisting the Examiner in preparing his work plan and budget;

g.  assisting the Examiner in retaining and directing the work of forensic accountants and investigative personnel;

h.  assisting with interviews and examinations in connection with the Investigation;

i.  assisting the Examiner in preparing his report; and

j.  performing all other necessary legal services and providing all other necessary legal advice to the Examiner in connection with the Chapter 11 Cases including assisting the Examiner in undertaking additional tasks that the Court may direct.

6.  Greenberg Traurig will work with any other professionals engaged by the Examiner to avoid duplication of effort and to move the investigation forward as quickly, harmoniously and efficiently as possible.

## GREENBERG TRAURIG'S COMPENSATION

7.  Greenberg Traurig has agreed to accept as compensation for its services in the Chapter 11 Cases such sums as may be allowed by the Bankruptcy Court, based upon the time

3

spent and services, rendered, the results achieved, the difficulties encountered, the complexities involved, and other appropriate factors.  Subject to the Bankruptcy Court's approval, Greenberg Traurig will charge for its services in accordance with its ordinary and customary rates in effect at the time services are rendered.

8.     The current rates applicable to the principal attorneys and paralegals proposed to represent the Examiner are:

James P.S. Leshaw          $725.00 per hour

Ari Newman                    $315.00 per hour

Maribel R. Fontanez       $205.00 per hour

Other attorneys and paralegals may render services to the Examiner as needed.  Generally, Greenberg Traurig's hourly rates are in the following ranges:

| **Title** | **Rate per Hour** |
| --- | --- |
| Shareholders | $355.00 - $1,100.00 |
| Associates | $150.00 - $675.00 |
| Paralegals | $40.00 - $310.00 |

The hourly rates set forth above are Greenberg Traurig's standard hourly rates for work of this nature.  These rates are set at a level designed to compensate fairly Greenberg Traurig for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  Greenberg Traurig's hourly rates are subject to periodic adjustment from time to time in accordance with the Firm's established billing practices and procedures.

4

9. Greenberg Traurig has not agreed to share any compensation or reimbursement received in connection with the Chapter 11 Cases with another person, except as expressly authorized by 11 U.S.C. § 504(b)(1).

**DISINTERESTEDNESS**

10. Greenberg Traurig conducted a conflicts search of the names set forth on **Exhibit 1**, which included the names of (a) the Alleged Debtors; (b) the Alleged Debtors' known affiliates; (c) the Alleged Debtors' purported equity holders; (d) the Alleged Debtors' officers and directors; (e) the Alleged Debtors' creditors; (f) the Alleged Debtors' counsel; (g) the Petitioning Creditors' counsel; (h) the Examiner and his professionals; and (i) to the extent known, certain significant parties in interest in the Chapter 11 Cases (the "**Identified Parties**"). Greenberg Traurig chose the Identified Parties from names given to it by the Examiner and from its review of the bankruptcy schedules and other pleadings filed in the Chapter 11 Cases. Based on a review conducted in accordance with Greenberg Traurig's ordinary and customary conflict procedures, Greenberg Traurig and all of the attorneys comprising or employed by it: (i) do not hold or represent an adverse interest in connection with the Chapter 11 Cases; (ii) do not hold or represent an interest adverse to the interests of the Alleged Debtors' estates with respect to the matters on which the examiner is being engaged; (iii) are "disinterested persons" within the meaning of section 101(14) of the Bankruptcy Code; and (iv) except as set forth on **Exhibit 2**, do not have any other connection with the Alleged Debtors, their creditors, any other party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed by the United States Trustee. The conflict searches conducted by Greenberg Traurig based on such names indicate that Greenberg Traurig has not represented, in connection with the Chapter 11 Cases, any creditor, shareholder, or party in interest. For so long as it represents the

Examiner, Greenberg Traurig will not represent any party other than the Examiner in connection with the Chapter 11 Cases.

11.    As expected, with more than 1,800 lawyers internationally, Greenberg Traurig necessarily has connections with certain creditors and other parties-in-interest.  To the fullest extent possible, those connections as known or discovered to date are disclosed in this Declaration and on Exhibit 2.  However, in addition to the connections disclosed herein and in Exhibit 2, Greenberg Traurig and certain of its shareholders, counsel and associates may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to these cases.

12.    Moreover, Greenberg Traurig appears in cases, proceedings, and transactions involving different attorneys, financial consultants and investment bankers, some of which may now or in the future represent the Identified Parties or other parties-in-interest in these Chapter 11 Cases.  Greenberg Traurig will review its disclosures periodically throughout the course of these Chapter 11 Cases, and in the event that additional material connections are discovered, will disclose such information to the Court on notice to parties in interest and the United States Trustee.

13.    None of Greenberg Traurig's representations of parties in interest in these  matters comprise a material component of Greenberg Traurig's practice, nor does it represent such parties in any matters relating to these Chapter 11 Cases.

## **DISCLOSURE OF CONNECTIONS WITH IDENTIFIED PARTIES**

14.    Set forth on **Exhibit 2** is a schedule disclosing Greenberg Traurig's connections with the Identified Parties.

**Disclosures Relating to Fisher Island and Legal Services Provided to Fisher Island Entities**

15.    The purpose of this section of the Declaration is to disclose Greenberg Traurig's connections to Fisher Island and legal services previously provided to entities associated with Fisher Island.  Greenberg Traurig and the Examiner have previously disclosed to counsel representing the two groups purporting to own the Alleged Debtors that Greenberg Traurig previously provided a significant amount of legal services to Fisher Island and entities connected to Fisher Island.

16.    Greenberg Traurig represented the developers of Fisher Island for approximately 30 years.  This representation included, but was not limited to, such entities as Fisher Island Holdings, Fisher Island Community Association, Fisher Island Club, Inc, Island Developers, LLC, Fisher Island 7921 LLC, Fisher Island Corporation, Fisher Island Associates (the "**Fisher Island Clients**").  Greenberg Traurig does not currently represent any of the Fisher Island clients.

17.    Soon after the original developer of Fisher Island began the development of Fisher Island, they deeded the island to their lender, Mutual Benefit Life Insurance Company.  Mutual Benefit engaged Greenberg Traurig to provide legal services in connection with its development of the island.  These activities were directed by a series of persons appointed to Mutual Benefit to act for it as "Managing Director" or "Managing Partner".  Greenberg Traurig continued to represent each of those persons in their corporate capacities until Mutual Benefit sold its interest to John Melk.  Mr. Melk engaged Greenberg Traurig firm for most, if not all, of the legal services his development activities required.

18.    Greenberg Traurig's legal services provided over these years included litigation, land use, construction law, real estate, condominium law, property tax advice, and a broad range

of other development and operational related activities, including the Fisher Island Club, and the Community Association transportation system. Following Mr. Melk's sale of his interest, Greenberg Traurig continued to provide many, but not all, of the same types of legal services to Fisher Island. A substantial portion of those legal services were rendered in connection with litigation concerning the Fisher Island transportation system, as well as several small matters. Greenberg Traurig's representation of Fisher Island did not implicate the ownership of Fisher Island Investments, Inc., or any other Fisher Island entity. Greenberg Traurig last provided legal advice to Fisher Island in late 2008.

19. Additionally, Greenberg Traurig has represented, currently represents or may in the future represent clients who may have in the past or in the future may, live on Fisher Island, own real property on Fisher Island, or be members of the Fisher Island Club. Similarly, Greenberg Traurig employees or shareholders may have in the past or in the future may, live on Fisher Island, own real property on Fisher Island, or be members of the Fisher Island Club.

20. I have read the Application and, to the best of my knowledge, affirm all factual statements made therein as true, accurate and correct.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 2nd day of June, 2011.

<div style="text-align: right;">

/s/ *James Leshaw*
James P.S. Leshaw
Florida Bar No. 917745
Greenberg Traurig, P.A.
333 Avenue of the Americas
Miami, FL 33131
Tel: 305-579-0500
Fax: 305-579-0717
Email: leshawj@gtlaw.com

</div>

**EXHIBIT 1**

LIST OF IDENTIFIED PARTIES SUBMITTED TO CONFLICT SEARCH

19 SHC Corp
601/1700 NBC, LLC
Ajna Bar
Ajna Brands, Inc.
Alexander Fishkin
Alexander Perchekly
Ali Guidfar
Amicorp Curacao B.V.
Andrew Baker
AP Imedinvest
Areal Plus Group
Areal Plus Group (Ukraine)
Axafina, Inc.
Badri Patarkatsishvili
Baruch Goldstein
Bast Amron LLP
Brett M. Amron
Bruce D Katz
Buddha Bar NYC
Butzel Long
Christie G. Hansen
Christopher Samuelson
Colson Hicks Eidson
Corporation Service Company
Craig A. Pugatch
Curtis Miner
Darin A. DiBello
David Ashfield
David Kay
Davidoff Malito & Hutcher LLP
DiBello, Lopez & Castillo, P.A.
Donovan Wickline
Dr. Baruch Goldstein
Emanual Zeltser
Estate of Badri Patarkatsishvili
Euro Properties Investments 3 SA Luxembourg
Euro Properties Investments III
Euro Properties Investments III S.A., a Luxembourg
company
Euro Properties Investments III, S.A.
FIH PDS, LLC - Delaware
Fisher Island Club
Fisher Island Community Association
Fisher Island Holdings, LLC
Fisher Island Holdings, LLC, Florida

9

Fisher Island Investment, Co.
Fisher Island Investments Inc
Fisher Island Investments, Inc., Florida
Fisher Island Limited
Fisher Island Limited UK
Fisher Island Real Estate LLC Florida
Gary Snider
Gennady Sinsky
George L. Zinkler
Gibraltar Trust
Gosvenor Trading House Limited
Gusrea Kaplan Bruno & Nusbaum
Heinrich Von Honau
Imedinvest Partners
Imedinvest Trust
Imedinvest Trust, Mutual Benefits Offshore Fund, Ltd.
Inna Gudavadze
Internal Revenue Service
James S. Feltman
Jessica Comperiati
JK Group
Joseph Kay
Joseph L Rebak
JWL Entertainment Group, Inc.
Kayley Investments Ltd.
Kayley Investments NV
Latvia Group
Little Rest Twelve Inc
London International Bank Limited
Maarten van den Noort
Marlen Kruzhkov
Martin Karlinsky
Martin Russo
Mesirow Financial
Michael R Koblenze
Miselva Etablissement
Moshe Popack
Mound Cotton Wollan & Greengrass
Mutual Benefits Offshore Fund, Ltd
Mutual Benefits Offshore Funds
Nastia Loginoff,
Nicole Cavalla
Nina Zajic
Olga Timofeyeva
Oxana Adler, LLM
Palazzo del Mare project
Palazzo del Sol project
Par 7, LLC Delaware
Patricia A. Redmond
PDM Holdings LLC - Delaware

PDS Hodlings, LLC - Delaware
Rice Pugatch Robinson & Schiller PA
Robert Bea
Robert Bey
Robert Sosa
Sarah Y. Khurana
Sesti & Perchekly, LLP
Solby & Westbrae Partner
Solby & Westbrae Partners
Stearns Weaver Miller Weissler Alhadeff & Sitterson PA
Sternik & Zeltser
Stewart M Mirmelli
Stuart Mirmelli
Suzanne Hay
Terrance A. Dee
Test Trust
Tew Cardenas LLP
The Mirmelli Law Firm, P.A.
Theodore Kretschmer
Triangle International Asset Management, Ltd.
Valmore Trust
W. Shaun Davis
Wells Fargo Financial Leasing, Inc.
William Walzer
Xania Petropavlovsky
Yaffa Yakubov
Yasifar Yakabov
Zlata Stepanenko

## EXHIBIT 2

### GREENBERG TRAURIG, P.A.'S, DISCLOSURE OF
### CONNECTIONS WITH IDENTIFIED PARTIES

The following names were compared to Greenberg Traurig's Client Database. As noted below, Greenberg Traurig has represented or currently represents certain of the Identified Parties, including various persons or entities that may be related to or affiliated with the Identified Parties, in matters unrelated to the Alleged Debtors and the Chapter 11 Cases.

| Identified Party | Client Connections |
|---|---|
| Amicorp Curacao B.V. | Greenberg Traurig has represented in the past, currently represents, and may represent in the future various entities such as Amicorp Services, Ltd., Amicorp Netherlands B.V., Amicorp International Ltd., and Amicorp Do Brasil Ltda, which may be related to Amicorp Curacao B.V., in matters unrelated to the Alleged Debtors or these Chapter 11 Cases. |
| Bast Amron LLP | Greenberg Traurig has worked with and has mutual client relationships with Bast Amron LLP |
| Baruch Goldstein | Greenberg Traurig has represented in the past, currently represents, and may represent in the future individuals by the name of Barry Goldstein, in matters unrelated to the Alleged Debtors or these Chapter 11 Cases. Greenberg Traurig has conducted additional diligence and is confident that "Barry Goldstein" is not the same individual as the Baruch Goldstein listed as an Identified Party. |
| Colson Hicks & Eidson | Greenberg Traurig has represented in the past, currently represents, and may represent in the future Colson, Hicks & Eidson, *et al.*, in matters unrelated to the Alleged Debtors or these Chapter 11 Cases. |
| Corporation Service Company | Greenberg Traurig has represented in the past, and may represent in the future Corporation Service Company, in matters unrelated to the Alleged Debtors or these Chapter 11 Cases. |
| David Kay | Greenberg Traurig has represented in the past, and may represent in the future individuals by the name of David Kay, in matters unrelated to the Alleged Debtors or these Chapter 11 Cases. It is unknown at this time if these individuals are the same David Kay listed as an Identified |

| | Party. |
|---|---|
| Davidoff Malito & Hutcher LLP | Greenberg Traurig has represented in the past and may represent in the future Larry Hutcher of Dadidoff, Malito & Hutcher LLP, in matters unrelated to the Alleged Debtors or these Chapter 11 Cases. |
| Emanuel Zeltser | Greenberg Traurig met with Mr. Zeltser in connection with a potential representation in these Chapter 11 Cases, but Greenberg Traurig was ultimately not retained. Mr. Zeltser did not disclose any confidential information to Greenberg Traurig. Mr. Zeltser is not currently, and has never been, a client of Greenberg Traurig and has expressly consented to Greenberg Traurig's representation of the Examiner in these Chapter 11 Cases. In addition, counsel to the Alleged Debtors and counsel the Petitioning Creditors have all consented to Greenberg Traurig's representation of the Examiner. |
| James S. Feltman | Greenberg Traurig has represented James S. Feltman, in various capacities, in the past, and may represent him in the future, in matters unrelated to the Alleged Debtors or these Chapter 11 Cases. |
| Mesirow Financial | Greenberg Traurig has represented in the past, currently represents and may represent in the future Mesirow Financial and various entities related to Mesirow Financial, including, but not limited to, Mesirow Insurance Services, Inc., Mesirow Financial Consulting, Mesirow Interim Financial Management, LL and Mesirow Financial Holdings, Inc., in matters unrelated to the Alleged Debtors or these Chapter 11 Cases. |
| Rice Pugatch Robinson and Schiller, P.A. | Greenberg Traurig has worked with and has mutual client relationships with Rice Pugatch Robinson and Schiller, P.A. |
| Stearns Weaver Miller Weissler Alahadeff & Sitterson, P.A. | Greenberg Traurig has worked with and has mutual client relationships with Stearns Weaver Miller Weissler Alahadeff & Sitterson, P.A. |
| T-Mobile (through its agent American InfoSource LP). | Greenberg Traurig has represented in the past, and may represent in the future, T Mobile in various matters unrelated to the Alleged |

| | |
|---|---|
| | Debtors or these Chapter 11 Cases. |
| Tew Cardenas LLP | Greenberg Traurig has represented Tew Cardenas LLP, as well as Tew Cardenas Rebak Kellogg Lehman Demaria & Tague, LLP, an entity related to Tew Cardenas LLP, in the past, and may represent them in the future, in matters unrelated to the Alleged Debtors or these Chapter 11 Cases.  In addition, Greenberg Traurig has worked with and has mutual client relationships with Tew Cardenas LLP. |
| W. Shaun Davis | Greenberg Traurig has represented in the past, currently represents and may represent in the future individuals with the names William Davis, Shaun Davis and Walden Davis, in matters unrelated to the Alleged Debtors or these Chapter 11 Cases.  It is unknown at this time if any of these individuals is the same as the W. Shaun Davis listed as an Identified Party. |
| Wells Fargo Financial Leasing, Inc. | Although it does not appear that Greenberg Traurig has represented or represents Wells Fargo Financial Leasing, Inc., Greenberg Traurig currently represents and has represented related Wells Fargo entities and may represent them in the future in matters unrelated to the Alleged Debtors or these Chapter 11 Cases. |

MIA 181,897,814 4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 11-17047-LMI |
| FISHER ISLAND INVESTMENTS, INC., | Chapter 11 |
| | (Involuntary) |
| Debtor. | |
| _____/ | |
| In re: | Case No. 11-17051-AJC |
| MUTUAL BENEFITS OFFSHORE FUND, LTD., | Chapter 11 |
| | (Involuntary) |
| Debtor. | |
| _____/ | |
| In re: | Case No. 11-17061-AJC |
| LITTLE REST TWELVE INC., | |
| d/b/a Ajna Bar and Budda Bar NYC, | Chapter 11 |
| | (Involuntary) |
| Debtor. | |
| _____/ | |

## NOTICE OF AND REQUEST FOR WITHDRAWAL AND DISMISSAL OF INVOLUNTARY PETITION BY OXANA ADLER, LLM

Petitioning Creditor Oxana Adler, LLM, ("Adler") by undersigned counsel, gives notice of withdrawal and voluntary dismissal of her involuntary petition filed against the Alleged Debtor in this bankruptcy case.

Rule 7041 is not included in the enumerated rules applicable to contested involuntary petitions pursuant to Fed. R. Bankr. P. 1018; however, to the extent that leave of court is required, Adler requests that the Court order voluntary dismissal and withdrawal of her joinder in the involuntary petition.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to

practice in this Court set forth in Local Rule 2090-1(A).

   I HEREBY CERTIFY that a true and correct copy of the foregoing was served via

CM/ECF on June 20, 2011, upon all parties receiving notice via this method.

       **RICE PUGATCH ROBINSON & SCHILLER, P.A.**
       101 N.E. Third Avenue, Suite 1800
       Fort Lauderdale, Florida 33301
       Telephone: (954) 462-8000
       Facsimile: (954) 462-4300

       By: ____/s/ Craig A. Pugatch
        CHAD P. PUGATCH
        Florida Bar No.:  220582
        CRAIG A. PUGATCH
        Florida Bar No.: 653381



**ORDERED in the Southern District of Florida on June 23, 2011.**

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 11-17047-AJC |
| FISHER ISLAND INVESTMENTS, INC., | Chapter 11 (Involuntary) |
| _____Alleged Debtor._____/ | |
| In re: | Case No. 11-17051-AJC |
| MUTUAL BENEFITS OFFSHORE FUND, LTD., | Chapter 11 (Involuntary) |
| _____Alleged Debtor._____/ | |
| In re: | Case No. 11-17061-AJC |
| LITTLE REST TWELVE, INC., | Chapter 11 (Involuntary) |
| _____Alleged Debtor._____/ | |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT**
**OF MESIROW FINANCIAL CONSULTING, LLC, AS FINANCIAL**
**ADVISORS AND INVESTIGATORS TO THE CHAPTER 11**
**EXAMINER _NUNC PRO TUNC_ TO MAY 11, 2011**

This matter came before the Court on June 22, 2011 at 2:30 p.m. upon the *Examiner's Application for Entry of Order Authorizing the Retention and Employment of Mesirow Financial Consulting, LLC, as Financial Advisors and Investigators for the Examiner nunc pro tunc to May 11, 2011* [Case No. 11-17047-AJC, D.E. #103, Case No. 11-17051-AJC, D.E. #83, and Case No. 11-17061, D.E. #75] (collectively, the "**Application**") filed by James S. Feltman (the "**Examiner**"), and upon the Declaration of Paul Philip (the "**Philip Declaration**") in support of the Application; and the Court being satisfied, based upon the representations made in the Application and the Philip Declaration, that (a) except as otherwise set forth in the Philip Declaration, Mesirow Financial Consulting, LLC, represent no interest adverse to the Alleged Debtors, their estates or their creditors with respect to the matters upon which they are to be engaged, (b) Mesirow Financial Consulting, LLC, are "disinterested persons" as that term is defined under section 101(14) of the Bankruptcy Code, (c) Mesirow Financial Consulting, LLC's, employment is necessary and in the best interests of the Alleged Debtors' estates and their creditors; (d) proper and adequate notice has been given in accordance with Bankruptcy Rule 2002, and (e) no other or further notice is necessary; and good and sufficient cause appearing therefore, it is

   **ORDERED**:

  1. The Application is GRANTED and approved in all respects.

  2. The Examiner is authorized to employ Mesirow Financial Consulting, LLC, as financial advisors and investigators, in accordance with the Application *nunc pro tunc* to May 11, 2011 to perform the services set forth in the Application.

3.      Mesirow Financial Consulting, LLC, is authorized to retain other investigative professionals or independent contractors as may be necessary to provide the services set forth in the Application and to assist the Examiner in executing his duties and responsibilities.

4.      Mesirow Financial Consulting, LLC, shall be compensated for its services and reimbursed for any related expenses, which are to be determined pursuant to standards equivalent to those set forth in 11 U.S.C. §§ 327, 330 and 331, upon the filing of the appropriate applications for allowance of interim and final compensation in accordance with the procedures established in these cases, and any further order of the Court.

5.      This Court shall have exclusive jurisdiction with respect to any claim or controversy arising from or related to the implementation of this Order.

<div align="center">###</div>

**Submitted By**:

James P.S. Leshaw, Esq.
Greenberg Traurig, P.A.
*Proposed Attorneys for*
*James S. Feltman, Examiner*
333 Avenue of the Americas
Suite 4400
Miami, Florida 33131
Telephone: 305-579-0500
Facsimile: 305-579-0717
Email: leshawj@gtlaw.com


*(Attorney Leshaw is directed to serve a conformed copy of this Order upon all parties entitled to service and to file with the Court a Certificate of Service).*


MIA 181,898,556 2

<div align="center">3</div>



**ORDERED in the Southern District of Florida on June 23, 2011.**

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                    Case No. 11-17047-AJC

FISHER ISLAND INVESTMENTS, INC.,                          Chapter 11 (Involuntary)

_____Alleged Debtor._____/

In re:                                                    Case No. 11-17051-AJC

MUTUAL BENEFITS OFFSHORE FUND, LTD.,                      Chapter 11 (Involuntary)

_____Alleged Debtor._____/

In re:                                                    Case No. 11-17061-AJC

LITTLE REST TWELVE, INC.,                                 Chapter 11 (Involuntary)

_____Alleged Debtor._____/

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT**
**OF GREENBERG TRAURIG, P.A., AS COUNSEL FOR THE**
**EXAMINER _NUNC PRO TUNC_ AS OF MAY 20, 2011**

This matter came before the Court on June 22, 2011 at 2:30 p.m. upon the _Examiner's_

_Application for Order Authorizing the Retention and Employment of Greenberg Traurig, P.A. as_

*Counsel for the Examiner Nunc Pro Tunc as of May 20, 2011* [Case No. 11-17047-AJC, D.E. #108, Case No. 11-17051-AJC, D.E. #88, and Case No. 11-17061, D.E. #80] (collectively, the "**Application**") filed by James S. Feltman (the "**Examiner**"), and upon the Declaration of James P.S. Leshaw in support of the Application (the "**Leshaw Declaration**"), and the Court being satisfied that (a) except as otherwise set forth in the Leshaw Declaration, Greenberg Traurig, P.A. ("**Greenberg Traurig**") does not represent any interest adverse to the Alleged Debtors, their estates or their creditors with respect to which Greenberg Traurig is to be engaged; (b) Greenberg Traurig and its attorneys are "disinterested persons" as that term is defined under section 101(14) of the Bankruptcy Code; (c) the employment of Greenberg Traurig as counsel for the Examiner is in the best interests of the Alleged Debtors and their estates; (d) adequate notice of the Application has been provided in accordance with Bankruptcy Rule 2002; and (e) it appearing that no other or further notice of the Application need be provided; and good and sufficient cause appearing therefor; it is

    **ORDERED**:

1.    The Application is GRANTED, and approved in all respects.

2.    The Examiner is authorized to retain Greenberg Traurig as his counsel *nunc pro tunc* as of May 20, 2011, upon the terms and conditions set forth in the Application and the Leshaw Declaration.

3.    Greenberg Traurig shall be compensated for its services and reimbursed for any related expenses, which are to be determined pursuant to standards equivalent to those set forth in 11 U.S.C. §§ 327, 330 and 331, upon the filing of the appropriate applications for allowance of interim and final compensation in accordance with the procedures established in these cases, and any further order of the Court.

4.     This Court shall have exclusive jurisdiction with respect to any claim or controversy arising from or related to the implementation of this Order.

<div align="center">###</div>

**<u>Submitted By</u>:**

James P.S. Leshaw, Esq.
Greenberg Traurig, P.A.
*Proposed Attorneys for*
*James S. Feltman, Examiner*
333 Avenue of the Americas
Suite 4400
Miami, Florida 33131
Telephone: 305-579-0500
Facsimile: 305-579-0717
Email: leshawj@gtlaw.com

*(Attorney Leshaw is directed to serve a conformed copy of this Order upon all parties entitled to service and to file with the Court a Certificate of Service).*

*MIA 181,898,566v1 5-27-11*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:                                                        **CASE NO.: 11-17047-AJC**

**FISHER ISLAND INVESTMENTS, INC.,**[1]          Chapter 11 (Involuntary)

            Alleged Debtor.

_____/

In re:                                                        **CASE NO.: 11-17051-AJC**

**MUTUAL BENEFITS OFFSHORE FUND, LTD.,**          Chapter 11 (Involuntary)

            Alleged Debtor.

_____/

In re:                                                        **CASE NO.:  11-17061-AJC**

**LITTLE REST TWELVE, INC.,**[2]                Chapter 11 (Involuntary)

            Alleged Debtor.

_____/

**ALLEGED DEBTORS' OBJECTION TO**
**NOTICE OF AND REQUEST FOR WITHDRAWAL AND**
**DISMISSAL OF INVOLUNTARY PETITION BY OXANA ADLER, LLM**

        Alleged Debtors, Fisher Island Investments, Inc. ("*FII*"), Mutual Benefits Offshore Fund,

Ltd. ("*MBOF*"), and Little Rest Twelve, Inc. ("*LR12*") (collectively referred to as "*Alleged*

*Debtors*" unless otherwise stated), by and through undersigned counsel, file this objection

("*Objection*") to petitioning creditor's Notice of and Request for Withdrawal and Dismissal of

Involuntary Petition by Oxana Adler, LLM [Case No. 11-17047, ECF No. 128; Case No. 11-

---

[1] The last four digits of the Alleged Debtor's tax identification number are 3574.  *See* 11 U.S.C. § 342 (c)(1).

[2] The last four digits of the Alleged Debtor's tax identification number are 9811.  *See* 11 U.S.C. § 342 (c)(1).

17051, ECF No. 104; and Case No. 11-17061, ECF No. 94] ("*Motion to Withdraw*").  In support

thereof, Alleged Debtors state as follows:

1.      Under ordinary circumstances, any alleged debtor would happily consent to the

type of relief sought in the Motion to Withdraw.  However, and as this Court is keenly aware, the

above captioned cases are anything but ordinary:

> *This is not a routine case*, this is a case with two sets of alleged
> debtors, which will the real debtor please stand up? This is a case
> involving petitioning creditors located outside the continental
> United States, which wouldn't be as easily reachable to cover
> damages….

4/18/11 Hr'g Tr. at 29:11 – 30:6 (emphasis added).  In fact, the filing of the involuntary petitions

from which Ms. Adler seeks to now "voluntarily" withdraw, has spawned litigation of epidemic

proportions, taxing the rightful owners of the Alleged Debtors with the attendant defensive costs.

It is no surprise that Ms. Adler now seeks to extricate herself from the financial and litigious

burdens of these cases that she initiated.

2.      Nevertheless, it would be a gross miscarriage of justice to allow Ms. Adler to

avail herself of the benefits of filing her involuntary petition, only to permit her to wash her

hands of the mess that she helped to create at this late stage: the involuntary petitions have

subsumed and affected several other pending cases in multiple jurisdictions and has caused the

Alleged Debtors to incur massive attorney's fees and costs.  For instance, litigation that was

pending in front of Judge Fried in the Supreme Court of the State of New York was removed to

the Southern District of New York contemporaneously with the filing of these involuntary

petitions.  Just this week, and after approximately three and one-half months of delay and

expensive jurisdictional battles, that action was finally remanded back to Judge Fried.

3.      Further, the timing of Ms. Adler's Motion to Withdraw provides meaningful insight as to her motives in seeking to flee this Court's jurisdiction.  Of note, the Motion to Withdraw was only filed after the Alleged Debtors' Motions to Dismiss were filed in each case [Case No. 11-17047, ECF No. 45; Case No. 11-17051, ECF No. 40; and Case No. 11-17061, ECF No. 39].  Those Motions seek dismissal of the involuntary petitions, a finding of bad faith, and request substantial compensatory and punitive damages against Ms. Adler.

4.      The Motion to Withdraw also comes after the Court's order, pursuant to section 303(e), requiring that the petitioning creditors, including Ms. Adler, file a bond indemnifying the Alleged Debtors for any amounts that may be later awarded under section 303(i) of the Code [Case No. 11-17047, ECF No. 57; Case No. 11-17051, ECF No. 80; and Case No. 11-17061, ECF No. 70].  Ms. Adler, along with the other petitioning creditors, has not complied with this Court's orders, did not post the bond, and accordingly, the Court currently has a motion for an order to show cause as to why Ms. Adler has willingly refused to comply with its orders under consideration [Case No. 11-17047, ECF No. 87].

5.      It would be entirely inequitable for this Court to allow Ms. Adler to sidestep, at this stage of the litigation, the potential economic consequences of her actions.  The only manner in which Ms. Adler may avoid statutory damages is through "consent of all petitioners and the debtor." 11 U.S.C. § 303(i). Needless to say, such consent is not forthcoming from the Alleged Debtors.

6.      In addition to Ms. Adler's blatant attempt to avoid the financial repercussions of the involuntary petition, the timing of the Motion to Withdraw reveals Ms. Adler's ulterior motives in avoiding the discovery burdens that come with the litigation that she initiated. Pursuant to the Amended Case Management Order [Case No. 11-17047, ECF No. 115; Case No.

3

11-17051, ECF No. 96; and Case No. 11-17061, ECF No. 87], the Alleged Debtors served Ms. Adler with three requests for production and two sets of interrogatories.  Ms. Adler was required to respond to these discovery requests by Monday, June 20, 2011.  Instead of responding on time, Ms. Adler elected to file the instant Motion to Withdraw on the response deadline and has yet to provide any documents in response to the Alleged Debtors' Requests for Production.

7.     There are other strategic advantages Ms. Adler undoubtedly seeks to gain from withdrawing from this litigation.  First, rather than subpoena Ms. Adler for deposition, as a party, the Alleged Debtors merely have to notice her deposition.   Second, and in particular as a petitioning creditor, Ms. Adler has availed herself of the jurisdiction of this Court; therefore, she must appear for deposition within the Southern District of Florida. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 2112 at 1 ("The basis for requiring plaintiff to come to the forum for the taking of his or her deposition … is that plaintiff has selected the forum."). Finally, and perhaps most deceptive, Ms. Adler has purported to be an attorney for petitioning creditors' alleged predecessors, the alleged debtors, and third-parties to this litigation. [Case No. 11-17047, ECF No. 53-7].  If allowed to withdraw, Ms. Adler would undoubtedly claim additional defenses and protections, to obstruct the legitimate discovery efforts of the Alleged Debtors.  Such litigation tactics should not be tolerated by this Court.

8.     Ms. Adler has engaged in gamesmanship, and is trifling with the efficient functioning of this Court.  She elected to file frivolous involuntary petitions and, as an alleged attorney, should be held accountable for her litigation tactics.

For the foregoing reasons, the Motion to Withdraw should be denied.

Dated:  July 21, 2011.

Respectfully submitted,

*/s/ Patricia A. Redmond*
PATRICIA A REDMOND
Florida Bar No. 303739
predmond@stearnsweaver.com
**STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-2600

*Counsel for Alleged Debtors, Fisher Island
Investments, Inc., Mutual Benefits Offshore Fund,
Ltd., and Little Rest Twelve, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 22, 2011, a true and correct copy of the foregoing document is being filed electronically through the Court's CM/ECF Program, and served as follows:  (a) by transmission of Notice of Electronic Filing generated by CM/ECF to all parties registered to receive Notices of Electronic Filing in this case as identified on the attached Service List; and (b) by first class mail postage prepaid to parties not registered to receive Notices of Electronic Filing as identified on the attached Service List.

*/s/ Patricia A. Redmond*
PATRICIA A REDMOND

#1124313 v2

5

# Mailing Information for Case 11-17047-AJC

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

- **Brett M Amron**    bamron@bastamron.com, jeder@bastamron.com, dquick@bastamron.com, kparrales@bastamron.com ,rlubliner@bastamron.com, jmiranda@bastamron.com, mromero@bastamron.com
- **Johanna Armengol**    Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov
- **Terrance A Dee, Darin DiBello**    tdee@dlclegal.com, ddibello@dlclegal.com, flopez@dlclegal.com, chackney@dlclegal.com, dperry@dlclegal.com
- **James P.S. Leshaw**    leshawj@gtlaw.com, mialitdock@gtlaw.com, miaecfbky@gtlaw.com
- **Ari Newman**    newmanar@gtlaw.com, thompsonc@gtlaw.com;mialitdock@gtlaw.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Craig A. Pugatch**    capugatch.ecf@rprslaw.com
- **Joseph L Rebak**    jlr@tewlaw.com, jsk@tewlaw.com, np@tewlaw.com, eguzman@tewlaw.com
- **George L. Zinkler**    gzinkler.ecf@rprslaw.com

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case who therefore will be served via U.S. Mail.

James S. Feltman
One Biscayne Tower, #1800
Miami, FL   33131

Wells Fargo Financial Leasing, Inc.
Wells Fargo Financial Leasing, Inc.
800 Walnut Street
MAC F4031-050
Des Moines, IA 50309

Emanuel Zeltser
Sternik & Zeltser
119 W. 72 St
Suite 229
New York, NY 10023



**ORDERED in the Southern District of Florida on August 01, 2011.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
### www.flsb.uscourts.gov

| | |
|---|---|
| In re: | **CASE NO.: 11-17047-AJC** |
| **FISHER ISLAND INVESTMENTS, INC.,**[1] | Chapter 11 (Involuntary) |
|    Alleged Debtor. | |
| _____/ | |
| In re: | **CASE NO.: 11-17051-AJC** |
| **MUTUAL BENEFITS OFFSHORE FUND, LTD.,** | Chapter 11 (Involuntary) |
|    Alleged Debtor. | |
| _____/ | |
| In re: | **CASE NO.:  11-17061-AJC** |
| **LITTLE REST TWELVE, INC.,** [2] | Chapter 11 (Involuntary) |
|    Alleged Debtor. | |
| _____/ | |

_____

[1] The last four digits of the Alleged Debtor's tax identification number are 3574.  *See* 11 U.S.C. § 342 (c)(1).

[2] The last four digits of the Alleged Debtor's tax identification number are 9811.  *See* 11 U.S.C. § 342 (c)(1).

## ORDER DENYING NOTICE OF AND REQUEST FOR
## WITHDRAWAL AND DISMISSAL OF INVOLUNTARY PETITION

This matter came up for hearing before the Court on Tuesday, July 26, 2011, at 2:00 pm

on petitioning creditor, Oxana Adler, LLM's Notice of and Request for Withdrawal and

Dismissal of Involuntary Petition ("*Motion to Withdraw*") [Case No. 11-17047, ECF No. 128;

Case No. 11-17051, ECF No. 104; and Case No. 11-17061, ECF No. 94], and the Alleged

Debtors' Objection to Oxana Adler, LLM's Notice of and Request for Withdrawal and Dismissal

of Involuntary Petition ("*Objection*") [Case No. 11-17047, ECF No. 149; Case No. 11-17051,

ECF No. 135; and Case No. 11-17061, ECF No. 122].  For the reasons set forth in the record,

which are incorporated by reference, the Court finds it appropriate to sustain the Objection and

deny the Motion to Withdraw.

Therefore, it is –

**ORDERED** as follows:

1.      The Objection is SUSTAINED.

2.      The Motion to Withdraw is DENIED.

# # #

**Submitted by and Copy furnished to**:

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Patricia A. Redmond (Florida Bar No. 303739)
150 West Flagler Street, Miami, Florida 33130
Telephone: (305) 789-3553
Facsimile:  (305) 789-3395
*Counsel for Alleged Debtor*

 *(Attorney Redmond shall serve a copy of this Order
upon all interested parties and file a Certificate of Service.)*

#1130667 v1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 11-17047-AJC |
| FISHER ISLAND INVESTMENTS, INC., | Chapter 11 (Involuntary) |
| _____Alleged Debtor._____/ | |
| In re: | Case No. 11-17051-AJC |
| MUTUAL BENEFITS OFFSHORE FUND, LTD., | Chapter 11 (Involuntary) |
| _____Alleged Debtor._____/ | |
| In re: | Case No. 11-17061-AJC |
| LITTLE REST TWELVE, INC., | Chapter 11 (Involuntary) |
| _____Alleged Debtor._____/ | |

**SUMMARY OF FIRST INTERIM FEE APPLICATION OF**
**GREENBERG TRAURIG, P.A., AS COUNSEL FOR THE EXAMINER**

1. Name of applicant: Greenberg Traurig, P.A.
2. Role of applicant: Counsel for James S. Feltman, Examiner
3. Name of certifying professional: James P.S. Leshaw
4. Date cases filed: March 17, 2011
5. Date of application for employment: June 2, 2011 (Case No.: 11-17047: DE #108)
   (Case No.: 11-17051: DE #88)
   (Case No.: 11-17061: DE #80)

6. Date of order approving employment: June 23, 2011 (Case No.: 11-17047: DE #133)
   (Case No.: 11-17051: DE #119)
   (Case No.: 11-17061: DE #105)

7. If debtor's counsel, date of Disclosure of Compensation form: n/a
8. Date of this application: December 1, 2011
9. Dates of services covered: May 20, 2011 through November 30, 2011
10. If case is chapter 7, amount trustee has on hand: n/a
11. Total fee requested for this period (from Exhibit 1)          $ 312,368.75

1

| | | |
|---|---|---|
| 12. Balance remaining in fee retainer account, not yet awarded | $ | 0.00 |
| 13. Fees paid or advanced for this period, by other sources | $ | 0.00 |
| 14. **Net amount of fee requested for this period** | | **$ 312,368.75** |
| Expenses... | | |
| 15. Total expense reimbursement requested for this period | $ | 1,467.17 |
| 16. Balance remaining in expense retainer account, not yet received | $ | 0.00 |
| 17. Expenses paid or advanced for this period, by other sources | $ | 0.00 |
| 18. **Net amount of expense reimbursements requested for this period** | **$** | **1,467.17** |
| 19. Gross award requested for this period (#11 + #15) | | $ 313,835.92 |
| **20. Net award requested for this period** (#14 + #18) | | **$ 313,835.92** |

**History of Fees and Expenses**

1.      Dates, sources, and amounts of retainers received: In accordance with this Court's June 8, 2011, Order on Status Conference,[1] the Rebak/Redmond Group deposited a sum of $200,000 into an escrow account at Tew Cardenas, LLP, to be held for the purpose of payments of the Examiner and his professionals in connection with these Involuntary Cases pursuant to further order of this Court. The Rebak/Redmond Group also agreed to fund up to an additional $50,000 towards payment of fees incurred by the Examiner and his professionals, to the extent necessary.  The Zeltser/DiBello Group were directed to contribute towards the payments of the Examiner and his professionals in connection with these cases to the extent funds become available to them and after further order of this Court.  These amounts do not constitute a cap on the fees and expenses of the Examiner or his professionals.

2.      Dates, sources, and amounts of third party payments received: n/a

3.      Prior fee and expense awards:  None

---

[1] FII D.E. 120; MBOF D.E. n/a; LR12 D.E. n/a.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                     Case No. 11-17047-AJC

FISHER ISLAND INVESTMENTS, INC.,                           Chapter 11 (Involuntary)

_____Alleged Debtor._____/

In re:                                                     Case No. 11-17051-AJC

MUTUAL BENEFITS OFFSHORE FUND, LTD.,                       Chapter 11 (Involuntary)

_____Alleged Debtor._____/

In re:                                                     Case No. 11-17061-AJC

LITTLE REST TWELVE, INC.,                                  Chapter 11 (Involuntary)

_____Alleged Debtor._____/

**FIRST INTERIM FEE APPLICATION OF**
**GREENBERG TRAURIG, P.A., AS COUNSEL FOR EXAMINER**

GREENBERG TRAURIG, P.A. (hereinafter "Greenberg Traurig" or "Applicant"), counsel to the Examiner, James S. Feltman ("Examiner"), files this First Interim Application (the "Application") for the allowance, award and payment of interim compensation for services rendered and reimbursement of costs incurred in these Chapter 11 cases. This Application is filed pursuant to 11 U.S.C. § 330 and Bankruptcy Rule 2016, and meets all of the requirements set forth in the Guidelines incorporated in Local Rule 2016-1(B)(1). The exhibits attached to this Application pursuant to those Guidelines are as follows:

- Exhibit "1" – Summary of Professional and Paraprofessional Time.
- Exhibit "2" – Summary of Requested Reimbursements of Expenses.
- Exhibit "3" – The Applicant's complete time records, in chronological order, by activity code category, for the time period covered by this Application. The requested fees are itemized in increments of one-tenth of an hour, and each entry includes a detailed narrative of the activity for which compensation is sought.

As explained more fully below, Applicant believes that in the unusual circumstances of these cases the requested compensation of $312,368.75 for the initial interim period is reasonable upon consideration of the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), as made applicable to bankruptcy proceedings by *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977).

## I.  RETENTION OF APPLICANT, DISCLOSURE OF COMPENSATION AND REQUESTED AWARD

By Orders entered on June 23, 2011[2] the Court authorized the retention of Greenberg Traurig as counsel for the Examiner *nunc pro tunc* to May 20, 2011, with compensation to be conditioned on approval by this Court.  Greenberg Traurig submits this Application seeking the interim allowance, award and payment of $312,368.75 for services rendered and $1,467.17 for reimbursement of expenses incurred during the period from May 20, 2011 through November 30, 2011 (the "Application Period").

## II.  CASE BACKGROUND

On March 17, 2011, Solby+Westbrae Partners, 19 SHC, Corp., Ajna Brands, Inc., 601/1700 NBC, LLC, Axafina, Inc. and Oxana Adler, LLM (collectively, the "Petitioning Creditors") filed Involuntary Chapter 11 Petitions against Fisher Island Investments, Inc., Mutual Benefits Offshore Fund, Ltd., and Little Rest Twelve, Inc. (collectively, the "Alleged Debtors"), commencing these involuntary Chapter 11 cases (the "Involuntary Cases").  No order for relief has been entered in the Involuntary Cases.

The Petitioning Creditors filed an *Ex Parte Motion for Joint Administration and Intra-District Transfer of Chapter 11 Cases* on March 18, 2011,[3] and the Court entered an *Order*

---

[2] FII D.E. 133; MBOF D.E. 119; LR12 D.E. 105.

[3] FII D.E. 3; MBOF D.E. 3; LR12 D.E. 3.

*Granting, in Part, and Denying, in Part, Motion for Joint Administration of Three Involuntary Chapter 11 Cases* on March 31, 2011[4] (the "Joint Administration Order"). Pursuant to the Joint Administration Order, these Involuntary Cases are being jointly administered solely for the purpose of conducting one trial regarding the validity of the "Negotiable Promissory Note, the assignment of the Note and determination of who are the legitimate representatives and attorneys for the three alleged involuntary debtors." *See* Joint Administration Order, at p. 6.

This Court entered an Order Directing Appointment of Chapter 11 Examiner on April 19, 2011,[5] setting forth, without limitation, the scope of the Examiner's responsibilities and duties in these Involuntary Cases:

    a.   investigating the ownership composition of the alleged Debtors, and investigating who are their actual and duly authorized representatives and attorneys;

    b.   examining the Promissory Notes and other documentation (including guarantees, Forbearance Agreements, and Demand Notices) upon which the petitioning creditors rely to allege their claims, the makers of such Promissory Notes, the makers' execution of the Promissory Notes, the payees thereof, and the overall propriety and authenticity of the Promissory Notes;

    c.   examining the Assignments of the Promissory Notes above, the parties to, and the execution thereof, and the overall propriety of the Assignments;

    d.   investigating the allegations contained in the Verified Motion For An Order Requiring Plaintiff to Show Cause Why the Complaint Should Not be

---

[4] FII D.E. 28; MBOF D.E. 23; LR12 D.E. 23.

[5] FII D.E. 55; MBOF D.E. 44 (entered on April 8, 2011) and 45; LR12 D.E. 45.

Dismissed and For Sanctions Based on Fraud On the Court (DE 2 in the Adversary case styled Fisher Island Investments, Inc. v. Andrew Baker, et al., Adversary Case No. 11-01886-AJC, civil action which was removed by the Plaintiff to this Court from the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida); and

e. examining the financial affairs and records, including but not limited to, bank statements of each of the alleged Debtors for the last six (6) months and examine their individual list of assets.

The United States Trustee filed a notice of appointment of examiner on April 25, 2011, appointing James S. Feltman as examiner in the Chapter 11 Cases, subject to further Court approval.[6]  The United States Trustee filed an Application for Approval of Selection of Appointment of Chapter 11 Examiner on April 26, 2011,[7] and the Court entered an Order Approving Selection of Chapter 11 Examiner, approving the selection of James S. Feltman as Examiner, on April 27, 2011.[8]

On June 2, 2011, the Examiner filed an Application for Entry of *Ex Parte* Order Authorizing the Retention and Employment of Greenberg Traurig, P.A. as Counsel for the Examiner *Nunc Pro Tunc* as of May 20, 2011[9] ("Application to Employ GT") and the Court entered an Order approving the application on June 23, 2011.[10]

---

[6] FII D.E. 60; MBOF D.E. 47; LR12 D.E. 47.

[7] FII D.E. 61; MBOF D.E. 48; LR12 D.E. 48.

[8] FII D.E. 64; MBOF D.E. 51; LR12 D.E. 50.

[9] FII D.E. 108; MBOF D.E. 88; LR12 D.E. 80.

[10] FII D.E. 133; MBOF D.E. 119; LR12 D.E. 105.

## III.    DESCRIPTION AND SUMMARY OF SERVICES PERFORMED

During the Application Period, Greenberg Traurig has devoted substantial time and resources to the representation of the Examiner.  This Application seeks compensation only for services rendered and expenses incurred in connection with the performance of duties prescribed by the Bankruptcy Code or pursuant to Orders of this Court, and relates only to these Involuntary Cases and the related matters for which Greenberg Traurig has been engaged.  None of the services or expenses set forth herein were rendered in connection with any other matter.

A detailed recitation of each and every item of professional services that Greenberg Traurig performed during the Application Period would unduly burden the Court.  The following summary is intended to highlight the major areas in which services were rendered.  The specific services rendered by Greenberg Traurig are itemized and described in the Exhibits annexed hereto.

The professional services and related expenses for which Greenberg Traurig requests allowance, award and payment of compensation and reimbursement of expenses have been substantially beneficial to the Examiner in the scope and performance of his duties, and have been necessary to the administration of these Involuntary Cases.

The following summary describes certain of Greenberg Traurig's major accomplishments and completed or on-going tasks undertaken during the Application Period in order to assist the Examiner in an efficient manner.

Greenberg Traurig assisted the Examiner with his investigation into, and examination of, certain matters relating to control and ownership of the Alleged Debtors, the legitimacy of the claims of the Petitioning Creditors, the allegations set forth in the Verified Motion and the financial affairs and business records of the Alleged Debtors.  This process included Greenberg

Traurig's active participation in, among other things, oral, written and in person meetings with counsel for the DiBello/Zeltser Group, the Rebak/Redmond Group and the Petitioning Creditors; interviews with witnesses supplied by the constituencies, as well as the preparation of interview guidelines; and, the telephonic preview of the Examiner's initial findings and conclusions with each of the parties and their counsel. Greenberg Traurig also reviewed, analyzed and distilled thousands of pages of documents provided by each of the constituencies; pleadings, hearing transcripts, deposition transcripts, witness statements and orders filed in these Involuntary Cases and in related litigation in the United States and around the world; position statements submitted by each of the constituencies as well as supporting documentation; business and financial records of the Alleged Debtors (including bank statements, loan agreements, financial statements, tax returns and other documents), and other documents produced to the Examiner by the parties, as well as independent, third-party confirmatory sources of information. More specifically, Greenberg Traurig reviewed and analyzed documents and information necessary to enable the Examiner to draft his 100-page Report, and also provided the Examiner with material assistance in the drafting and editing of the Report.

In addition, Greenberg Traurig provided the Examiner with legal memoranda on complex legal issues, including issues relating to bankruptcy law, the Federal Rules of Evidence, contract interpretation, foreign law, tax law and corporate law. Greenberg Traurig has also appeared on behalf of the Examiner at hearings and status conferences in these Involuntary Cases, as well as filed pleadings for the Examiner in furtherance of the performance of his duties as set forth by this Court.

## VI.    FACTORS TO BE CONSIDERED

**The Time and Labor Required:** The detailed time records of services rendered, attached hereto as Exhibit "3", show that the professionals and paraprofessionals of Greenberg

Traurig have devoted 613.85 hours of time in the representation of the Examiner during the Application Period.  In circumstances where the expertise and judgment of an attorney were not required, responsibilities were delegated to paralegals.  The services rendered were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed.   Greenberg Traurig submits that whether viewed individually as to each of the tasks or collectively as a whole, the time expended and fees incurred during the first interim period have been reasonable and efficient to accomplish the needs of these cases.

**The Novelty and Difficulty of the Services Rendered:** Greenberg Traurig assisted the Examiner in addressing a number of complex legal and business issues raised in these Involuntary Cases, requiring in-depth knowledge of bankruptcy, litigation, tax, corporate, business and commercial law.  Such legal questions arising in the representation of the Examiner have required the exercise of skill by experienced counsel in multiple disciplines such as bankruptcy and reorganization, corporate, litigation, tax and foreign law.

**The Skill Requisite to Perform the Services Properly:** Greenberg Traurig has been able to draw upon resources within the firm, nationally and internationally, to provide all of the legal services rendered to the Examiner in the multiple areas of law recited in the preceding paragraph, and to date the Examiner has not been required to seek the retention of special counsel for any purpose.

**The Preclusion of Other Employment by the Professional Due to the Acceptance of the  Case:** Greenberg Traurig is aware of no other employment that was precluded as a result of its accepting these cases.

**The Customary Fee:** The rates charged by the participating attorneys and paralegals as set forth in Exhibit "1" are within the range charged by such professionals of similar skill and reputation in their respective jurisdictions and their respective fields of practice. The blended billable rate of $508.87 per hour for the professionals and paraprofessionals working on these cases is in line with rates customarily charged by Greenberg Traurig for similar cases, and reflects the necessity to involve many of the more senior attorneys within the firm's relevant practice areas in the initial phase of any engagement. In all instances care has been taken to avoid duplication of effort, and much of the work initially performed by senior attorneys has gradually been delegated to associates billing at lower hourly rates.

**Whether the Fee is Fixed or Contingent:** The Applicant's compensation in these matters is subject to and contingent upon approval of the Court, a factor which militates in favor of a fee in the amount requested. The amount requested is consistent with the fee that the Applicant would charge its clients in other cases in which fees are payable on a monthly basis without the requirement of application to and approval by any court.

**Time Limitations Imposed by the Client or Other Circumstances:** The immediate nature of matters involved in these cases have required Greenberg Traurig's attorneys to devote a substantial amount of their time to handling matters relating to the Examiner's investigation and examination in these Involuntary Cases. In the course of providing the services covered in this Application, Greenberg Traurig attorneys consistently responded to the Examiner's needs on an expedited basis, and continue to work diligently to assist the Examiner in the furtherance of his fiduciary duties for the benefit of the involuntary estates and their creditors.

**The Experience, Reputation, and Ability of the Professional:** Greenberg Traurig is an established full-service law firm having substantial experience in the areas of bankruptcy,

litigation, tax, corporate, international, business and commercial law, all of which are necessarily required in the representation of the Examiner in the scope of these complex Involuntary Cases.

**The Undesirability of the Case:** Greenberg Traurig does not find it undesirable to represent the Examiner in these cases or any other reputable party in any form of bankruptcy proceeding, based upon the understanding that reasonable compensation will be awarded for fees and expenses incurred during the course of representation.

**The Nature and Length of the Professional Relationship of the Client:** Greenberg Traurig was retained for purposes of representing the Examiner in these Involuntary Cases. Prior to this engagement, Greenberg Traurig had represented James S. Feltman in various capacities, unrelated to the Alleged Debtors or these Involuntary Cases.

**Awards in Similar Cases:** The amount requested by the Applicant is reasonable in terms of awards in cases of similar magnitude and complexity. The compensation that the Applicant requests comports with the mandate of the Bankruptcy Code, which directs that services be evaluated in light of comparable services performed in non-bankruptcy cases in the community. The fees requested by the Applicant reflect an average hourly rate of approximately $508.87. Considering the extensive nature of the work provided to the Examiner thus far, including the completion of the Report, and the complexity of the issues addressed during the period covered by this Application, this rate is entirely appropriate.

Finally, Greenberg Traurig is well aware of the custom and practice in this District of retaining a partial "holdback" of fees pending a final award or further interim awards in a Chapter 11 case. In seeking the allowance, award and payment of fees and reimbursement of expenses in this First Interim Application, Greenberg Traurig defers entirely to the judgment and discretion of the Court with respect to the imposition and amount of any such holdback.

WHEREFORE, Greenberg Traurig requests that upon due consideration of the foregoing facts and circumstances, the Court enter an Order: (a) granting this First Interim Application; (b) allowing and awarding $312,368.75 in fees for services rendered and $1,467.17 for reimbursement of expenses incurred during the period covered by this Application, or such other amount as the Court may determine is appropriate on an interim basis; (c) directing that such interim allowance, award and payment operate without prejudice to the right of Greenberg Traurig to seek, and of any interested party to object to, the further interim and final award of additional compensation and reimbursement of expenses in these Involuntary Cases; and (d) affording such other and further relief as may be fair and reasonable under the circumstances.

Dated December 1, 2011.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
*Counsel for the Chapter 11 Examiner*
333 Avenue of the Americas
Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By: /s/ James P.S. Leshaw
JAMES P.S. LESHAW
Florida Bar No. 917745
leshawj@gtlaw.com
Ari Newman
Florida Bar No. 56575
newmarar@gtlaw.co

## CERTIFICATION

1.      I have been designated by Greenberg Traurig, P.A. (the "Applicant") as the professional with responsibility in this case for compliance with the "Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases" (the "Guidelines").

2.      I have read the Applicant's application for compensation and reimbursement of expenses (the "Application"). The application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the application.

3.      The fees and expenses sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

4.      In seeking reimbursement for the expenditures described on Exhibit 2, the Applicant is seeking reimbursement only for the actual expenditure and has not marked up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that the Applicant has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5.      In seeking reimbursement for any service provided by a third party, the Applicant is seeking reimbursement only for the amount actually paid by the Applicant to the third party.

Dated December 1, 2011.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
*Counsel for the Chapter 11 Examiner*
333 Avenue of the Americas
Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By: /s/ James P.S. Leshaw
    JAMES P.S. LESHAW
    Florida Bar No. 917745
    leshawj@gtlaw.com

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on December 7, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        /s/ James P.S. Leshaw
                                        JAMES P.S. LESHAW

**SERVICE LIST**

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case:

Case No. 11-17047-AJC

- Brett M Amron    bamron@bastamron.com,
  jeder@bastamron.com,dquick@bastamron.com,kparrales@bastamron.com,jmiranda@ba
  stamron.com,afiorentino@bastamron.com
- Johanna Armengol    Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov
- Terrance A Dee    tdee@dlclegal.com,
  ddibello@dlclegal.com;flopez@dlclegal.com;chackney@dlclegal.com;dperry@dlclegal.c
  om
- James P.S. Leshaw    leshawj@gtlaw.com,
  mialitdock@gtlaw.com;miaecfbky@gtlaw.com
- Ari Newman    newmanar@gtlaw.com, thompsonc@gtlaw.com;mialitdock@gtlaw.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Craig A. Pugatch    capugatch.ecf@rprslaw.com
- Joseph L Rebak    jlr@tewlaw.com,
  jsk@tewlaw.com;np@tewlaw.com;eguzman@tewlaw.com
- Patricia A Redmond    predmond@stearnsweaver.com,
  jrivera@stearnsweaver.com;rross@stearnsweaver.com;mmesones-
  mori@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com
- George L. Zinkler    gzinkler.ecf@rprslaw.com

Case No. 11-17051-AJC

- Johanna Armengol    Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov
- Terrance A Dee    tdee@dlclegal.com,
  ddibello@dlclegal.com;flopez@dlclegal.com;chackney@dlclegal.com;dperry@dlclegal.c
  om
- James P.S. Leshaw    leshawj@gtlaw.com,
  mialitdock@gtlaw.com;miaecfbky@gtlaw.com
- Ari Newman    newmanar@gtlaw.com, thompsonc@gtlaw.com;mialitdock@gtlaw.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Craig A. Pugatch    capugatch.ecf@rprslaw.com
- Patricia A Redmond    predmond@stearnsweaver.com,
  jrivera@stearnsweaver.com;rross@stearnsweaver.com;mmesones-
  mori@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com
- Emanuel Zeltser    ez@russianlaw.org
- George L. Zinkler    gzinkler.ecf@rprslaw.com

Case No. 11-17061-AJC

- Johanna Armengol     Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov
- Terrance A Dee     tdee@dlclegal.com,
  ddibello@dlclegal.com;flopez@dlclegal.com;chackney@dlclegal.com;dperry@dlclegal.c
  om
- James P.S. Leshaw     leshawj@gtlaw.com,
  mialitdock@gtlaw.com;miaecfbky@gtlaw.com
- Ari Newman     newmanar@gtlaw.com, thompsonc@gtlaw.com;mialitdock@gtlaw.com
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
- Craig A. Pugatch     capugatch.ecf@rprslaw.com
- Patricia A Redmond     predmond@stearnsweaver.com,
  jrivera@stearnsweaver.com;rross@stearnsweaver.com;mmesones-
  mori@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com
- Emanuel Zeltser     ez@russianlaw.org
- George L. Zinkler     gzinkler.ecf@rprslaw.com

**Manual Notice List**

**None**

*MIA 182,220,225 v2 133585.010100*

# Summary of Professional and
## Paraprofessional Time Total
## per Individual for this Period Only

| Name | Title | Year Licensed | Hours | Rate | Fees |
|---|---|---|---|---|---|
| Philip H. Cohen (NY) | Shareholder | 1989 | 0.50 | $740.00 | $370.00 |
| James P. S. Leshaw (FL) | Shareholder | 1989 | 288.40 | $725.00 | $209,090.00 |
| Emma L. Menzies (London) | Shareholder | 1991 | 3.50 | $705.00 | $2,467.50 |
| Fiona Adams (London) | Shareholder | 1993 | 3.40 | $640.00 | $2,176.00 |
| Carl A. Fornaris (FL) | Shareholder | 1993 | 0.20 | $610.00 | $122.00 |
| Gregory M. Marks (FL) | Shareholder | 1979 | 0.25 | $595.00 | $148.75 |
| Manuel R. Valcarcel (FL) | Shareholder | 1996 | 0.40 | $540.00 | $216.00 |
| Nikki L. Simon (FL) | Shareholder | 1999 | 0.30 | $460.00 | $138.00 |
| Rachel Sims (NY) | Associate | 2002 | 0.50 | $535.00 | $267.50 |
| Amardeep K. Bharj | Associate | 2011 | 9.00 | $315.00 | $2,835.00 |
| Ari Newman (FL) | Associate | 2008 | 285.10 | $315.00 | $89,806.50 |
| Ameer Malik (London) | Associate | 2004 | 5.20 | $240.00 | $1,248.00 |
| **Totals for Professional** | | | **596.75** | | **$308,885.25** |

| Name | Title | Hours | Rate | Fees |
|---|---|---|---|---|
| Maribel R. Fontanez (FL) | Paralegal | 16.70 | $205.00 | $3,423.50 |
| Michael A. Ambrose (GA) | Research Specialist | 0.40 | $150.00 | $60.00 |
| **Totals for Paraprofessional** | | **17.10** | | **$3,483.50** |

| | | | |
|---|---|---|---|
| **Total Hours/Fees** | | **613.85** | **$312,368.75** |
| **Blended Average Hourly Rate** | | **$508.87** | |

Notes:

**Exhibit 1**

## Summary of Requested Reimbursement of Expenses
## for this Time Period Only

| Description | Quantity | Cost | Total |
|---|---|---|---|
| 1. **Filing Fees** | | | **$0.00** |
| 2. **Process Service Fees** | | | **$0.00** |
| 3. **Witness Fees** | | | **$0.00** |
| 4. **Court Reporter Fees and Transcripts** | | | **$0.00** |
| 5. **Lien and Title Searches** | | | **$205.00** |
| 6. **Photocopies** | | | **$369.15** |
| ( 1 ) In-house copies | 2,461 | $369.15 | |
| ( 2 ) Outside Copying | | $0.00 | |
| 7. **Postage** | | | **$88.04** |
| 8. **Overnight Delivery Charges** | | | **$44.94** |
| 9. **Outside Courier/Messenger Services** | | | **$10.84** |
| 10. **Long Distance Telephone Charges** | | | **$0.00** |
| 11. **Long Distance Fax Transmissions** | | | **$2.00** |
| 12. **Computerized Research** | | | **$501.27** |
| ( 1 ) PACER | | $63.44 | |
| ( 2 ) Westlaw | | $437.83 | |
| 13. **Out-of-Southern-District-of-Florida Travel** | | | **$209.98** |
| ( 1 ) Transportation | | $0.00 | |
| ( 2 ) Lodging | | $0.00 | |
| ( 3 ) Meals | | $149.98 | |
| ( 4 ) Parking | | $60.00 | |
| 14. **Other Permissible Expenses (must specify and justify)** | | | **$35.95** |
| ( 1 ) Conference Call | | $35.95 | |
| ( 2 ) DTC Document Production Fee | | $0.00 | |
| ( 3 ) Binding | | $0.00 | |
| ( 4 ) Imaging | | $0.00 | |
| ( 5 ) Supplies | | $0.00 | |
| ( 6 ) Court Call | | $0.00 | |
| **Total Expenses Reimbursement Requested** | | | **$1,467.17** |

**Exhibit 2**

**GT** GreenbergTraurig

Invoice No.: 2965169
File No.    : 133585.010100
Bill Date   : July 6, 2011

James Feltman, as Examiner of Fisher Isl
Mesirow Financial Consulting, LLC
One Biscayne Tower, Suite 1800
2 South Biscayne Boulevard
Miami, Florida 33131

Attn: Mr. James Feltman

## INVOICE

Re:   General Examiner Representation

<u>Legal Services through June 30, 2011</u>:

|  |  |  |
|---|---|---|
| Total Fees: | $ | 19,062.00 |

<u>Expenses</u>:

| | |
|---|---|
| Photocopy Charges | 169.95 |
| Postage | 88.04 |
| Information and Research | 8.40 |

| | | |
|---|---|---|
| Total Expenses: | $ | 266.39 |
| **Current Invoice**: | **$** | **19,328.39** |

\*   \*   \*   \*   \*

JPSL:SC
Tax ID: 59-1270754

**WE HAVE MOVED**
**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

Invoice No.:  2965169
File No.    :  133585.010100

**Summary of Fees (Current Invoice)**

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| James P. S. Leshaw | 11.90 | 725.00 | 8,627.50 |
| Ari Newman | 28.70 | 315.00 | 9,040.50 |
| Maribel Fontanez | 6.80 | 205.00 | 1,394.00 |
| Totals: | 47.40 | 402.15 | $  19,062.00 |

\* \* \* \* \*

JPSL:SC
Tax ID: 59-1270754

**WE HAVE MOVED**
**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

**GT** GreenbergTraurig

Invoice No.: 2965169
File No.   :   133585.010100

---

### REMITTANCE ADVICE

---

PLEASE RETURN WITH YOUR PAYMENT

**CLIENT NAME:**      **JAMES FELTMAN, AS EXAMINER OF FISHER ISL**
**FILE NUMBER:**      **133585.010100**
**INVOICE NUMBER:**   **2965169***
**BILLING**
**PROFESSIONAL:**     **James P. S. Leshaw**

| | | |
|---|---|---|
| Current Invoice: | $ | 19,328.39 |
| Previous Balance: | $ | 0.00 |
| **Total Amount Due:** | **$** | **19,328.39** |

**Payment Amount:**

FOR YOUR CONVENIENCE, WIRE TRANSFER FUNDS TO:

TO:                    WACHOVIA BANK - Division of Wells Fargo
ABA #:                 063000021
INTERNATIONAL
SWIFT:                 PNBPUS33
CREDIT TO:             GREENBERG TRAURIG DEPOSITORY ACCOUNT
ACCOUNT #:             2000014648663

**PLEASE**
**REFERENCE:**          **CLIENT NAME:**       **JAMES FELTMAN, AS EXAMINER OF**
                                               **FISHER ISL**
                       **FILE NUMBER:**        **133585.010100**
                       **INVOICE NUMBER:**     **2965169***
                       **BILLING**
                       **PROFESSIONAL:**       **James P. S. Leshaw**

JPSL:SC
Tax ID: 59-1270754

### WE HAVE MOVED
**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

**GT** GreenbergTraurig

Invoice No.:  2965169
File No.   :  133585.010100

Wire fees may be assessed by your bank.
**\* If paying more than one invoice, please reference all invoice numbers in wiring instructions.**

JPSL:SC
Tax ID:  59-1270754

**WE HAVE MOVED**
**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

| | | | | |
|---|---|---|---|---|
| Invoice No.: | 2965169 | | | Page 1 |
| Re: | General Examiner Representation | | | |
| Matter No.: | 133585.010100 | | | |

### Description of Professional Services Rendered:

| DATE | TIMEKEEPER | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| 05/20/11 | James P. S. Leshaw | Follow up re employment issues and disclosure issues | 0.40 | 290.00 |
| 05/20/11 | Ari Newman | Call with Examiner re legal issues and upcoming meetings (.2); reviewing and analyzing pleadings (.3); drafting retention papers (.4). | 0.90 | 283.50 |
| 05/23/11 | Maribel Fontanez | Prepare Leshaw Declaration. | 2.50 | 512.50 |
| 05/23/11 | James P. S. Leshaw | Follow up re employment and disclosure issues | 0.20 | 145.00 |
| 05/23/11 | James P. S. Leshaw | Conference call w/ J. Feltman and team re investigative strategy (.5); follow up re same (.2) | 0.70 | 507.50 |
| 05/23/11 | Ari Newman | Drafting application to employ Greenberg Traurig as counsel to the Examiner (.7); Conference call with investigative team (.5); reviewing and organizing pleadings and exhibits (.3); Drafting Leshaw Declaration and disclosures in support of Application (1.4). | 2.90 | 913.50 |
| 05/24/11 | Maribel Fontanez | Save conflict searches as pdfs and forward to A. Newman. | 0.10 | 20.50 |
| 05/24/11 | Maribel Fontanez | Review documents to locate name and position of D. Kay; reply to A. Newman e-mail; prepare order employing GT. | 0.80 | 164.00 |
| 05/24/11 | Maribel Fontanez | Provide A. Newman with a breakdown of firm rates (.2); | 0.50 | 102.50 |
| 05/24/11 | James P. S. Leshaw | Review of pleadings re ownership dispute | 0.30 | 217.50 |
| 05/24/11 | James P. S. Leshaw | Review of and revision of Mesirow employment application and related Code provisions | 0.60 | 435.00 |
| 05/24/11 | Ari Newman | Drafting and revising application to employ Greenberg Traurig as counsel to the Examiner, declaration of James Leshaw in support thereof and related disclosures, and proposed Order authorizing retention (4.2); Drafting and revising application to employ Mesirow Financial as financial advisors and investigators to the Examiner, declaration of Paul Philip in support thereof and related disclosures, and proposed Order authorizing retention (3.1). | 7.30 | 2299.50 |
| 05/25/11 | James P. S. Leshaw | Review of Mesirow retention papers; review of and revision of GT retention papers | 1.40 | 1015.00 |
| 05/25/11 | Ari Newman | Drafting and revising application to employ Greenberg Traurig as counsel to the Examiner, declaration of James Leshaw in support thereof and related disclosures, and proposed Order authorizing retention (1.7); Drafting and revising application to employ Mesirow Financial as financial advisors and investigators to the Examiner, declaration of Paul Philip in support thereof and related disclosures, and proposed Order authorizing retention (0.6); Reviewing transcript from Status | 2.60 | 819.00 |

| Invoice No.: | 2965169 | | | Page 2 |
|---|---|---|---|---|
| Re: | General Examiner Representation | | | |
| Matter No.: | 133585.010100 | | | |

Description of Professional Services Rendered

| | | | | |
|---|---|---|---|---|
| | | Conference (0.3). | | |
| 05/26/11 | Maribel Fontanez | Review additional creditors list and reply to A. Newman e-mail. | 0.10 | 20.50 |
| 05/26/11 | Ari Newman | Call with Examiner re Retention Papers and Order on Status Conference (.4); Drafting Order on Status Conference and reviewing transcript in connection with same (1.4); Reviewing relevant pleadings and summaries re case update and status (.4); Revisions to GT and Mesirow Applications (.6). | 2.80 | 882.00 |
| 05/27/11 | Maribel Fontanez | Review service lists. | 0.10 | 20.50 |
| 05/27/11 | Maribel Fontanez | Prepare service list to be attached to applications to employ; e-mail to A. Newman regarding same. | 0.70 | 143.50 |
| 05/27/11 | James P. S. Leshaw | T/c w/ J. Feltman re strategy and next steps (.3); review of transcript of status conference and review of and revision of order on status conference (.4); follow up re investigative issues (.1) | 0.80 | 580.00 |
| 05/27/11 | James P. S. Leshaw | Review of and revision of Mesirow and GT applications and related documents; email to Redmond, Amron and Pugatch re same | 0.60 | 435.00 |
| 05/27/11 | Ari Newman | Revising Order on Status Conference and circulating for comment (.2); Revisions to GT and Mesirow Applications, Declarations and Proposed Orders granting same, reviewing certificates of service and preparing for filing (1.7). | 1.90 | 598.50 |
| 05/31/11 | James P. S. Leshaw | Conference call w/ Feltman re background and strategy (.5); review of documents in preparation for call w/ Redmond, Rebak and others (1.6); participation in call re same (2.7) | 4.80 | 3480.00 |
| 05/31/11 | James P. S. Leshaw | T/c w/ Brett Amron re disclosure issues | 0.20 | 145.00 |
| 05/31/11 | Ari Newman | Telephonic attendance at meeting with Examiner and Alleged Debtors (3.0); Reviewing and analyzing documents in advance of meeting and internal discussions re documents (1.2); Call with Examiner in preparation for meeting with Alleged Debtors (.4); Revising and re-circulating declaration in support of GT Application, emails and phone calls regarding declaration in support of GT Application (1.0). | 5.60 | 1764.00 |
| 06/01/11 | Maribel Fontanez | Finalize and e-file Application to Employ Mesirow; prepare amended certificate of service. | 1.10 | 225.50 |
| 06/01/11 | Ari Newman | Reviewing new pleading filed by Petitioning Creditors; internal discussions re GT Retention Application; emails with purported counsel to alleged debtors re retention papers; preliminary review of documents produced to Examiner. | 0.90 | 283.50 |
| 06/02/11 | Maribel Fontanez | Finalize application to employ GT, e-file and process for service. | 0.50 | 102.50 |
| 06/02/11 | Ari Newman | Final revisions to Greenberg Traurig Retention Application; Overseeing filing of Application; Emails re Order on Status Conference. | 0.60 | 189.00 |

Invoice No.:    2965169                        Page 3
Re:            General Examiner Representation
Matter No.:    133585.010100

Description of Professional Services Rendered

| Date | Name | Description | Hours | Amount |
|---|---|---|---|---|
| 06/03/11 | Maribel Fontanez | Finalize and upload order regarding status conference. | 0.10 | 20.50 |
| 06/03/11 | Ari Newman | Emails re Order on Status Conference; final revisions and uploading. | 0.20 | 63.00 |
| 06/07/11 | James P. S. Leshaw | Follow up re hearing on Mesirow application | 0.20 | 145.00 |
| 06/08/11 | James P. S. Leshaw | Follow up re hearings on Mesirow and GT Applications; t/c w/ J. Feltman re same | 0.20 | 145.00 |
| 06/09/11 | James P. S. Leshaw | Follow up re employment application issues | 0.20 | 145.00 |
| 06/13/11 | Ari Newman | Reviewing interrogatories and request for production served by alleged debtor; reviewing newly filed pleadings and entered orders. | 0.20 | 63.00 |
| 06/14/11 | Maribel Fontanez | Confer with A. Newman regarding Feltman telephonic appearance at hearing; call with deputy clerk regarding same; e-mail to C. Cummings regarding same. | 0.30 | 61.50 |
| 06/20/11 | Ari Newman | Reviewing and analyzing Response to Requests for Production of Documents. | 0.20 | 63.00 |
| 06/21/11 | James P. S. Leshaw | T/c w/ J. Feltman re retention hearings; preparation for same | 0.20 | 145.00 |
| 06/21/11 | Ari Newman | Internal emails re new pleadings and discovery; phone conversation with Examiner re hearing. | 0.10 | 31.50 |
| 06/22/11 | James P. S. Leshaw | Preparation for retention hearings, including review of order; attendance at and participation in hearing | 1.10 | 797.50 |
| 06/22/11 | Ari Newman | Reviewing and analyzing pleadings and retention papers in advance of hearing; internal discussion re hearing preparation; preparing binder for use at hearing. | 2.30 | 724.50 |
| 06/29/11 | Ari Newman | Reviewing and circulating order approving retention of Greenberg Traurig and Mesirow Financial Consulting. | 0.20 | 63.00 |

Total Time:   47.40
Total Fees:   $ 19,062.00

| | | | |
|---|---|---|---|
| Invoice No.: | 2965169 | | Page 4 |
| Re: | General Examiner Representation | | |
| Matter No.: | 133585.010100 | | |

Description of Expenses Billed:

| DATE | DESCRIPTION | | AMOUNT |
|---|---|---|---|
| 05/24/11 | Search Criteria: (None);   Document Type: Pacer Research Charges for May 2011 | $ | 7.52 |
| 05/26/11 | Search Criteria: (None);   Document Type: Pacer Research Charges for May 2011 | $ | 0.72 |
| 05/27/11 | Search Criteria: (None);   Document Type: Pacer Research Charges for May 2011 | $ | 0.16 |
| 06/01/11 | Copy; 390 Page(s) by 000001 | $ | 58.50 |
| 06/01/11 | Copy; 1 Page(s) by 000001 | $ | 0.15 |
| 06/01/11 | Postage by 000001 | $ | 17.92 |
| 06/02/11 | Copy; 364 Page(s) by 000001 | $ | 54.60 |
| 06/02/11 | Postage by 000001 | $ | 17.92 |
| 06/09/11 | Copy; 42 Page(s) by 007359 | $ | 6.30 |
| 06/09/11 | Postage by 000001 | $ | 14.40 |
| 06/10/11 | Copy; 84 Page(s) by 007359 | $ | 12.60 |
| 06/10/11 | Postage by 000001 | $ | 14.40 |
| 06/29/11 | Copy; 252 Page(s) by 000001 | $ | 37.80 |
| 06/29/11 | Postage by 000001 | $ | 23.40 |
| | Total Expenses: | $ | 266.39 |

 **GreenbergTraurig**

|  |  |
|---|---|
| Invoice No.: | 3042293 |
| File No. : | 133585.010100 |
| Bill Date : | October 28, 2011 |

James Feltman, as Examiner of Fisher Isl
Mesirow Financial Consulting, LLC
One Biscayne Tower, Suite 1800
2 South Biscayne Boulevard
Miami, Florida  33131

Attn: Mr. James Feltman

## INVOICE

Re:   General Examiner Representation

REVISED INVOICE
This invoice replaces invoice# 2984454

|  |  |  |
|---|---|---|
| Total Fees: | $ | 37,694.00 |

Expenses:

| | | |
|---|---|---|
| Conference Calls | 2.89 | |
| Information and Research | 30.16 | |
| Total Expenses: | $ | 33.05 |
| **Current Invoice**: | **$** | **37,727.05** |

| | | |
|---|---|---|
| Previous Balance (see attached statement): | $ | 71,649.01 |
| **Total Amount Due:** | **$** | **109,376.06** |

JPSL:SC
Tax ID: 59-1270754

### WE HAVE MOVED
**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

 **GT** GreenbergTraurig

Invoice No.:  3042293
File No.    :  133585.010100

<div align="center">

| REMITTANCE ADVICE |
|---|

</div>

<div align="center">PLEASE RETURN WITH YOUR PAYMENT</div>

**CLIENT NAME:**       **JAMES FELTMAN, AS EXAMINER OF FISHER ISL**
**FILE NUMBER:**       **133585.010100**
**INVOICE NUMBER:**    **3042293***
**BILLING**
**PROFESSIONAL:**      **James P. S. Leshaw**

| | | |
|---|---|---|
| Current Invoice: | $ | 37,727.05 |
| Previous Balance: | $ | 71,649.01 |
| **Total Amount Due:** | **$** | **109,376.06** |

**Payment Amount:**        _____

<div align="center">FOR YOUR CONVENIENCE, WIRE TRANSFER FUNDS TO:</div>

| | |
|---|---|
| TO: | WACHOVIA BANK - Division of Wells Fargo |
| ABA #: | 063000021 |
| INTERNATIONAL SWIFT: | PNBPUS33 |
| CREDIT TO: | GREENBERG TRAURIG DEPOSITORY ACCOUNT |
| ACCOUNT #: | 2000014648663 |

**PLEASE**
**REFERENCE:**    **CLIENT NAME:**      **JAMES FELTMAN, AS EXAMINER OF FISHER ISL**
                 **FILE NUMBER:**      **133585.010100**
                 **INVOICE NUMBER:**   **3042293***
                 **BILLING**
                 **PROFESSIONAL:**     **James P. S. Leshaw**

JPSL:SC
Tax ID: 59-1270754

<div align="center">

## WE HAVE MOVED

**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

</div>



Invoice No.: 3042293
File No.   : 133585.010100

Wire fees may be assessed by your bank.
**\* If paying more than one invoice, please reference all invoice numbers in wiring instructions.**

JPSL:SC
Tax ID: 59-1270754

## WE HAVE MOVED
**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

 GreenbergTraurig

Invoice No. : 3042293
File No. : 133585.010100

**Account Statement**

| Date | Invoice # | Fees Due | Expenses Due | Other Due | Total Due |
|------|-----------|---------|--------------|-----------|-----------|
| 07/06/11 | 2965169 | 19,062.00 | 266.39 | 0.00 | 19,328.39 |
| 09/06/11 | 3004711 | 9,253.00 | 18.04 | 0.00 | 9,271.04 |
| 10/04/11 | 3022876 | 42,952.00 | 97.58 | 0.00 | 43,049.58 |
| Totals: | | $ 71,267.00 | $ 382.01 | $ 0.00 | $ 71,649.01 |

JPSL:SC
Tax ID: 59-1270754

**WE HAVE MOVED**
**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

| | | | | |
|---|---|---|---|---|
| Invoice No.: | 3042293 | | | Page 1 |
| Re: | General Examiner Representation | | | |
| Matter No.: | 133585.010100 | | | |

Description of Professional Services Rendered:

| DATE | TIMEKEEPER | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| 07/13/11 | James P. S. Leshaw | Multiple calls w/ J. Feltman re legal/examiner issues; review of article re use of examiner reports; review of legal documents and follow up re same | 1.60 | 1160.00 |
| 07/13/11 | Emma L. Menzies | Call on new matter. | 0.50 | 352.50 |
| 07/13/11 | Ari Newman | Telephonic meeting with Examiner re complex legal issues; internal discussion re legal issues and analysis of same; reviewing relevant documents produced by the Alleged Debtors' and reviewing ownership structures relevant to legal analysis. | 2.20 | 693.00 |
| 07/13/11 | Ari Newman | Reviewing and analyzing Baker Affidavit, The Fisher (Valmore) Trust Agreement and Declaration of Elizabeth Anne Weaver; discussion with and emails to counsel in London re UK law. | 1.80 | 567.00 |
| 07/14/11 | Fiona Adams | Review of legal opinion re transfer of shares in English company FIL. Call with James Feldman | 2.00 | 1280.00 |
| 07/14/11 | James P. S. Leshaw | Review of documents re stock transfers; multiple conversations w/ J. Feltman and Bert Lacativo re same; multiple calls w. English counsel re same | 4.30 | 3117.50 |
| 07/14/11 | Ameer Malik | English law review of the sworn declaration of Elizabeth Anne Weaver. Research and confirmation of the UK law provided as part of EAW's legal opinion. | 2.00 | 480.00 |
| 07/14/11 | Emma L. Menzies | Reviewing documents, discussing with F.A. and Tax and A.B. and US. | 3.00 | 2115.00 |
| 07/14/11 | Ari Newman | Conference call with Examiner and counsel in London re issues of British corporate law and related legal issues; reviewing, analyzing and discussing terms of Fisher Trust Agreement; drafting memorandum addressing Gibraltar trust issues. | 3.90 | 1228.50 |
| 07/15/11 | Fiona Adams | Review of memo | 1.10 | 704.00 |
| 07/15/11 | James P. S. Leshaw | Review of and revision of memo re Gibraltar trust issues | 0.60 | 435.00 |
| 07/15/11 | Ameer Malik | English law review of the sworn declaration of Elizabeth Anne Weaver. Research and confirmation of the UK law provided as part of EAW's legal opinion. | 3.20 | 768.00 |
| 07/15/11 | Ari Newman | Preparing for meeting with Examiner and investigative team (.5); Meeting with Examiner and investigative team (1.5); Drafting and revising memo re Trust Agreement  (.5); reviewing and analyzing memo re Weaver Declaration (.3); Reviewing and analyzing documents relevant to legal analysis and issues (1.3). | 4.10 | 1291.50 |
| 07/18/11 | Fiona Adams | Finalising advice to client | 0.30 | 192.00 |
| 07/18/11 | James P. S. Leshaw | Review of and revision of memos re legal issues; review of documents re position statements; strategy re legal issues/examiner duties | 1.20 | 870.00 |
| 07/18/11 | Ari Newman | Drafting and revising memo re Trust Agreement; | 1.00 | 315.00 |

Invoice No.: 3042293     Page 2
Re: General Examiner Representation
Matter No.: 133585.010100

<u>Description of Professional Services Rendered</u>

| | | | | |
|---|---|---|---|---|
| | | discussion re critical facts and legal issues; reviewing and analyzing memo re English law; circulating memoranda to client. | | |
| 07/20/11 | James P. S. Leshaw | Follow up re trust issues; t/c w/ J. Feltman re same and related matters | 0.30 | 217.50 |
| 07/21/11 | James P. S. Leshaw | Follow up re Gibraltar legal issues; t/c w/ Gibraltar legal counsel | 0.70 | 507.50 |
| 07/21/11 | Ari Newman | Phone call with Gibraltar counsel re Trust Agreement. | 0.10 | 31.50 |
| 07/22/11 | James P. S. Leshaw | Attendance at meeting w/ Feltman and Mesirow people re examiner issues; preparation of outline re calls w/ counsel; t/c w/ Feltman and Brett Friedman | 5.20 | 3770.00 |
| 07/25/11 | James P. S. Leshaw | Calls w/ Feltman, Redmond, Pugatch and Rebak re miscellaneous issues; review of new pleadings/events; preparation for status conference | 3.80 | 2755.00 |
| 07/25/11 | Ari Newman | Reviewing and analyzing New York Supreme Court Opinion; draft email summary re New York Opinion; reviewing newly filed pleadings re venue and Adler dismissal; internal discussion re preparation for Status Conference. | 1.10 | 346.50 |
| 07/26/11 | James P. S. Leshaw | Review of Fried Opinion; email re same; preparation for status conference including calls w/ T. Redmond, B. Amron and UST, review of documents and meeting w/ J. Feltman; attendance at and participation in status conference; meeting after status conference re next steps | 7.20 | 5220.00 |
| 07/27/11 | James P. S. Leshaw | Preparation for meeting w./ J. Feltman re strategy/report; attendance at meeting re same; review of debt documents | 4.20 | 3045.00 |
| 07/27/11 | Ari Newman | Preparing documents in connection with meeting with Examiner; discussions re same. | 0.30 | 94.50 |
| 07/28/11 | James P. S. Leshaw | Review of debt documents; strategy re examiner report issues | 1.80 | 1305.00 |
| 07/28/11 | Ari Newman | Meeting re examiner report; reviewing and analyzing debt documents and drafting summary in connection with same. | 3.90 | 1228.50 |
| 07/29/11 | Carl A. Fornaris | Telephone conference with J. Leshaw and A. Newman re London International Bank Ltd. | 0.20 | 122.00 |
| 07/29/11 | James P. S. Leshaw | Review of and comments on memo re debt issues; t/c w/. J. Feltman re same; follow up re same, including review of documents | 2.50 | 1812.50 |
| 07/29/11 | Ari Newman | Reviewing and analyzing debt documents and drafting summary analysis memorandum in connection with same. | 2.20 | 693.00 |
| 07/31/11 | Ari Newman | Reviewing and analyzing debt and other documents provided by Examiner; drafting summary analysis memorandum in connection with same. | 3.10 | 976.50 |

Total Time: 69.40

Total Fees: $ 37,694.00

Invoice No.:     3042293                                                    Page 3
Re:              General Examiner Representation
Matter No.:      133585.010100

Description of Expenses Billed:

| DATE | DESCRIPTION | | AMOUNT |
|------|-------------|---|--------|
| 06/01/11 | Search Criteria: (None);   Document Type: Pacer Research Charges for June 2011 | $ | 6.72 |
| 06/02/11 | Search Criteria: (None);   Document Type: Pacer Research Charges for June 2011 | $ | 6.72 |
| 06/07/11 | Search Criteria: (None);   Document Type: Pacer Research Charges for June 2011 | $ | 2.00 |
| 06/22/11 | Search Criteria: (None);   Document Type: Pacer Research Charges for June 2011 | $ | 6.24 |
| 06/22/11 | Search Criteria: (None);   Document Type: Pacer Research Charges for June 2011 | $ | 4.56 |
| 06/29/11 | Search Criteria: (None);   Document Type: Pacer Research Charges for June 2011 | $ | 0.24 |
| 07/24/11 | VENDOR: Soundpath / Premier Global INVOICE#: GT072411 DATE: 7/24/2011<br>Conferencing Services Invoice Date 110722 User JPSL Client Code 133585 Matter Code 010100 | $ | 2.89 |
| 07/26/11 | Search Criteria: (None);   Document Type: Pacer Research Charges for July 2011 | $ | 3.68 |
| | Total Expenses: | $ | 33.05 |

# GT GreenbergTraurig

|  |  |
|---|---|
| Invoice No.: | 3004711 |
| File No.    : | 133585.010100 |
| Bill Date   : | September 6, 2011 |

James Feltman, as Examiner of Fisher Isl
Mesirow Financial Consulting, LLC
One Biscayne Tower, Suite 1800
2 South Biscayne Boulevard
Miami, Florida  33131

Attn: Mr. James Feltman

## INVOICE

Re:   General Examiner Representation

Legal Services through August 31, 2011:

Total Fees:        $        9,253.00

Expenses:

Information and Research                    18.04

Total Expenses:    $          18.04

**Current Invoice**:    **$        9,271.04**

Previous Balance (see attached statement):    $        57,036.24

**Total Amount Due:**    **$        66,307.28**

\* \* \* \* \*

JPSL:SC
Tax ID:  59-1270754

## WE HAVE MOVED

**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

**GT** GreenbergTraurig

Invoice No.:  3004711
File No.    :  133585.010100

### Summary of Fees (Current Invoice)

| Timekeeper | Hours | Rate | | Amount |
|---|---|---|---|---|
| James P. S. Leshaw | 10.40 | 725.00 | | 7,540.00 |
| Nikki L. Simon | 0.30 | 460.00 | | 138.00 |
| Ari Newman | 5.00 | 315.00 | | 1,575.00 |
| Totals: | 15.70 | 589.36 | $ | 9,253.00 |

\*   \*   \*   \*   \*

JPSL:SC
Tax ID:  59-1270754

**WE HAVE MOVED**
**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

GT GreenbergTraurig

Invoice No. : 3004711
File No.   : 133585.010100

<div style="border: 1px solid black; text-align: center;">

**REMITTANCE ADVICE**

</div>

PLEASE RETURN WITH YOUR PAYMENT

**CLIENT NAME:**       **JAMES FELTMAN, AS EXAMINER OF FISHER ISL**
**FILE NUMBER:**       **133585.010100**
**INVOICE NUMBER:**    **3004711***
**BILLING**
**PROFESSIONAL:**      **James P. S. Leshaw**

| | | |
|---|---|---|
| Current Invoice: | $ | 9,271.04 |
| Previous Balance: | $ | 57,036.24 |
| **Total Amount Due:** | **$** | **66,307.28** |

**Payment Amount:** _____

FOR YOUR CONVENIENCE, WIRE TRANSFER FUNDS TO:

| | |
|---|---|
| TO: | WACHOVIA BANK - Division of Wells Fargo |
| ABA #: | 063000021 |
| INTERNATIONAL | |
| SWIFT: | PNBPUS33 |
| CREDIT TO: | GREENBERG TRAURIG DEPOSITORY ACCOUNT |
| ACCOUNT #: | 2000014648663 |

**PLEASE**
**REFERENCE:**        **CLIENT NAME:**       **JAMES FELTMAN, AS EXAMINER OF**
                                              **FISHER ISL**
                     **FILE NUMBER:**       **133585.010100**
                     **INVOICE NUMBER:**    **3004711***
                     **BILLING**
                     **PROFESSIONAL:**      **James P. S. Leshaw**

JPSL:SC
Tax ID: 59-1270754

## WE HAVE MOVED

**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

# GT GreenbergTraurig

Invoice No.:  3004711
File No.    :  133585.010100

Wire fees may be assessed by your bank.
**\* If paying more than one invoice, please reference all invoice numbers in wiring instructions.**

JPSL:SC
Tax ID:  59-1270754

## WE HAVE MOVED
**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

GT GreenbergTraurig

Invoice No.:  3004711
File No.    :  133585.010100

## Account Statement

| Date | Invoice # | Fees Due | Expenses Due | Other Due | Total Due |
|------|-----------|----------|--------------|-----------|-----------|
| 07/06/11 | 2965169 | 19,062.00 | 266.39 | 0.00 | 19,328.39 |
| 08/15/11 | 2984454 | 37,674.80 | 33.05 | 0.00 | 37,707.85 |
| | Totals: | $ 56,736.80 | $ 299.44 | $ 0.00 | $ 57,036.24 |

JPSL:SC
Tax ID:  59-1270754

**WE HAVE MOVED**
**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

| | | |
|---|---|---|
| Invoice No.: | 3004711 | Page 1 |
| Re: | General Examiner Representation | |
| Matter No.: | 133585.010100 | |

Description of Professional Services Rendered:

| DATE | TIMEKEEPER | DESCRIPTION | HOURS | AMOUNT |
|------|------------|-------------|-------|--------|
| 08/01/11 | James P. S. Leshaw | Review of and revision of debt summary; strategy re same | 1.50 | 1087.50 |
| 08/01/11 | Ari Newman | Reviewing and analyzing debt and other documents provided by Examiner; drafting summary analysis memorandum in connection with same. | 1.60 | 504.00 |
| 08/02/11 | James P. S. Leshaw | Review of and revision of debt memo; email re same; strategy re examiner report issues | 1.00 | 725.00 |
| 08/02/11 | Ari Newman | Reviewing and analyzing debt and other documents provided by Examiner; drafting summary analysis memorandum in connection with same. | 1.40 | 441.00 |
| 08/18/11 | James P. S. Leshaw | T/c w/ J. Feltman re miscellaneous issues | 0.20 | 145.00 |
| 08/22/11 | James P. S. Leshaw | Preparation for call w/ J. Feltman, including strategy; participation in call w/ Feltman and others re same; multiple calls w/ Patricia Redmond and Clay Hackney re use of examiner report; call w/ J. Feltman re strategy re same | 3.40 | 2465.00 |
| 08/22/11 | Ari Newman | Preparing for meeting with Examiner; telephonic conference re case status and next steps (0.7). | 0.80 | 252.00 |
| 08/25/11 | James P. S. Leshaw | Calls w/ Feltman and Pugatch re examiner issues; review of Ashfield transcript; email to Feltman | 1.00 | 725.00 |
| 08/26/11 | James P. S. Leshaw | Strategy re Evidentiary issues; dictation of memo re same | 1.00 | 725.00 |
| 08/26/11 | Ari Newman | Research re findings of fact by other courts. | 0.90 | 283.50 |
| 08/29/11 | James P. S. Leshaw | Review of documents from Zeltser; finalized memo re evidentiary issues; review of research regarding foreign orders; strategy re same | 2.30 | 1667.50 |
| 08/31/11 | Ari Newman | Research re issue and claim preclusion issues. | 0.30 | 94.50 |
| 08/31/11 | Nikki L. Simon | Strategize with A. Newman regarding admission of facts and findings from one proceeding in second, related proceeding | 0.30 | 138.00 |

Total Time: 15.70

Total Fees: $ 9,253.00

Invoice No.:    3004711                                       Page 2
Re:           General Examiner Representation
Matter No.:    133585.010100

Description of Expenses Billed:

| DATE | DESCRIPTION | | AMOUNT |
|------|-------------|---|--------|
| 08/26/11 | Westlaw Research by NEWMAN,ARI. | $ | 18.04 |
| | | Total Expenses: $ | 18.04 |

**GT** GreenbergTraurig

Invoice No.: 3022876
File No. : 133585.010100
Bill Date : October 4, 2011

James Feltman, as Examiner of Fisher Isl
Mesirow Financial Consulting, LLC
One Biscayne Tower, Suite 1800
2 South Biscayne Boulevard
Miami, Florida 33131

Attn: Mr. James Feltman

## INVOICE

Re: General Examiner Representation

Legal Services through September 30, 2011:

|  |  |  |
|---|---|---|
| Total Fees: | $ | 42,952.00 |

Expenses:

| | | | |
|---|---|---|---|
| Conference Calls | 8.59 | | |
| Photocopy Charges | 8.40 | | |
| Information and Research | 80.59 | | |
| Total Expenses: | | $ | 97.58 |
| **Current Invoice**: | | **$** | **43,049.58** |
| Previous Balance (see attached statement): | | $ | 66,307.28 |
| **Total Amount Due:** | | **$** | **109,356.86** |

\* \* \* \* \*

JPSL:SC
Tax ID: 59-1270754

### WE HAVE MOVED

**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

**GT** GreenbergTraurig

Invoice No.:   3022876
File No.    :   133585.010100

**Summary of Fees (Current Invoice)**

| Timekeeper | Hours | Rate | | Amount |
|---|---|---|---|---|
| James P. S. Leshaw | 41.30 | 725.00 | | 29,942.50 |
| Ari Newman | 41.30 | 315.00 | | 13,009.50 |
| Totals: | 82.60 | 520.00 | $ | 42,952.00 |

\* \* \* \* \*

JPSL:SC
Tax ID:  59-1270754

**WE HAVE MOVED**

**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

**GT** GreenbergTraurig

Invoice No.: 3022876
File No.    : 133585.010100

---

**REMITTANCE ADVICE**

---

PLEASE RETURN WITH YOUR PAYMENT

**CLIENT NAME:**        **JAMES FELTMAN, AS EXAMINER OF FISHER ISL**
**FILE NUMBER:**        **133585.010100**
**INVOICE NUMBER:**     **3022876***
**BILLING**
**PROFESSIONAL:**       **James P. S. Leshaw**

Current Invoice:                          $          43,049.58

Previous Balance:                         $          66,307.28
**Total Amount Due:**                     **$          109,356.86**

**Payment Amount:**                       _____

FOR YOUR CONVENIENCE, WIRE TRANSFER FUNDS TO:

TO:                    WACHOVIA BANK - Division of Wells Fargo
ABA #:                 063000021
INTERNATIONAL
SWIFT:                 PNBPUS33
CREDIT TO:             GREENBERG TRAURIG DEPOSITORY ACCOUNT
ACCOUNT #:             2000014648663

**PLEASE**
**REFERENCE:**         **CLIENT NAME:**       **JAMES FELTMAN, AS EXAMINER OF**
                                              **FISHER ISL**
                       **FILE NUMBER:**       **133585.010100**
                       **INVOICE NUMBER:**    **3022876***
                       **BILLING**
                       **PROFESSIONAL:**      **James P. S. Leshaw**

JPSL:SC
Tax ID: 59-1270754

**WE HAVE MOVED**
**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

**GT** GreenbergTraurig

Invoice No. :  3022876
File No.    :  133585.010100

Wire fees may be assessed by your bank.
**\* If paying more than one invoice, please reference all invoice numbers in wiring instructions.**

JPSL:SC
Tax ID:  59-1270754

## WE HAVE MOVED
**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

**GT** GreenbergTraurig

Invoice No.: 3022876
File No.   : 133585.010100

## Account Statement

| Date | Invoice # | Fees Due | Expenses Due | Other Due | Total Due |
|---|---|---|---|---|---|
| 07/06/11 | 2965169 | 19,062.00 | 266.39 | 0.00 | 19,328.39 |
| 08/15/11 | 2984454 | 37,674.80 | 33.05 | 0.00 | 37,707.85 |
| 09/06/11 | 3004711 | 9,253.00 | 18.04 | 0.00 | 9,271.04 |
| | Totals: | $ 65,989.80 | $ 317.48 | $ 0.00 | $ 66,307.28 |

JPSL:SC
Tax ID: 59-1270754

### WE HAVE MOVED
**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

| Invoice No.: | 3022876 | Page 1 |
|---|---|---|
| Re: | General Examiner Representation | |
| Matter No.: | 133585.010100 | |

<u>Description of Professional Services Rendered:</u>

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>DESCRIPTION</u> | <u>HOURS</u> | <u>AMOUNT</u> |
|---|---|---|---|---|
| 08/31/11 | James P. S. Leshaw | Analysis re miscellaneous legal issues; review of documents | 2.20 | 1595.00 |
| 09/01/11 | Ari Newman | Drafting memorandum addressing domestic and foreign judgments and issue and claim preclusion; reviewing and analyzing case law in connection with same. | 4.50 | 1417.50 |
| 09/02/11 | James P. S. Leshaw | Follow up re res judicata issues | 0.80 | 580.00 |
| 09/02/11 | Ari Newman | Drafting and revising memorandum addressing domestic and foreign judgments and issue and claim preclusion, and other evidentiary issues; internal discussion and analysis re same. | 4.20 | 1323.00 |
| 09/06/11 | James P. S. Leshaw | Review of and revision of memo re collateral estoppel and res judicata; t/c w/ J. Feltman re same and go-forward strategy | 1.20 | 870.00 |
| 09/06/11 | Ari Newman | Drafting memorandum addressing domestic and foreign judgments and issue and claim preclusion, and other evidentiary issues. Circulating to client for review and comment. | 1.20 | 378.00 |
| 09/07/11 | James P. S. Leshaw | Follow up re strategy issues/evidence issues | 0.20 | 145.00 |
| 09/09/11 | James P. S. Leshaw | Preparation for call w./ Jim f., including review of memos re evidentiary issues; participation in call re same and related matters; drafting of interview protocol | 1.70 | 1232.50 |
| 09/09/11 | Ari Newman | Reviewing interview protocol; internal discussion re same. | 0.30 | 94.50 |
| 09/12/11 | James P. S. Leshaw | Follow up re evidentiary issues and related matters; t/c w/ Hackney re same; email re same | 0.30 | 217.50 |
| 09/13/11 | James P. S. Leshaw | Review of email from E. Zeltser; emails re same; response to same | 0.70 | 507.50 |
| 09/14/11 | James P. S. Leshaw | Follow up re guideline issues | 0.30 | 217.50 |
| 09/15/11 | James P. S. Leshaw | Follow up re interview issues; t/c w/ J. Feltman re same | 0.30 | 217.50 |
| 09/16/11 | James P. S. Leshaw | Multiple calls w/ Feltman, DiBello and Rebak re process issues; emails re same; preparation for DiBello Meeting | 2.20 | 1595.00 |
| 09/16/11 | Ari Newman | Reviewing and analyzing opinion of Georgia Supreme Court; discussion re interviews and agenda. | 0.60 | 189.00 |
| 09/18/11 | Ari Newman | Preparing for meeting with alleged debtor group; outline topics and area of discussion. | 1.50 | 472.50 |
| 09/19/11 | James P. S. Leshaw | Multiple calls w/ Feltman; preparation for meeting w/ DiBello re multiple procedural issues; attendance at meeting re same | 4.80 | 3480.00 |
| 09/19/11 | Ari Newman | Meeting with Examiner and counsel for the Alleged Debtors, and follow up discussion re same (2.0); planning and preparing for meeting with counsel for the Alleged Debtors; reviewing | 3.10 | 976.50 |

Invoice No.:     3022876                                                    Page 2
Re:              General Examiner Representation
Matter No.:      133585.010100

Description of Professional Services Rendered

| | | | | |
|---|---|---|---|---|
| | | relevant documents. | | |
| 09/20/11 | James P. S. Leshaw | Call w/ Pugatch re multiple procedural issues; meeting w/ Rebak and Redmond re same; strategy re stipulation and examiner issues | 4.20 | 3045.00 |
| 09/20/11 | Ari Newman | Telephonic meeting with counsel for the Petitioning Creditors; meeting with counsel for the Alleged Debtors; internal discussion re next steps and case issues. | 3.30 | 1039.50 |
| 09/21/11 | James P. S. Leshaw | Follow up re strategy on jurisdictional issues | 1.00 | 725.00 |
| 09/21/11 | Ari Newman | Telephonic attendance at witness interview of Chris Samuelson (2.0); drafting and revising notes in connection with witness meeting, follow up discussion and emails, and reviewing relevant documents (1.8); drafting Stipulation re appointment of Examiner as court expert (3.0). | 6.80 | 2142.00 |
| 09/22/11 | James P. S. Leshaw | Meeting w/ J. Feltman re Examiner issues; strategy re same and jurisdictional issues | 1.80 | 1305.00 |
| 09/22/11 | Ari Newman | Meeting with Examiner; drafting Guidelines for interviews; email to counsel for the parties re interviews. | 1.30 | 409.50 |
| 09/23/11 | James P. S. Leshaw | Review of and revision of stipulation regarding Rule 706 expert; drafting of correspondence to counsel regarding examiner issues | 3.20 | 2320.00 |
| 09/23/11 | Ari Newman | Drafting and revising Stipulation re Examiner as Court Appointed Expert; communications with counsel for the Alleged Debtors; internal discussions re interviews; reviewing and analyzing relevant documents, and creating corporate structure chart; drafting emails to counsel. | 1.70 | 535.50 |
| 09/26/11 | James P. S. Leshaw | Preparation for witness interviews and attendance at interviews; follow up meetings w/ Feltman re same and other Examiner issues; revision of stipulation | 7.80 | 5655.00 |
| 09/26/11 | Ari Newman | Attending witness interviews of Yves Baumann and Andrew Baker (5.4); follow up meetings with Examiner re interviews, strategy and report (1.1); reviewing and analyzing relevant documents, and new pleadings (1.0); analysis of related legal decision and drafting summary re same (.3). | 7.80 | 2457.00 |
| 09/27/11 | James P. S. Leshaw | Review of and revision of stipulation and letter to counsel; email re same; review of miscellaneous correspondence and related matters; review of Samuelson summary; t/c w/ Feltman re miscellaneous issues | 4.40 | 3190.00 |
| 09/27/11 | Ari Newman | Review and analyze documents in related cases; email communications with counsel for the alleged debtors re document production; interview follow up discussion and questions. Reviewing and analyzing documents produced to the Examiner. | 1.50 | 472.50 |
| 09/28/11 | James P. S. Leshaw | Preparation for interviews; participation in interview; follow up meeting w/ J. Feltman | 4.20 | 3045.00 |

Invoice No.:     3022876                                                                 Page  3
Re:              General Examiner Representation
Matter No.:      133585.010100

<u>Description of Professional Services Rendered</u>

| | | | | |
|---|---|---|---|---|
| 09/28/11 | Ari Newman | Preparing for and telephonic attendance at Examiner interview of Chris Samuelson. Reviewing relevant documents. | 3.50 | 1102.50 |

<u>Total Time:</u>     82.60

<u>Total Fees:</u>             $ 42,952.00

| Invoice No.: | 3022876 | Page 4 |
| Re: | General Examiner Representation | |
| Matter No.: | 133585.010100 | |

## Description of Expenses Billed:

| DATE | DESCRIPTION | | AMOUNT |
|------|-------------|---|--------|
| 07/30/11 | VENDOR 70783: Soundpath Conferencing (London Office); INVOICE#: 3055790501-073011; DATE: 7/30/2011 - Conference call14/07/2011 | $ | 4.46 |
| 09/01/11 | Copy; 56 Page(s) by 000001 | $ | 8.40 |
| 09/01/11 | Westlaw Research by NEWMAN,ARI. | $ | 69.79 |
| 09/21/11 | Westlaw Research by NEWMAN,ARI. | $ | 10.80 |
| 09/25/11 | VENDOR: Soundpath / Premier Global - ACH INVOICE#: GT092511 DATE: 9/25/2011 - Conferencing Services Invoice Date 110920 User JPSL Client Code 133585 Matter Code 010100 | $ | 4.13 |
| | Total Expenses: | $ | 97.58 |

 GreenbergTraurig

<div align="right">

Invoice No.: 3056666
File No. : 133585.010100
Bill Date : November 8, 2011
</div>

James Feltman, as Examiner of Fisher Isl
Mesirow Financial Consulting, LLC
One Biscayne Tower, Suite 1800
2 South Biscayne Boulevard
Miami, Florida  33131

Attn: Mr. James Feltman

<h2 align="center"><u>INVOICE</u></h2>

Re:   General Examiner Representation

<u>Legal Services through October 31, 2011</u>:

|                      | Total Fees: | $ | 73,555.00 |
|---|---|---|---|

<u>Expenses</u>:

| | | |
|---|---|---|
| Business Meals | 51.96 | |
| Conference Calls | 5.89 | |
| Photocopy Charges | 12.15 | |
| Professional & Legal | 205.00 | |
| Travel and Lodging Out of Town | 60.00 | |
| Information and Research | 17.68 | |
| Total Expenses: | $ | 352.68 |
| **Current Invoice**: | **$** | **73,907.68** |

|  | | |
|---|---|---|
| Previous Balance (see attached statement): | $ | 109,376.06 |

JPSL:SC
Tax ID: 59-1270754

<div align="center">

## WE HAVE MOVED

**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**
</div>

 GreenbergTraurig

|  |  |
|---|---|
| Invoice No.: | 3056666 |
| File No. : | 133585.010100 |

**Total Amount Due:**    **$**     **183,283.74**

JPSL:SC
Tax ID: 59-1270754

**WE HAVE MOVED**
**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**


## GT GreenbergTraurig

Invoice No.:  3056666
File No.    :  133585.010100

```
┌─────────────────────────────────────┐
│        REMITTANCE ADVICE             │
└─────────────────────────────────────┘
```

PLEASE RETURN WITH YOUR PAYMENT

**CLIENT NAME:** **JAMES FELTMAN, AS EXAMINER OF FISHER ISL**
**FILE NUMBER:** **133585.010100**
**INVOICE NUMBER:** **3056666***
**BILLING**
**PROFESSIONAL:**   James P. S. Leshaw

| | | |
|---|---|---|
| Current Invoice: | $ | 73,907.68 |
| Previous Balance: | $ | 109,376.06 |
| **Total Amount Due:** | **$** | **183,283.74** |

**Payment Amount:**

FOR YOUR CONVENIENCE, WIRE TRANSFER FUNDS TO:

TO:                    WACHOVIA BANK - Division of Wells Fargo
ABA #:                 063000021
INTERNATIONAL
SWIFT:                 PNBPUS33
CREDIT TO:             GREENBERG TRAURIG DEPOSITORY ACCOUNT
ACCOUNT #:             2000014648663

**PLEASE**
**REFERENCE:**    **CLIENT NAME:**    **JAMES FELTMAN, AS EXAMINER OF**
                                      **FISHER ISL**
                  **FILE NUMBER:**    **133585.010100**
                  **INVOICE NUMBER:** **3056666***
                  **BILLING**
                  **PROFESSIONAL:**   **James P. S. Leshaw**

JPSL:SC
Tax ID: 59-1270754

**WE HAVE MOVED**
**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**



Invoice No.:   3056666
File No.    :   133585.010100

Wire fees may be assessed by your bank.
**\* If paying more than one invoice, please reference all invoice numbers in wiring instructions.**

JPSL:SC
Tax ID: 59-1270754

## WE HAVE MOVED
**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

 GreenbergTraurig

Invoice No.: 3056666
File No. : 133585.010100

**Account Statement**

| Date | Invoice # | Fees Due | Expenses Due | Other Due | Total Due |
|------|-----------|----------|--------------|-----------|-----------|
| 07/06/11 | 2965169 | 19,062.00 | 266.39 | 0.00 | 19,328.39 |
| 09/06/11 | 3004711 | 9,253.00 | 18.04 | 0.00 | 9,271.04 |
| 10/04/11 | 3022876 | 42,952.00 | 97.58 | 0.00 | 43,049.58 |
| 10/28/11 | 3042293 | 37,694.00 | 33.05 | 0.00 | 37,727.05 |
| Totals: | | $ 108,961.00 | $ 415.06 | $ 0.00 | $ 109,376.06 |

JPSL:SC
Tax ID: 59-1270754

**WE HAVE MOVED**
**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

Invoice No.:   3056666                                                     Page  1

Re:              General Examiner Representation

Matter No.:   133585.010100

<u>Description of Professional Services Rendered:</u>

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>DESCRIPTION</u> | <u>HOURS</u> | <u>AMOUNT</u> |
|---|---|---|---|---|
| 10/03/11 | Ari Newman | Reviewing emails and documents relating to control and ownership of alleged debtors; reviewing transcript of Xenia interview and Declaration; reviewing letter provided by alleged debtors; reviewing and updating notes from Examiner meeting. | 2.00 | 630.00 |
| 10/04/11 | James P. S. Leshaw | Multiple calls w/ Redmond Group re request for submission and witness guidelines; emails re same; review of documents and pleadings; emails to Pugatch and DiBello re witness interviews | 2.00 | 1450.00 |
| 10/04/11 | Ari Newman | Preparing for call with counsel for Alleged Debtors - reviewing pertinent documents and case law provided by counsel (.8); conference call with counsel for the Alleged Debtors (1.0); internal discussion re strategy and next steps (.3). | 2.10 | 661.50 |
| 10/05/11 | Ari Newman | Review and analysis of Interview Notes; internal discussion re interviews; reviewing and analyzing articles relating to case issues. | 4.00 | 1260.00 |
| 10/06/11 | James P. S. Leshaw | Follow up re witness interviews | 0.20 | 145.00 |
| 10/06/11 | Ari Newman | Reviewing and analyzing new pleading, circulating pleading to Examiner with explanation. | 0.20 | 63.00 |
| 10/07/11 | James P. S. Leshaw | Follow up re interview issues | 0.30 | 217.50 |
| 10/11/11 | James P. S. Leshaw | T/c w/ DiBello re witness interview issues; follow up re same | 0.80 | 580.00 |
| 10/11/11 | Ari Newman | Reviewing new orders entered by the court; internal discussion re strategy and progress. | 0.20 | 63.00 |
| 10/12/11 | James P. S. Leshaw | Strategy re witness interviews and report; follow up re strategy re admissibility issues | 1.50 | 1087.50 |
| 10/13/11 | James P. S. Leshaw | Follow up re witness interview, including emails and review of transaction summaries;meeting w/ Examiner | 2.30 | 1667.50 |
| 10/14/11 | James P. S. Leshaw | Calls w/ Zeltser and Rebak re interview issues; emails re same; conversations w/ Examiner re same; review of documents re transactions; detailed review of Amron interview statement | 2.80 | 2030.00 |
| 10/16/11 | James P. S. Leshaw | Multiple calls w/ Feltman re examiner issues; drafting of outline re 10/17 hearing; follow up re interview logistics/hearing logistics; follow up re general strategy on drafting examiner report | 1.30 | 942.50 |
| 10/16/11 | Ari Newman | Attending Examiner interview of Olga Timofeyava (5.0); reviewing, analyzing and revising notes in connection with same (.3); meeting with examiner re interview (.4); preparing for interview and drafting interview questions (.3). | 6.00 | 1890.00 |
| 10/16/11 | Ari Newman | Reviewing documents and new pleadings in advance of Examiner interview; coordinating issues re Examiner interview; internal emails and discussion re interview scheduling. | 1.20 | 378.00 |
| 10/17/11 | James P. S. Leshaw | Preparation for interview of Olga, including review | 7.30 | 5292.50 |

Invoice No.:     3056666                                          Page  2
Re:              General Examiner Representation
Matter No.:      133585.010100

Description of Professional Services Rendered

| | | | | |
|---|---|---|---|---|
| | | of documents; attendance and participation in interview; calls w/ Feltman after interview; review of petitioning creditors  summary judgment motion and response to motion in limine; participation in hearing | | |
| 10/18/11 | James P. S. Leshaw | Preparation for Goldstein interview, including review of documents and calls w/ Rebak, Feltman and Newman | 4.20 | 3045.00 |
| 10/18/11 | Ari Newman | Reviewing and analyzing documents in preparation for interview of Dr. Goldstein (1.5); internal meeting re relevant documents and analysis of documents, and emails re same (.6); drafting memorandum to examiner re analysis of documents  (1.9). | 4.00 | 1260.00 |
| 10/19/11 | Amardeep K. Bharj | Prepare and attend exmination for G. Goldstein | 5.50 | 1732.50 |
| 10/19/11 | James P. S. Leshaw | Preparation for Borris Goldstein interview, including review of documents and multiple calls w/ Examiner re same; attendance at and participation in interview | 6.50 | 4712.50 |
| 10/19/11 | Ari Newman | Strategy discussion with Examiner re witness interviews and related documents (1.0); preparation for witness interview of Dr. Boris Goldstein (1.0). | 2.00 | 630.00 |
| 10/20/11 | James P. S. Leshaw | Emails re miscellaneous issues; multiple calls w/ Feltman; preparation for Kay interview, including review of transcripts | 3.80 | 2755.00 |
| 10/21/11 | Amardeep K. Bharj | Review notes from B. Goldstein examination | 3.50 | 1102.50 |
| 10/21/11 | James P. S. Leshaw | Review of David Ashfield deposition transcript and exhibits; summary of same; follow up re correspondence from Joseph Kay | 6.70 | 4857.50 |
| 10/22/11 | James P. S. Leshaw | Review of Davis Ashfield deposition and exhibits; preparation for meeting w./ Examiner, including review of documents | 2.60 | 1885.00 |
| 10/23/11 | Ari Newman | Reviewing and analyzing documents in connection with Examiner report (4.4).  Reviewing and analyzing emails re witness interviews and related documents (.2). | 4.60 | 1449.00 |
| 10/24/11 | Maribel Fontanez | Request public records search from DE Corporation Organizers; review certificate of incorporation and annual reports and forward same to A. Newman and J.P.S. Leshaw. | 0.20 | 41.00 |
| 10/24/11 | James P. S. Leshaw | Meeting w/ Examiner re facts, analysis and next steps; follow up re same | 8.20 | 5945.00 |
| 10/24/11 | Ari Newman | Attend and participate in all day meetings with Examiner and his investigative team (7.0); Plan and prepare for meeting with Examiner, review and analyze relevant documents (2.0). | 9.00 | 2835.00 |
| 10/25/11 | James P. S. Leshaw | Review of transcripts and other documents re factual issues | 4.50 | 3262.50 |
| 10/25/11 | Ari Newman | Drafting and revising letter to Robby Mingels (1.5); creating binder with pertinent documents (.6); reviewing and analyzing Gibraltar rulings (1.5); discussion with Examiner re key documents (.3); internal strategy discussion (.3). | 4.20 | 1323.00 |

Invoice No.:     3056666                                                        Page 3
Re:                General Examiner Representation
Matter No.:     133585.010100

Description of Professional Services Rendered

| Date | Name | Description | Hours | Amount |
|---|---|---|---|---|
| 10/26/11 | James P. S. Leshaw | Review of Gibraltar orders; analysis of same; drafting of outline re Examiner report; strategy re drafting of Examiner report; meeting w/ E. Zeltser; multiple t/c w/ Examiner; review of and revision of correspondence re document review/analysis; review of cover letter from Rebak re position statement | 6.40 | 4640.00 |
| 10/26/11 | Ari Newman | Meet with Emanuel Zeltser (2.1); Strategy discussion with the Examiner re Report and other issues (.5); review and analyze report outline (.4); review letter to Robby Mingels (.2); review and analysis of pertinent documents in connection with Examiner Report (2.8). | 6.00 | 1890.00 |
| 10/27/11 | Maribel Fontanez | Commence preparing fee application. | 2.50 | 512.50 |
| 10/27/11 | James P. S. Leshaw | Review of Rebak Group Position Statement; emails to E. Zeltser, C. Pugatch and P. Redmond re 706 stipulation; review of draft correspondence to Mingles | 3.80 | 2755.00 |
| 10/27/11 | Ari Newman | Reviewing Position Statement and Supporting Documents submitted by the Rebak/Redmond Group (1.0); drafting and revising summary of debt documents and reviewing and analyzing debt documents in connection with same (2.0); creating chart with principal documents and rulings (.7); reviewing and analyzing Liechtenstein judgment (.3). | 4.00 | 1260.00 |
| 10/28/11 | Maribel Fontanez | Prepare fee application. | 0.70 | 143.50 |
| 10/28/11 | James P. S. Leshaw | Drafting of memeo re Redmond/Rebak position statement; review of and revision of outline of examiner's reprot; miscellaneous email re same and related issues; review of email re open issues | 4.80 | 3480.00 |
| 10/28/11 | Ari Newman | FILL-IN. | 3.00 | 945.00 |
| 10/31/11 | James P. S. Leshaw | Review of documets from Goldstine; follow up re outstanding requests and interview issues; work re organikzation of Examiner's Reoport | 2.60 | 1885.00 |
| 10/31/11 | Ari Newman | Reviewing new documents produced by witness (.7); internal discussion re witness interview and Examiner Report (.2); Discussion with Examiner re pertinent documents and update (.1); reviewing and editing witness interview notes and reviewing documents in connection with same (1.7). | 2.70 | 850.50 |

                                            Total Time:     140.20

                                            Total Fees:     $ 73,555.00

Invoice No.: 3056666            Page 4
Re: General Examiner Representation
Matter No.: 133585.010100

Description of Expenses Billed:

| DATE | DESCRIPTION | | AMOUNT |
|------|-------------|---|--------|
| 09/21/11 | Search Criteria: (None);   Document Type: Pacer Research Charges for September 2011 | $ | 2.64 |
| 09/26/11 | Search Criteria: (None);   Document Type: Pacer Research Charges for September 2011 | $ | 3.28 |
| 09/26/11 | Search Criteria: (None);   Document Type: Pacer Research Charges for September 2011 | $ | 11.76 |
| 09/26/11 | 9/26/11 - J. Leshaw - Depositions VENDOR 73306: MET II Hotel, LLC/JW Marriott Marquis Mi; INVOICE#: 01092311450; DATE: 9/23/2011  -  Valet Parking Vouchers / JW Marquis, Invoices: 473,472,412,405 & 374 GL#80190 | $ | 60.00 |
| 10/12/11 | VENDOR: Leshaw, James P. S. INVOICE#: C051000003672110324 DATE: 10/17/2011  -  TYPE: Hotel - Meals; REASON: Client Billable- MIA-Bkcy-Shareholder; DATE: 10/12/11 - Breakfast with Jim Feltman; MERCHANT: Westin Harbor Island | $ | 43.41 |
| 10/17/11 | VENDOR: Leshaw, James P. S. INVOICE#: C051000003672110325 DATE: 10/18/2011  -  TYPE: Business Meals; REASON: Client Billable- MIA-Bkcy-Shareholder; DATE: 10/17/11 - Lunch; MERCHANT: Offerdahls; ATTENDEES: James P. S.  Leshaw (ACH) | $ | 8.55 |
| 10/19/11 | Copy; 55 Page(s) by 025637 | $ | 8.25 |
| 10/23/11 | VENDOR: Soundpath / Premier Global - ACH INVOICE#: 3055790500- 102311 DATE: 10/23/2011  -  Conferencing Services Invoice Date 111019 User NEW Client Code 133585 Matter Code 010100 | $ | 5.89 |
| 10/25/11 | VENDOR 42991: Delaware Corporation Organizers, Inc.; INVOICE#: 907126; DATE: 10/25/2011  -  Professional Services for Client No.42973 - Matter No. 69592 | $ | 205.00 |
| 10/28/11 | Copy; 8 Page(s) by 025637 | $ | 1.20 |
| 10/28/11 | Copy; 17 Page(s) by 025637 | $ | 2.55 |
| 10/28/11 | Copy; 1 Page(s) by 025637 | $ | 0.15 |
| | | Total Expenses: $ | 352.68 |

**GT** GreenbergTraurig

| | | |
|---|---|---|
| Invoice No. : | 3063292 |
| File No.    : | 133585.010100 |
| Bill Date   : | November 30, 2011 |

James Feltman, as Examiner of Fisher Isl
Mesirow Financial Consulting, LLC
One Biscayne Tower, Suite 1800
2 South Biscayne Boulevard
Miami, Florida 33131

Attn: Mr. James Feltman

## <u>INVOICE</u>

Re:   General Examiner Representation

<u>Legal Services through November 30, 2011</u>:

|  |  |  |
|---|---|---|
| Total Fees: | $ | 129,852.75 |

<u>Expenses</u>:

| | |
|---|---|
| Business Meals | 98.02 |
| Conference Calls | 18.58 |
| Facsimile Charges | 2.00 |
| Federal Express Charges | 44.94 |
| Messenger/Courier Services | 10.84 |
| Photocopy Charges | 178.65 |
| Information and Research | 346.40 |

| | | |
|---|---|---|
| Total Expenses: | $ | 699.43 |
| **Current Invoice**: | **$** | **130,552.18** |
| Previous Balance (see attached statement): | $ | 183,283.74 |

JPSL:SC
Tax ID: 59-1270754

### WE HAVE MOVED
**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

Invoice No. :   3063292
File No.      :   133585.010100

**Total Amount Due:**   **$        313,835.92**

\* \* \* \* \*

JPSL:SC
Tax ID:  59-1270754

**WE HAVE MOVED**
**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

**GT** GreenbergTraurig

Invoice No. :   3063292
File No.    :   133585.010100

## Summary of Fees (Current Invoice)

| Timekeeper | Hours | Rate | | Amount |
|---|---|---|---|---|
| Philip H. Cohen | 0.50 | 740.00 | | 370.00 |
| James P. S. Leshaw | 118.80 | 725.00 | | 86,130.00 |
| Gregory M. Marks | 0.25 | 595.00 | | 148.75 |
| Manuel R. Valcarcel | 0.40 | 540.00 | | 216.00 |
| Ari Newman | 131.20 | 315.00 | | 41,328.00 |
| Rachel Sims | 0.50 | 535.00 | | 267.50 |
| Maribel Fontanez | 6.50 | 205.00 | | 1,332.50 |
| Michael A. Ambrose | 0.40 | 150.00 | | 60.00 |
| Totals: | 258.55 | 502.23 | $ | 129,852.75 |

\* \* \* \* \*

JPSL:SC
Tax ID: 59-1270754

**WE HAVE MOVED**
**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

**GT** GreenbergTraurig

Invoice No. :  3063292
File No.    :  133585.010100

<div style="border:1px solid black; text-align:center">

### REMITTANCE ADVICE

</div>

PLEASE RETURN WITH YOUR PAYMENT

**CLIENT NAME:**      **JAMES FELTMAN, AS EXAMINER OF FISHER ISL**
**FILE NUMBER:**      **133585.010100**
**INVOICE NUMBER:**   **3063292***
**BILLING**
**PROFESSIONAL:**     **James P. S. Leshaw**

| | | |
|---|---|---|
| Current Invoice: | $ | 130,552.18 |
| Previous Balance: | $ | 183,283.74 |
| **Total Amount Due:** | **$** | **313,835.92** |

**Payment Amount:**

FOR YOUR CONVENIENCE, WIRE TRANSFER FUNDS TO:

| | |
|---|---|
| TO: | WACHOVIA BANK - Division of Wells Fargo |
| ABA #: | 063000021 |
| INTERNATIONAL SWIFT: | PNBPUS33 |
| CREDIT TO: | GREENBERG TRAURIG DEPOSITORY ACCOUNT |
| ACCOUNT #: | 2000014648663 |

**PLEASE**
**REFERENCE:**        **CLIENT NAME:**      **JAMES FELTMAN, AS EXAMINER OF**
                                           **FISHER ISL**
                     **FILE NUMBER:**      **133585.010100**
                     **INVOICE NUMBER:**   **3063292***
                     **BILLING**
                     **PROFESSIONAL:**     **James P. S. Leshaw**

Wire fees may be assessed by your bank.

JPSL:SC
Tax ID:  59-1270754

### WE HAVE MOVED
**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

**GT** GreenbergTraurig

Invoice No. :  3063292
File No.    :  133585.010100

**Account Statement**

| Date | Invoice # | Fees Due | Expenses Due | Other Due | Total Due |
|------|-----------|----------|--------------|-----------|-----------|
| 07/06/11 | 2965169 | 19,062.00 | 266.39 | 0.00 | 19,328.39 |
| 09/06/11 | 3004711 | 9,253.00 | 18.04 | 0.00 | 9,271.04 |
| 10/04/11 | 3022876 | 42,952.00 | 97.58 | 0.00 | 43,049.58 |
| 10/28/11 | 3042293 | 37,694.00 | 33.05 | 0.00 | 37,727.05 |
| 11/08/11 | 3056666 | 73,555.00 | 352.68 | 0.00 | 73,907.68 |
| Totals: | | $ 182,516.00 | $ 767.74 | $ 0.00 | $ 183,283.74 |

JPSL:SC
Tax ID:  59-1270754

**WE HAVE MOVED**
**Greenberg Traurig, P.A.**
**333 Avenue of the Americas (333 S.E. 2nd Avenue) | Suite 4400 | Miami, Florida 33131**
**Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com**

Invoice No.: 3063292          Page 1
Re: General Examiner Representation
Matter No.: 133585.010100

Description of Professional Services Rendered:

| DATE | TIMEKEEPER | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| 11/01/11 | James P. S. Leshaw | lengthy call w/ Examiner re drafting of Examiner Report; drafting of report | 2.30 | 1667.50 |
| 11/01/11 | Ari Newman | Phone meeting with Examiner re drafting Report, topics, relevant documents and other related issues; emails re same to investigative team and review and analysis of relevant documents. | 1.60 | 504.00 |
| 11/02/11 | James P. S. Leshaw | drafting of sections of Examiner's Report; organization re same; preparation for meeting / Examiner re Petitioning Creditor issues; attendance at meeting re same | 6.50 | 4712.50 |
| 11/02/11 | Ari Newman | Meeting with Examiner re Report and document review (3.0); reviewing and analyzing relevant documents (1.9); revising summary of debt documents (.8). | 5.70 | 1795.50 |
| 11/03/11 | James P. S. Leshaw | review of documents, including witness statements, invoices and other materials produced by parties.;; attendance at meeting at Examiner's office; correspondence re Berger Singerman access; attendance at and participation in meeting w. Examiner; miscellaneous emails; calls w/ Zeltser and Redmond re Berger Singerman issue; review of correspondence from Zeltser re same; correspondence re preview of initial report | 8.20 | 5945.00 |
| 11/03/11 | Ari Newman | Meeting with Examiner and investigative team re Examiner's Report and investigation (6.0); Reviewing and analyzing documents relevant to Examiner's report (1.8); drafting section of Examiner Report (.8) reviewing and analyzing new pleadings filed in bankruptcy case (.4). | 9.00 | 2835.00 |
| 11/04/11 | Michael A. Ambrose | Research and analysis for public records and litigation | 0.40 | 60.00 |
| 11/04/11 | Maribel Fontanez | Assist in preparation of Examiner's report. | 0.60 | 123.00 |
| 11/04/11 | Maribel Fontanez | Confer with M. Jackson and C. Schaeffer regarding obtaining documents from NY case; review docket for NY case and download various documents; e-mail same to A. Newman; assist in preparation of caselaw binder. | 1.70 | 348.50 |
| 11/04/11 | James P. S. Leshaw | review of Zeltser position statement; review of and revision of examiner report | 4.20 | 3045.00 |
| 11/04/11 | Ari Newman | Drafting portions of Examiner's Report, and analyzing documents relevant to those portions. | 5.00 | 1575.00 |
| 11/06/11 | Ari Newman | Drafting and revising fact portion of Examiner Report. | 0.80 | 252.00 |
| 11/07/11 | James P. S. Leshaw | review of and revision of examiner report; calls re same; review of 706 motion; emails re same; review of Amron position statement | 6.50 | 4712.50 |
| 11/07/11 | Ari Newman | Drafting portions of Examiner's Report, and | 10.80 | 3402.00 |

Invoice No.:      3063292                                                      Page 2
Re:              General Examiner Representation
Matter No.:      133585.010100

Description of Professional Services Rendered

| | | | | |
|---|---|---|---|---|
| | | analysis of position paper and relevant documents in connection with same. | | |
| 11/08/11 | James P. S. Leshaw | review of and revision of inserts to Examiner Report; drafting of portions of Examiner report; multiple calls w/ Examiner re same and strategy; review of motion filed by Rebak/Redmond Group; review of additional documents | 8.90 | 6452.50 |
| 11/08/11 | Ari Newman | Drafting Portions of Examiner Report. | 10.50 | 3307.50 |
| 11/09/11 | Maribel Fontanez | Review involuntary petition and fill in blanks to Summary of Key Figures. | 0.10 | 20.50 |
| 11/09/11 | James P. S. Leshaw | t/c w./ chambers regarding hearing on 706 motion; multiple calls w/ Examiner re same; emails re sale and related topics; drafting of portions of Examiner's Report; review of and revision of same; review of documents re same | 12.50 | 9062.50 |
| 11/09/11 | Ari Newman | Drafting Examiner Report; reviewing and analyzing documents and internal meetings and discussions re same. | 9.70 | 3055.50 |
| 11/10/11 | James P. S. Leshaw | review of portion's of Examiner's Report; preparation for hearings and participation in hearings; multiple calls w/ Examiner re same | 4.00 | 2900.00 |
| 11/10/11 | Ari Newman | Preparing for and attending hearing on Motion for Appointment of Examiner as Expert under FRE 706 (1.4); Drafting Motion for Turn Over of Documents and Disclosure of Information (1.7); reviewing submissions from the Alleged Debtors and other relevant documents and pleadings, discussion with Examiner re same (1.1); drafting and revising portion of Examiner Report (1.0). | 5.20 | 1638.00 |
| 11/11/11 | Philip H. Cohen | Conferences with J. Leshaw and R. Sims regarding legal research concerning non-waiver an review of privileged documents by court-appointed records examiner and review R. Sims' research regarding same. | 0.50 | 370.00 |
| 11/11/11 | James P. S. Leshaw | review of documents re relating to report; review of and revision of Berger Singerman motion | 3.60 | 2610.00 |
| 11/11/11 | Ari Newman | Drafting portions of Examiner Report, reviewing deposition transcripts, exhibits and position statements re same. | 7.00 | 2205.00 |
| 11/11/11 | Rachel Sims | research privilege issue | 0.50 | 267.50 |
| 11/13/11 | Ari Newman | Drafting and revising section of Examiner Report. | 0.80 | 252.00 |
| 11/14/11 | James P. S. Leshaw | multiple calls w/ Feltman re report, findings, strategy and drafting issues; emails re same and related issues; review of portions of report and revision re same; follow up re Berger Singerman issues | 5.20 | 3770.00 |
| 11/14/11 | Ari Newman | Telephonic meeting with Examiner and investigative team (.8); drafting order on motion to authorize examiner to review documents (.9); drafting portions of Examiner Report (6.3). | 8.00 | 2520.00 |
| 11/15/11 | James P. S. Leshaw | review of and revision of examiner report; drafting | 12.10 | 8772.50 |

Invoice No.: 3063292          Page 3
Re: General Examiner Representation
Matter No.: 133585.010100

<u>Description of Professional Services Rendered</u>

| | | | | |
|---|---|---|---|---|
| | | re same (4.4); t/c w/ Paul Singerman re Berger Singerman issues (.2); attendance at meeting w/ Examiner re phone preview and Examiner Report (7.5) | | |
| 11/15/11 | Gregory M. Marks | consultation with Jim Leshaw and James Feltman | 0.25 | 148.75 |
| 11/15/11 | Ari Newman | Drafting and revising portions of Examiner Report (3.4). Meeting with Examiner re drafting and presenting Report (7.1). Attending hearing on Examiner's Motion to direct Berger Singerman to produce documents (1.3). | 10.80 | 3402.00 |
| 11/15/11 | Manuel R. Valcarcel | TM search for AJNA/AJNA Bar. Correspond with Jim Lesha and Ari Newman re: same. | 0.40 | 216.00 |
| 11/16/11 | Maribel Fontanez | Call with Jackie at the Court regarding procedure for filing examiner's report; confer with A. Newman regarding same. | 0.60 | 123.00 |
| 11/16/11 | James P. S. Leshaw | preparation for preview of Examiner Report (2.5); participation in same (.9); follow up meeting/ Examiner re same (1.3); review of and revision and drafting of report (4) | 8.70 | 6307.50 |
| 11/16/11 | Ari Newman | Drafting and revising portions of Examiner Report and meetings with Examiner and investigative team re drafting and presenting Report. | 13.00 | 4095.00 |
| 11/17/11 | James P. S. Leshaw | review of and revision of Examiner's Report and drafting of portions of report (7.2); attendance at meeting w/ Examiner re revisions to report (8) | 15.20 | 11020.00 |
| 11/17/11 | Ari Newman | Drafting and revising portions of Examiner Report and meetings with Examiner and investigative team re drafting and presenting Report. | 14.00 | 4410.00 |
| 11/18/11 | Maribel Fontanez | Assist in locating information to be plugged in to examiner's report; review Local Rules with regards to redacting of identifiers; provide same to J. P.S Leshaw; finalize and e-file examiner's report; prepare certificate of service; process report for service. | 2.10 | 430.50 |
| 11/18/11 | James P. S. Leshaw | final read throughs and review of and revision of Examiner's Report; multiple calls w/ Examiner re same; follow up re exhibit issues (8.4); review of correspondence re report; review of correspondence from Pugatch; correspondence to Pugatch (1.3); strategy re seal issues (.4) | 10.10 | 7322.50 |
| 11/18/11 | Ari Newman | Drafting and revising portions of Examiner Report and meetings with Examiner re finalizing Report; finalizing Exhibit Register and coordinating exhibits; communications with Court re filing Report and Exhibits; overseeing filing of Report. | 7.50 | 2362.50 |
| 11/19/11 | James P. S. Leshaw | t/c w/ Redmond re Examiner Report | 0.20 | 145.00 |
| 11/21/11 | James P. S. Leshaw | preparation for hearing, including multiple calls w/ Examiner (1.4); participation in hearing (.9); review of and revision of seal motion (.2); review of DiBello/Zeltser summary judgment motion (.6); follow up re hearing and strategy re next steps (1.7) | 4.80 | 3480.00 |

| Invoice No.: | 3063292 | | Page 4 |
| Re: | General Examiner Representation | | |
| Matter No.: | 133585.010100 | | |

Description of Professional Services Rendered

| | | | | |
|---|---|---|---|---|
| 11/21/11 | Ari Newman | Drafting Motion to Seal (1.5); preparing for and attending hearing on Examiner's Report (1.1); strategy discussion re Report and continued engagement, and review of newly filed pleadings (.9). | 3.50 | 1102.50 |
| 11/22/11 | James P. S. Leshaw | review of two summary judgment motions (1); review of and revision of order granting seal motion (.1); strategy re next steps and deposition/ t/c w/ Examiner re same (.8); t/c w/ Zeltser re deposition (.2); t/c w/ Rebak re deposition (.2); follow up re issues on Examiner Report (.6) | 2.90 | 2102.50 |
| 11/22/11 | Ari Newman | Drafting proposed Order re Motion to Seal and circulating to counsel for comment (1.1); Internal discussion re comments to Report by various parties and review of Report re same (0.5); discussion with, and reviewing email from, Mr. Zeltser (0.3); communications with Examiner re case issues (0.3); reviewing newly filed case pleadings (0.5). | 2.70 | 850.50 |
| 11/23/11 | Ari Newman | Emails re Berger Singerman Documents. | 0.20 | 63.00 |
| 11/27/11 | Ari Newman | Reviewing and analyzing Report in response to parties' comments; editing and revising Report. | 2.00 | 630.00 |
| 11/28/11 | Maribel Fontanez | Review court dockets to determine which motions were affected by defficiency notice; prepare notice of withdrawal of improper pleading; revise motion; e-mail to A. Newman for review; finalize and e-file same. | 0.60 | 123.00 |
| 11/28/11 | James P. S. Leshaw | email to Zeltser re deposition; follow up re fee application; t/c w/ Examiner re multiple issues | 1.40 | 1015.00 |
| 11/28/11 | Ari Newman | Drafting and revising First Interim Fee Application and related affidavit in support (1.9); internal discussions and emails re same and invoices (.2); emails and discussion re Examiner deposition and related issues (.2). | 2.30 | 724.50 |
| 11/29/11 | Maribel Fontanez | Revisions to fee application per J. P.S. Leshaw. | 0.50 | 102.50 |
| 11/29/11 | Maribel Fontanez | Finalize and upload order to seal in all three cases. | 0.30 | 61.50 |
| 11/29/11 | James P. S. Leshaw | review of and revision of fee application | 1.00 | 725.00 |
| 11/29/11 | Ari Newman | Drafting and revising First Interim Fee Application (1.1). | 1.10 | 346.50 |
| 11/30/11 | James P. S. Leshaw | review of scheduling order and motion to withdraw the reference; email to Examiner re same | 0.50 | 362.50 |

| | | Total Time: | 258.55 |
|---|---|---|---|
| | | Total Fees: | $ 129,852.75 |

| Invoice No.: | 3063292 | Page 5 |
| Re: | General Examiner Representation | |
| Matter No.: | 133585.010100 | |

Description of Expenses Billed:

| DATE | DESCRIPTION | | AMOUNT |
|------|-------------|---|--------|
| 09/10/11 | VENDOR: Leshaw, James P. S. INVOICE#: C051000003672110328 DATE: 11/14/2011  -  TYPE: Business Meals; REASON: Client Billable-MIA-Bkcy-Shareholder; DATE: 09/10/11 - Dinner; MERCHANT: Casolas; ATTENDEES: James P. S.  Leshaw (ACH), Nancy Crossman, Maribel Fontanez | $ | 30.90 |
| 10/17/11 | VENDOR: SeamlessWeb Professional Solutions, Inc. INVOICE#: 1035495 DATE: 10/30/11  -  Order ID 224531796 - Food Service from Blake & Todd (Vanderbilt); Lunch for James Leshaw in the Boardroom ASAP. - Ordered by Palese Carol on 10/17/11 | $ | 14.79 |
| 10/27/11 | Search Criteria: (None);   Document Type: Pacer Research Charges for October 2011 | $ | 7.20 |
| 11/02/11 | Copy; 9 Page(s) by 025637 | $ | 1.35 |
| 11/04/11 | Facsimile; 2576062, 2 Page(s) by 000001 | $ | 2.00 |
| 11/04/11 | VENDOR: FedEx - ACH INVOICE#: 768837224 DATE: 11/9/2011  -  Tracking #465991156600; From: James P.s. Leshaw, Greenberg Traurig - Miami, 333 Avenue Of The Americas, Miami, FL 33131;  To: Darin A. Dibello, Dibellolopez & Castillop.a, 1550 Madruga Avenue, Coral Gables, FL 33146 | $ | 7.49 |
| 11/04/11 | VENDOR: FedEx - ACH INVOICE#: 768837224 DATE: 11/9/2011  -  Tracking #465991156610; From: James P.s. Leshaw, Greenberg Traurig - Miami, 333 Avenue Of The Americas, Miami, FL 33131;  To: Craig A. Pugatch, Rice Pugatch Robinson & Schill, 101 N.e. Third Avenue, Fort Lauderdale, FL 33301 | $ | 7.49 |
| 11/04/11 | VENDOR: FedEx - ACH INVOICE#: 768837224 DATE: 11/9/2011  -  Tracking #465991156621; From: James P.s. Leshaw, Greenberg Traurig - Miami, 333 Avenue Of The Americas, Miami, FL 33131;  To: Joseph L. Rebak, Tew Cardenas Llp, Four Seasons Tower, Miami, FL 33131 | $ | 7.49 |
| 11/04/11 | VENDOR: FedEx - ACH INVOICE#: 768837224 DATE: 11/9/2011  -  Tracking #465991156632; From: James P.s. Leshaw, Greenberg Traurig - Miami, 333 Avenue Of The Americas, Miami, FL 33131;  To: Patricia Redmond, Stearns Weaver Miller, Museum Tower, Miami, FL 33130 | $ | 7.49 |
| 11/04/11 | VENDOR: FedEx - ACH INVOICE#: 768837224 DATE: 11/9/2011  -  Tracking #465991156654; From: James P.s. Leshaw, Greenberg Traurig - Miami, 333 Avenue Of The Americas, Miami, FL 33131;  To: Emanuel Zeltser, Sternik & Zeltser, 119 W. 72nd Street, New York, NY 10023 | $ | 7.49 |
| 11/04/11 | VENDOR: FedEx - ACH INVOICE#: 768837224 DATE: 11/9/2011  -  Tracking #465991156882; From: James P.s. Leshaw, Greenberg Traurig - Miami, 333 Avenue Of The Americas, Miami, FL 33131;  To: Martin Russo, Gusrae Kaplan Nusbaum Pllc, 120 Wall Street, New York City, NY 10005 | $ | 7.49 |
| 11/04/11 | Copy; 159 Page(s) by 000001 | $ | 23.85 |
| 11/04/11 | Westlaw Research by FONTANEZ,MARIBEL. | $ | 2.25 |
| 11/04/11 | Westlaw Research by AMBROSE,MICHAEL. | $ | 4.35 |
| 11/04/11 | Westlaw Research by CHASE,ANN. | $ | 139.89 |
| 11/11/11 | Westlaw Research by SIMS,RACHEL. | $ | 192.71 |

| Invoice No.: | 3063292 | Page 6 |
|---|---|---|
| Re: | General Examiner Representation | |
| Matter No.: | 133585.010100 | |

Description of Expenses Billed

| | | | |
|---|---|---|---|
| 11/15/11 | Copy; 136 Page(s) by 007359 | $ | 20.40 |
| 11/17/11 | VENDOR: Leshaw, James P. S. INVOICE#: C051000003672110330 DATE: 11/21/2011 - TYPE: Business Meals; REASON: Client Billable-MIA-Bkcy-Shareholder; DATE: 11/17/11 - Dinner for James Feltman, Jim Leshaw, Ari Newman and Nancy Crossman; MERCHANT: Casolas; ATTENDEES: James P. S. Leshaw (ACH), James Feltman, Ari Newman, Nancy Crossman | $ | 52.33 |
| 11/18/11 | Copy; 864 Page(s) by 025637 | $ | 129.60 |
| 11/18/11 | Copy; 20 Page(s) by 025637 | $ | 3.00 |
| 11/19/11 | VENDOR: United Parcel Service, Inc.(UPS) - ACH INVOICE#: 00111911878 DATE: 11/19/2011 - Trk. No. 1Z3796460162944030 - Ship date: 10/28/11 from     to Bert F Lacativo Mesirow Financial Consultin 2828 Routh Street Dallas TX - File Ref: 133585.0101 | $ | 10.84 |
| 11/20/11 | VENDOR: Soundpath / Premier Global - ACH INVOICE#: 3055790500-112011 DATE: 11/20/2011 - Conferencing Services Invoice Date 111114 User JPSL Client Code 133585 Matter Code 010100 | $ | 0.20 |
| 11/20/11 | VENDOR: Soundpath / Premier Global - ACH INVOICE#: 3055790500-112011 DATE: 11/20/2011 - Conferencing Services Invoice Date 111116 User JPSL Client Code 133585 Matter Code 010100 | $ | 1.23 |
| 11/20/11 | VENDOR: Soundpath / Premier Global - ACH INVOICE#: 3055790500-112011 DATE: 11/20/2011 - Conferencing Services Invoice Date 111116 User JPSL Client Code 133585 Matter Code 010100 | $ | 17.15 |
| 11/21/11 | Copy; 3 Page(s) by 007359 | $ | 0.45 |

Total Expenses: $ 699.43

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

| | |
|---|---|
| In re: | Case No. 11-17047-BKC-AJC |
| FISHER ISLAND INVESTMENTS, INC., | Chapter 11 (Involuntary) |
| Alleged Debtor. | |
| _____/ | |
| In re: | Case No. 11-17051-AJC |
| MUTUAL BENEFITS OFFSHORE FUND, LTD., | Chapter 11 (Involuntary) |
| Alleged Debtor. | |
| _____/ | |
| In re: | Case No. 11-17061-AJ |
| LITTLE REST TWELVE, INC., | Chapter 11 (Involuntary) |
| Alleged Debtor. | |
| _____/ | |

**SUMMARY OF FIRST INTERIM APPLICATION FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
JAMES S. FELTMAN AS CHAPTER 11 EXAMINER
FOR THE PERIOD APRIL 25, 2011 THROUGH NOVEMBER 18, 2011**

| | | |
|---|---|---|
| 1. | Name of applicant: | James S. Feltman |
| 2. | Role of applicant: | Chapter 11 Examiner |
| 3. | Name of certifying professional: | James S. Feltman |
| 4. | Date case filed: | March 31, 2011 |
| 5. | Date of application for employment: | April 25, 2011 |
| 6. | Date of final order approving employment: | April 27, 2011 *nunc pro tunc* to April 25, 2011 |
| 7. | If debtor's counsel, date of Disclosure of Compensation form: | N/A |
| 8. | Date of this application: | December 6, 2011 |
| 9. | Dates of services covered: | April 25, 2011 through November 18, 2011 |
| 10. | Total fee requested for this period: | $150,232.50 |
| 11. | Balance remaining in fee retainer account not yet awarded: | N/A |
| 12. | Fees paid or advanced for this period by other sources: | $0.00 |
| 13. | Net amount of fee requested for this period: | $150,232.50 |
| 14. | Total expense reimbursement requested | |

|  | for this period: | $418.07 |
| 15. | Balance remaining in expense retainer account<br>not yet received: | $0.00 |
| 16. | Expenses paid or advanced for this period by<br>other sources: | $0.00 |
| 17. | Net amount of expense reimbursements<br>requested for this period: | $418.07 |
| 18. | Gross award requested for this period (#10 + #14) | $150,650.57 |
| 19. | Net award requested for this period: | $150,650.57 |
| 20. | If Final Fee Application, amounts of net awards<br>Requested in interim applications but not previously<br>Awarded (total from History of Fees and Expenses): | N/A |
| 21. | Total fee and expense award requested (#19 + #20): | $150,650.57 |

### History of Fees and Expenses

1.  Dates, sources, and amounts of retainers received:

| Dates | Sources | Amounts | For Fees or Costs? |
| --- | --- | --- | --- |

2.  Dates, sources, and amounts of third-party payments received:     N/A

3.  Prior Fee and Expense Awards:  N/A

## CERTIFICATION

1.  I have been designated (the "Applicant") as the professional with responsibility in this case for compliance with the "Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases" (the "Guidelines").

2.  I have read the Applicant's application for compensation and reimbursement for expenses (the "Application").  The Application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the Application.

3.  The fees and expenses sought are billed rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

4.  In seeking reimbursement for the expenditures described in Exhibit C, the Applicant is seeking reimbursement only for the actual expenditure and has not marked up the actual cost to provide a profit to recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that the Applicant has elected to charge for in-house photocopies and outgoing facsimile transmissions at the minimum rates permitted by the Guidelines).

5.  In seeking reimbursement for any service provided by a third party, the Applicant is seeking reimbursement only for the amount actually paid by the Applicant to a third party.

6.  There are no variances with the provisions of the Guidelines.


James S. Feltman
*Examiner*
One Biscayne Tower, Suite 1800
Miami, FL  33131
Tel:    (305) 416-3344
Fax:    (305) 349-2025


By: _____
      James S. Feltman

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

| | |
|---|---|
| In re: | Case No. 11-17047-BKC-AJC |
| FISHER ISLAND INVESTMENTS, INC., | Chapter 11 (Involuntary) |
| Alleged Debtor. | |
| _____/ | |
| In re: | Case No. 11-17051-AJC |
| MUTUAL BENEFITS OFFSHORE FUND, LTD., | Chapter 11 (Involuntary) |
| Alleged Debtor. | |
| _____/ | |
| In re: | Case No. 11-17061-AJ |
| LITTLE REST TWELVE, INC., | Chapter 11 (Involuntary) |
| Alleged Debtor. | |
| _____/ | |

**FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
JAMES S. FELTMAN AS CHAPTER 11 EXAMINER
FOR THE PERIOD APRIL 25, 2011 THROUGH NOVEMBER 18, 2011**

1.      James S. Feltman as Chapter 11 Examiner (the "Examiner") for the bankruptcy estates of

Fisher Island Investments, Inc., Mutual Benefits Offshore Fund, Ltd., and Little Rest Twelve Inc.

(collectively, the "Debtors"), hereby files his First Interim Application for Allowance of

Compensation and Reimbursement of Expenses for the period April 25, 2011 through November

18, 2011 (the "Application Period").  In support of this Application, Examiner respectfully

represents as follows:

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of the Debtor's Chapter 11 case and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory predicates for the relief sought herein are section 330 of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016 and 5002.

## BACKGROUND

4.     On March 17, 2011, Solby + Westbrae Partners ("Solby"), 19 SHC, Corp. ("19 SHC"), Ajna Brands, Inc. ("Ajna"), 601/1700 NBC, LLC ("601/1700 NBC"), Axafina, Inc. ("Axafina"), and Oxana Adler, LLM ("Adler") (collectively, the "Petitioning Creditors") filed Involuntary Chapter 11 Petitions against Fisher Island Investments, Inc. ("Fisher Island"), Mutual Benefits Offshore Fund, Ltd. ("Mutual Benefits"), and Little Rest Twelve, Inc. ("Little Rest") (collectively, the "Alleged Debtors").

5.     The Petitioning Creditors filed an *Ex Parte Motion for Joint Administration and Intra-District Transfer of Chapter 11 Cases* on March 18, 2011, and the Court entered an *Order Granting, in Part, and Denying, in Part, Motion for Joint Administration of Three Involuntary Chapter 11 Cases* (the "Joint Administration Order") on March 31, 2011.  Pursuant to the Joint Administration Order, the Chapter 11 Cases are being jointly administered solely for the purpose of conducting one trial regarding the validity of the "Negotiable Promissory Note, the assignment of the Note and determination of who are the legitimate representatives and attorneys for the three alleged involuntary debtors."

6.     This Court entered an *Order Directing Appointment of Chapter 11 Examiner* on April 19, 2011, setting forth, without limitation, the scope of the Examiner's responsibilities and duties in these Chapter 11 Cases:

    a.   Investigating the ownership composition of the Alleged Debtors, and investigating who are their actual and duly authorized representatives and attorneys;

    b.   Examining the Promissory Notes and other documentation (including guarantees, Forbearance Agreements, and Demand Notices) upon which the petitioning creditors rely to allege their claims, the makers of such Promissory Notes, the makers' execution of the Promissory Notes, the payees thereof, and the overall propriety and authenticity of the Promissory Notes;

    c.   Examining the Assignments of the Promissory Notes above, the parties to, and the execution thereof, and the overall propriety of the Assignments;

    d.   Investigating the allegations contained in the Verified Motion For An Order Requiring Plaintiff to Show Cause Why the Complaint Should Not be Dismissed and For Sanctions Based on Fraud On the Court [D.E. 2 in the Adversary case styled *Fisher Island Investments, Inc. v. Andrew Baker, et al*., Adversary Case No. 11-01886-AJC, civil action which was removed by the Plaintiff to this Court from the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida]; and

    e.   Examining the financial affairs and records, including but not limited to, bank statements of each of the alleged Debtors for the last six (6) months and examine their individual list of assets.

7.     The United States Trustee filed a notice of appointment of examiner on April 25, 2011, appointing James S. Feltman as examiner in the Chapter 11 Cases, subject to further Court

approval.  The United States Trustee filed an *Application for Approval of Selection of
Appointment of Chapter 11 Examiner* on April 26, 2011, and the Court entered an *Order
Approving Selection of Chapter 11 Examiner*, approving the selection of James S. Feltman as
Examiner, on April 27, 2011.

## THE INTERIM APPLICATION

8.     Examiner incurred professional fees of $150,232.50 and expenses of $418.07 for a total
of $150,650.57.  By this Application, Examiner seeks an aggregate first interim award in the
amount of $150,232.50 of fees and $418.07 of expenses for a total amount of $150,650.57.
Examiner requests an interim allowance of compensation for professional services rendered from
April 25, 2011 through November 18, 2011 in the amount of $150,650.57.  This interim
allowance represents payment of 100% of the fees requested and 100% of expenses.  Examiner
expended 182.1 hours on this case during this period.

9.     This is Examiner's First Interim Fee Application.  Examiner's services have been
substantial, necessary and beneficial to the Alleged Debtors and its estates, creditors and other
parties-in-interest.  The variety and complexity of issues involved in this case and the need to act
or respond on an expedited basis to those issues have required substantial time on a daily basis.

10.    Examiner has maintained written records of the time expended in this case as required in
the Southern District of Florida and by the Retention Order.  Those time records are maintained
contemporaneously with the rendition of services in the ordinary course of business.  Such
records set forth in detail the services rendered, the dates upon which such services were
rendered, the nature of the services, the time spent performing such services during the
Application Period, and are annexed hereto as **Exhibits D1 through D4**.  A schedule setting
forth a summary of the number of hours expended by the individual professional and staff
personnel during the Application Period are annexed hereto as **Exhibit A**.

## <u>SUMMARY OF SERVICES RENDERED</u>

11.     During the Application Period, Examiner provided extensive services to the estates. Moreover, the number of hours expended by Examiner were actual, necessary and beneficial to the estates. Examiner encountered numerous complex accounting and financial advisory issues during the Application Period. Examiner was called upon to respond, often with very short notice, to a host of issues and demands. Examiner has rendered advice in all of these areas with skill and great dispatch. The full breadth of Examiner's services are reflected in the attached MFC time records, and annexed hereto as **<u>Exhibit B</u>**. A short description of Examiner's services is as follows:

| <u>CATEGORY</u> | <u>HOURS</u> | <u>FEES</u> |
|---|---|---|
| *<u>D-1 Case Administration</u>* | 6.0 | $ 4,950.00 |

This category relates to general case administration matters and certain other matters that either do not fall within any of the other categories or tasks encompassing multiple categories of work that could not be easily broken down into separate categories. During the first interim period I expended 6.0 hours in matters related to this category, resulting in fees of $4,950.00. The services performed included but were not limited to, review and analysis of the court dockets and pleadings in these cases, review of the retention applications, and written and oral communications with counsel.

| | | |
|---|---|---|
| *<u>D-2 Court Hearings</u>* | 3.8 | $ 3,135.00 |

This category relates to preparation for and attendance, in person and by telephone, at court hearings in these cases. During the first interim period I expended 3.8 hours in matters related to this category, resulting in fees of $3,135.00.

5

| | | |
|---|---|---|
| *D-3 Investigation/Examination* | 103.0 | $84,975.00 |

This category relates to the investigation and/or examination conducted in these cases. During the first interim period I expended 103.00 hours in matters related to this category, resulting in fees of $84,975.00. The services performed included, but were not limited to, review and analysis of pleadings in these cases and other related litigation; review and analysis of documents produced by the various constituencies; conducting witness interviews; attending meetings with investigative team and counsel; preparation for hearings; and communications with investigators, counsel and others.

| | | |
|---|---|---|
| *D-4 Report Preparation* | 69.3 | $57,172.50 |

This category relates to the preparation of the Examiner's report. During the first interim period I expended 69.30 hours in matters related to this category, resulting in fees of $57,172.50. The services performed included but were not limited to, drafting the report; reviewing orders, transcripts and other relevant documents in connection with drafting the report; communications and meetings with investigative team and counsel regarding drafting, editing and reviewing the report.

| | | |
|---|---|---|
| **Total Hours and Fees** | **182.1** | **$150,232.50** |

12. Applicant has expended approximately 182.1 hours between April 25, 2011 through November 18, 2011 in performing necessary and beneficial financial advisory services to the estates.

13. Based on the standards set forth in Section 330 of the Bankruptcy Code, including without limitation the nature and extent of the cost of comparable services in a non-bankruptcy case, and the value of such services and results obtained, Examiner believes that the fair and reasonable value of its services rendered during the Application Period is the total amount of $150,232.50.

## JOHNSON AND FIRST COLONIAL CONSIDERATIONS

15.     The Applicant believes that the requested fee of $150,232.50 for 182.1 hours worked is reasonable considering the twelve factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), made applicable to bankruptcy proceedings by In re First Colonial Corp. of America, 544 F.2d 1291 (5th Cir. 1977), as follows:

(a)      Time and Labor Required:  As set forth in detail on **Exhibits A, B, C, D-1 through D-3**, Examiner spent 182.1 hours during the Application Period performing professional services on behalf of the estates.  Examiner consistently utilizes staff available commensurate with the degree of experience and expertise required for the task, in order to reduce the overall fees in this matter without any sacrifice to the quality of the services being rendered.  Paraprofessionals are utilized for the preparation of employment fee applications in order to further reduce overall fees.[1]

(b)      Novelty and Difficulty of the Questions:  Although the majority of the issues in this case were not novel, this case has presented a variety of issues normal to providing assistance and advisory services to entities in bankruptcy.  Many of the matters addressed by Examiner were complex due to the size and nature of the operations of the Alleged Debtors; however the issues presented in this case were not overly difficult or unique to the Examiner.  Examiner accomplished the tasks in a timely, effective and efficient manner.

(c)      Skill Requisite to Perform the Service Properly:  The Examiner has more than 30 years of extensive corporate recovery and litigation support experience, including engagements involving business turnarounds, debt restructuring, bankruptcy and reorganization, misappropriation of funds, lender liability, securities fraud and breach of contract.

(d)      Preclusion of Other Employment Due to the Acceptance of the Case:

---

[1] Mesirow Financial Consulting intends to file a separate fee application.

Examiner is unable to estimate the extent it has been precluded from other employment, as, the services provided have, to varying degrees, prevented applicant from providing its services to other clients and from developing new business.

(e)     Customary Fee:  Examiner normally is compensated on an hourly basis, and customarily bills commercial clients on a monthly basis based on hourly rates.  Examiner represents that these hourly rates are reasonable, fair, and customary for the degree of skill and expertise required in this case.  These rates are comparable with the rates generally charged by other firms for bankruptcy services and the rates are reasonable in amount.

(f)     Whether the Fee is Fixed or Contingent:  The Fees requested in this Application do not represent a contingent fee arrangement.  Examiner's compensation is, however, as is true for other professionals in every bankruptcy case, contingent upon the Court's approval of this application.

(g)     Time Limitations:  Time limitations were imposed due to Court imposed deadlines and statutes of limitations.

(h)     Amount Involved and Results Obtained:  During the Application Period, the Examiner undertook an extensive investigation involving complicated facts and divergent interests, and produced a comprehensive 100-page report.

(i)     The experience, reputation and ability of the professionals:  Examiner possesses a reputation for skill, quality, integrity and ability.  Examiner has assisted many debtors, banks, trustees, creditors and official committees in some of the largest and most sophisticated bankruptcy cases.

(j)     The Undesirability of the Case:  Although this case required the commitment of resources without certainty as to compensation or reimbursement, there is no "undesirable" nature of this case or Examiner's assistance to the estates herein.

(k)     Nature and Length of Professional Relationship with Client:  Examiner has had prior relationship in other matters before this Court.

(l)     Awards in Similar Cases:  The Fees for which Examiner seeks compensation and reimbursement are not excessive but are commensurate with the compensation sought and awarded in similar cases and are comparable with Examiner rates for similar services outside bankruptcy.  As more fully described in **Exhibit A**, the fees requested by Examiner are in the amount of $150,232.50.  After taking into consideration the time and labor spent thus far and the nature and extent of the representation, Examiner believes the allowance requested is reasonable.

16.    Although every effort has been made to include all fees and expenses from the First Interim Period in this Application, some fees and expenses from the First Interim Period might not be included in this application due to delays caused by accounting and processing procedures. Examiner reserves the right to make further application to the Court for allowance of fees and expenses not included herein.

17.    In accordance with the factors enumerated in § 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Examiner is fair and reasonable given:  (a) the complexity of this large case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under this Title.

## **CONCLUSION**

**WHEREFORE**, Examiner respectfully requests for the period April 25, 2011 through November 18, 2011, an interim allowance of fees and expenses in the amount of $150,650.57 as compensation for necessary professional services rendered which represents 100% of the requested fees and 100% of the requested expenses as compensation for necessary professional services rendered for the First Interim Period

Dated:  December 6, 2011

Respectfully submitted,

_____

James S. Feltman
*Examiner*
One Biscayne Tower, Suite 1800
Miami, FL  33131
Tel:     (305) 416-3344
Fax:     (305) 349-2025

## CERTIFICATE OF SERVICE

      I hereby certify that on December 7, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                             /s/ James P.S. Leshaw
                             JAMES P.S. LESHAW

## SERVICE LIST

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case:

Case No. 11-17047-AJC

- Brett M Amron    bamron@bastamron.com,
  jeder@bastamron.com,dquick@bastamron.com,kparrales@bastamron.com,jmiranda@ba
  stamron.com,afiorentino@bastamron.com
- Johanna Armengol    Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov
- Terrance A Dee    tdee@dlclegal.com,
  ddibello@dlclegal.com;flopez@dlclegal.com;chackney@dlclegal.com;dperry@dlclegal.c
  om
- James P.S. Leshaw    leshawj@gtlaw.com,
  mialitdock@gtlaw.com;miaecfbky@gtlaw.com
- Ari Newman    newmanar@gtlaw.com, thompsonc@gtlaw.com;mialitdock@gtlaw.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Craig A. Pugatch    capugatch.ecf@rprslaw.com
- Joseph L Rebak    jlr@tewlaw.com,
  jsk@tewlaw.com;np@tewlaw.com;eguzman@tewlaw.com
- Patricia A Redmond    predmond@stearnsweaver.com,
  jrivera@stearnsweaver.com;rross@stearnsweaver.com;mmesones-
  mori@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com
- George L. Zinkler    gzinkler.ecf@rprslaw.com

Case No. 11-17051-AJC

- Johanna Armengol    Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov
- Terrance A Dee    tdee@dlclegal.com,
  ddibello@dlclegal.com;flopez@dlclegal.com;chackney@dlclegal.com;dperry@dlclegal.c
  om
- James P.S. Leshaw    leshawj@gtlaw.com,
  mialitdock@gtlaw.com;miaecfbky@gtlaw.com
- Ari Newman    newmanar@gtlaw.com, thompsonc@gtlaw.com;mialitdock@gtlaw.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Craig A. Pugatch    capugatch.ecf@rprslaw.com
- Patricia A Redmond    predmond@stearnsweaver.com,
  jrivera@stearnsweaver.com;rross@stearnsweaver.com;mmesones-
  mori@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com
- Emanuel Zeltser    ez@russianlaw.org
- George L. Zinkler    gzinkler.ecf@rprslaw.com

Case No. 11-17061-AJC

- Johanna Armengol    Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov
- Terrance A Dee    tdee@dlclegal.com,
  ddibello@dlclegal.com;flopez@dlclegal.com;chackney@dlclegal.com;dperry@dlclegal.com
- James P.S. Leshaw    leshawj@gtlaw.com,
  mialitdock@gtlaw.com;miaecfbky@gtlaw.com
- Ari Newman    newmanar@gtlaw.com, thompsonc@gtlaw.com;mialitdock@gtlaw.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Craig A. Pugatch    capugatch.ecf@rprslaw.com
- Patricia A Redmond    predmond@stearnsweaver.com,
  jrivera@stearnsweaver.com;rross@stearnsweaver.com;mmesones-
  mori@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com
- Emanuel Zeltser    ez@russianlaw.org
- George L. Zinkler    gzinkler.ecf@rprslaw.com


**Manual Notice List**

**None**

*MIA 182,220,225 v2 133585.010100*

**EXHIBIT A**

Fisher Island Investments, Inc., Case No. 11-17047-AJC

Mutual Benefits Offshore Fund, Ltd., Case No. 11-17051-AJC

Little Rest Twelve, Inc., Case No. 11-17061-AJC

Summary of Hours and Fees Incurred By Professional

April 25, 2011 through November 18, 2011

| Professional | Position | Current Hours Billed | Hourly Rate | Current Fees Billed |
|---|---|---|---|---|
| Feltman, James | Senior Managing Director | 182.1 | $ 825.00 | $ 150,232.50 |
| Total Hours and Fees | | 182.1 | | $ 150,232.50 |
| Total Fees Requested | | | | $ 150,232.50 |
| Total Hourly Blended Rate | | $ 825.00 | | |

**EXHIBIT B**

Fisher Island Investments, Inc., Case No. 11-17047-AJC

Mutual Benefits Offshore Fund, Ltd., Case No. 11-17051-AJC

Little Rest Twelve, Inc., Case No. 11-17061-AJC

Summary of Hours and Fees Incurred by Category

April 25, 2011 through November 18, 2011

| Category | Exhibit | Hours | Fees |
|---|---|---|---|
| Case Administration | D-1 | 6.0 | $ 4,950.00 |
| Court Hearings | D-2 | 3.8 | 3,135.00 |
| Investigation/Examination | D-3 | 103.0 | 84,975.00 |
| Report Preparation | D-4 | 69.3 | 57,172.50 |
| **Total Hours and Fees Requested** | | **182.1** | **$ 150,232.50** |

**EXHIBIT C**

Fisher Island Investments, Inc., Case No. 11-17047-AJC

Mutual Benefits Offshore Fund, Ltd., Case No. 11-17051-AJC

Little Rest Twelve, Inc., Case No. 11-17061-AJC

Summary of Expenses

April 25, 2011 through November 18, 2011

Listed below are the expenses incurred for each expense category:

| Expense Category | Amount |
|---|---|
| Ground Transportation | $      99.00 |
| Lodging | 319.07 |
| Meals | - |
| Postage, Messenger & Shipping | - |
|  |  |
| Expense Subtotal | 418.07 |

| **Total Expenses Requested** | **$      418.07** |
|---|---|

**EXHIBIT D-1**

Fisher Island Investments, Inc., Case No. 11-17047-AJC

Mutual Benefits Offshore Fund, Ltd., Case No. 11-17051-AJC

Little Rest Twelve, Inc., Case No. 11-17061-AJC

Case Administration

April 25, 2011 through November 18, 2011

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Feltman, James | 04/25/11 | Review docket and pleadings; calls with UST; prepare initial written communications with counsel. | 2.5 | $ 825.00 | $ 2,062.50 |
| Feltman, James | 05/11/11 | Conduct case preparation. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 05/26/11 | Discuss retention documents and status conference order with GT. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 06/01/11 | Address case administration issues. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 06/03/11 | Address case administration issues. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 06/20/11 | Address case administration issues. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 07/06/11 | Meet with V. Karki (MFC) regarding demonstratives and related issues. | 1.0 | 825.00 | 825.00 |
| | | **Total Case Administration** | **6.0** | | **$ 4,950.00** |

**EXHIBIT D-2**

Fisher Island Investments, Inc., Case No. 11-17047-AJC
Mutual Benefits Offshore Fund, Ltd., Case No. 11-17051-AJC
Little Rest Twelve, Inc., Case No. 11-17061-AJC
Court Hearings
April 25, 2011 through November 18, 2011

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Feltman, James | 05/11/11 | Prepare for and participate in status conference. | 0.8 | $ 825.00 | $ 660.00 |
| Feltman, James | 06/22/11 | Participate telephonically at hearing on MFC and GT retention applications. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 07/26/11 | Prepare for and participate in Status Conference. | 2.5 | 825.00 | 2,062.50 |
| | | **Total Court Hearings** | **3.8** | | $ **3,135.00** |

**EXHIBIT D-3**

Fisher Island Investments, Inc., Case No. 11-17047-AJC
Mutual Benefits Offshore Fund, Ltd., Case No. 11-17051-AJC
Little Rest Twelve, Inc., Case No. 11-17061-AJC
Investigation/Examination
April 25, 2011 through November 18, 2011

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Feltman, James | 04/26/11 | Read and review pleadings and exhibits. | 3.0 | $ 825.00 | $ 2,475.00 |
| Feltman, James | 05/02/11 | Attend meeting with Stearns Weaver group. | 5.0 | 825.00 | 4,125.00 |
| Feltman, James | 05/03/11 | Attend meeting at BastAmron. | 2.5 | 825.00 | 2,062.50 |
| Feltman, James | 05/10/11 | Prepare for hearing; place calls to counsel. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 05/12/11 | Participate in conference call with Mesirow ("MFC") and Gaffney Gallagher & Philip ("GGP"). | 0.7 | 825.00 | 577.50 |
| Feltman, James | 05/12/11 | Attend meeting with J. Leshaw (Greenberg Traurig, "GT"). | 0.5 | 825.00 | 412.50 |
| Feltman, James | 05/14/11 | Prepare for and participate in conference call with C. Pugatch (Rice Robinson, "RPRS"). | 0.7 | 825.00 | 577.50 |
| Feltman, James | 05/18/11 | Participate in conference call with MFC and investigators. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 05/19/11 | Participate in status update discussions with team members. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 05/23/11 | Participate in working group introductions/discussions. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 05/26/11 | Prepare for meeting; respond to calls regarding scheduling. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 05/26/11 | Attend meeting in New York, NY. | 2.0 | 825.00 | 1,650.00 |
| Feltman, James | 05/26/11 | Participate in conference call with document examiner and R. Gaffney (GGP). | 0.5 | 825.00 | 412.50 |
| Feltman, James | 05/26/11 | Read and review FII memo regarding Oxana Adler. | 0.8 | 825.00 | 660.00 |
| Feltman, James | 05/31/11 | Meet with P. Philip (MFC) to discuss upcoming meeting with Redmond/Rebak. | 1.0 | 825.00 | 825.00 |
| Feltman, James | 05/31/11 | Participate in conference call with GT, MFC and GGP as preparation for Rebak/Redmond meeting. | 1.0 | 825.00 | 825.00 |
| Feltman, James | 05/31/11 | Prepare for and participate in FII meeting in New York, NY. | 4.7 | 825.00 | 3,877.50 |
| Feltman, James | 06/06/11 | Participate in status update call with MFC, GGP and Integrity Plus Service ("IPS"). | 1.0 | 825.00 | 825.00 |
| Feltman, James | 06/12/11 | Read and review Amron letter and exhibits. | 0.7 | 825.00 | 577.50 |
| Feltman, James | 06/15/11 | Review document management pricing. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 06/16/11 | Attend meeting with R. Gaffney (GGP) and C. Sabinson (IPS). | 2.0 | 825.00 | 1,650.00 |
| Feltman, James | 06/16/11 | Participate in prep meeting at Miami office. | 2.5 | 825.00 | 2,062.50 |
| Feltman, James | 06/17/11 | Attend meeting with Amron group. | 3.0 | 825.00 | 2,475.00 |
| Feltman, James | 06/23/11 | Participate in status update call with MFC, GGP and IPS. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 06/25/11 | Respond to various calls/communications. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 06/27/11 | Participate in status update call with MFC, GGP and IPS. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 06/27/11 | Prepare for meeting in New York, NY. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 06/28/11 | Attend meeting with Redmond group in New York, NY. | 3.0 | 825.00 | 2,475.00 |
| Feltman, James | 07/05/11 | Prepare for conference call. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 07/08/11 | Attend team meeting in Miami, FL. | 1.5 | 825.00 | 1,237.50 |
| Feltman, James | 07/13/11 | Address legal issue with GT and related prep. | 1.0 | 825.00 | 825.00 |
| Feltman, James | 07/14/11 | Participate in conference call with GT London regarding JWL transaction. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 07/14/11 | Participate in status update call with MFC, GGP and IPS. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 07/15/11 | Participate in conference call/meeting with GT, MFC, GGP and IPS regarding seeking closure. | 2.5 | 825.00 | 2,062.50 |
| Feltman, James | 07/20/11 | Prepare for meeting on July 22nd. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 07/21/11 | Continue preparing for July 22nd meeting. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 07/22/11 | Attend in-person meeting with GT, MFC, GGP and IPS. | 4.0 | 825.00 | 3,300.00 |
| Feltman, James | 07/22/11 | Participate in discussion with B. Amron (BastAmron). | 0.7 | 825.00 | 577.50 |
| Feltman, James | 07/25/11 | Review Chapter7 filing for LR 12 and response. | 0.5 | 825.00 | 412.50 |

**EXHIBIT D-3**

Fisher Island Investments, Inc., Case No. 11-17047-AJC
Mutual Benefits Offshore Fund, Ltd., Case No. 11-17051-AJC
Little Rest Twelve, Inc., Case No. 11-17061-AJC
Investigation/Examination
April 25, 2011 through November 18, 2011

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Feltman, James | 07/25/11 | Participate in status update call with MFC, GGP and IPS. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 07/25/11 | Participate in conference call with C. Pugatch (RPRS) and J. Leshaw (GT) regarding rules of evidence/hearsay. | 1.0 | 825.00 | 825.00 |
| Feltman, James | 07/25/11 | Participate in conference call with P. Redmond (SWMWAS) and J. Leshaw (GT). | 0.5 | 825.00 | 412.50 |
| Feltman, James | 07/25/11 | Participate in conference call with C. Pugatch (RPRS), R. Gaffney (GGP), S. Hernandez (investigator) regarding server manager/AP documents. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 07/26/11 | Prepare for hearing. | 1.0 | 825.00 | 825.00 |
| Feltman, James | 07/27/11 | Discuss FRE 706 and e-protocols with P. Redmond (SWMWAS); discussion with J. Leshaw (GT). | 0.5 | 825.00 | 412.50 |
| Feltman, James | 07/27/11 | Follow-up on various matters (calls, emails, etc.). | 1.0 | 825.00 | 825.00 |
| Feltman, James | 07/28/11 | Meet with S. Hernandez (investigator), C. Sabinson (IPS) and call to B. Lacativo (MFC) regarding e-discovery issues and Fisher case e-file. | 1.5 | 825.00 | 1,237.50 |
| Feltman, James | 07/29/11 | Read and review Freid order and timeline. | 1.0 | 825.00 | 825.00 |
| Feltman, James | 08/01/11 | Participate in status update call with MFC, GGP and IPS. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 08/03/11 | Attend meeting in New York, NY with P. Redmond (SWMWAS) and M. Russo (Gusrae Kaplan)and S. Hernandez (investigator) regarding e-discovery issues. | 1.5 | 825.00 | 1,237.50 |
| Feltman, James | 08/04/11 | Participate in discussion with C. Pugatch (RPRS). | 0.5 | 825.00 | 412.50 |
| Feltman, James | 08/05/11 | Participate telephonically in Ashworth deposition in London, England. | 4.5 | 825.00 | 3,712.50 |
| Feltman, James | 08/11/11 | Read and respond to various communications and calls. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 08/18/11 | Participate in discussion with J. Leshaw (GT). | 0.5 | 825.00 | 412.50 |
| Feltman, James | 08/22/11 | Participate in conference call with GT, GGP, MFC regarding FIII exit plan. | 1.0 | 825.00 | 825.00 |
| Feltman, James | 08/24/11 | Participate in discussion with P. Redmond (SWMWAS). | 1.0 | 825.00 | 825.00 |
| Feltman, James | 08/25/11 | Participate in conference call with counsel. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 09/06/11 | Participate in update discussion with J. Leshaw (GT). | 0.5 | 825.00 | 412.50 |
| Feltman, James | 09/07/11 | Participate in conference call with J. Leshaw (GT). | 0.5 | 825.00 | 412.50 |
| Feltman, James | 09/09/11 | Participate in conference call with B. Lacativo (MFC) and S. Hernandez (investigator). | 0.5 | 825.00 | 412.50 |
| Feltman, James | 09/09/11 | Participate in discussions with J. Leshaw and A. Newman (both GT). | 0.5 | 825.00 | 412.50 |
| Feltman, James | 09/15/11 | Prepare for and attend meeting with P. Redmond (SWMWAS) regarding Georgian rulings; follow-up with J. Leshaw (GT). | 2.5 | 825.00 | 2,062.50 |
| Feltman, James | 09/16/11 | Participate in discussions with J. Leshaw (GT) and P. Redmond (SWMWAS). | 0.5 | 825.00 | 412.50 |
| Feltman, James | 09/19/11 | Receive and review protocol updates. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 09/19/11 | Attend meeting with D. DiBello (DiBello, Lopez & Castillo); and follow-up with J. Leshaw and A. Newman (both GT). | 2.0 | 825.00 | 1,650.00 |
| Feltman, James | 09/20/11 | Participate in conference call with J. Leshaw (GT) and C. Pugatch (RPRS). | 0.5 | 825.00 | 412.50 |
| Feltman, James | 09/21/11 | Attend meeting in New York, NY with Samuelson and P. Redmond (SWMWAS). | 2.0 | 825.00 | 1,650.00 |
| Feltman, James | 09/22/11 | Attend meeting with J. Leshaw (GT). | 0.5 | 825.00 | 412.50 |

EXHIBIT D-3

Fisher Island Investments, Inc., Case No. 11-17047-AJC
Mutual Benefits Offshore Fund, Ltd., Case No. 11-17051-AJC
Little Rest Twelve, Inc., Case No. 11-17061-AJC
Investigation/Examination
April 25, 2011 through November 18, 2011

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Feltman, James | 09/26/11 | Prepare for attend interviews at SWMWAS. | 5.0 | 825.00 | 4,125.00 |
| Feltman, James | 09/27/11 | Review and consider status updates. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 09/27/11 | Respond to various calls, meetings and discussions. | 1.0 | 825.00 | 825.00 |
| Feltman, James | 09/28/11 | Conduct Samuelson interview/prep. | 3.5 | 825.00 | 2,887.50 |
| Feltman, James | 09/29/11 | Participate in conference call with S. Hernandez (investigator) and R. Gaffney (GGP) regarding R. Mingels. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 09/30/11 | Review and consider status updates. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 10/13/11 | Attend meeting with J. Leshaw (GT). | 0.5 | 825.00 | 412.50 |
| Feltman, James | 10/14/11 | Participate in conference call with J. Leshaw (GT) regarding Zeltser. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 10/17/11 | Attend interview at GT offices. | 2.0 | 825.00 | 1,650.00 |
| Feltman, James | 10/18/11 | Read and respond to calls and communications regarding scheduling and report. | 0.5 | 825.00 | 412.50 |
| Feltman, James | 10/19/11 | Participate in conference call with J. Leshaw and A. Newman (both GT). | 0.7 | 825.00 | 577.50 |
| Feltman, James | 10/19/11 | Prepare for and participate in Goldstein interview. | 4.5 | 825.00 | 3,712.50 |
| Feltman, James | 10/20/11 | Participate in discussion with J. Leshaw (GT). | 0.5 | 825.00 | 412.50 |
| Feltman, James | 10/20/11 | Read Ashcroft depo and exhibits. | 1.5 | 825.00 | 1,237.50 |
| Feltman, James | 10/21/11 | Review and analyze Ashcroft exhibits. | 0.5 | 825.00 | 412.50 |
| | | **Total Investigation/Examination** | **103.0** | | **$ 84,975.00** |

**EXHIBIT D-4**

Fisher Island Investments, Inc., Case No. 11-17047-AJC
Mutual Benefits Offshore Fund, Ltd., Case No. 11-17051-AJC
Little Rest Twelve, Inc., Case No. 11-17061-AJC
Report Preparation
April 25, 2011 through November 18, 2011

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Feltman, James | 10/24/11 | Report preparation at GT. | 7.3 | $ 825.00 | $ 6,022.50 |
| Feltman, James | 10/25/11 | Read and review Gibraltar orders. | 2.0 | 825.00 | 1,650.00 |
| Feltman, James | 10/26/11 | Read trial transcript of Kay in Gibraltar. | 1.0 | 825.00 | 825.00 |
| Feltman, James | 10/26/11 | Participate in discussion with B. Lacativo (MFC). | 1.0 | 825.00 | 825.00 |
| Feltman, James | 10/26/11 | Participate in conference call with J. Leshaw and A. Newman (both GT). | 1.5 | 825.00 | 1,237.50 |
| Feltman, James | 11/02/11 | Meet with counsel to review and draft report. | 5.0 | 825.00 | 4,125.00 |
| Feltman, James | 11/03/11 | Meet with counsel to review and draft report. | 5.0 | 825.00 | 4,125.00 |
| Feltman, James | 11/04/11 | Draft/prepare report. | 3.0 | 825.00 | 2,475.00 |
| Feltman, James | 11/05/11 | Draft/prepare report. | 4.0 | 825.00 | 3,300.00 |
| Feltman, James | 11/08/11 | Participate in discussion with J. Leshaw (GT). | 0.5 | 825.00 | 412.50 |
| Feltman, James | 11/11/11 | Participate in conference call with B. Lacativo, R. Gaffney (both MFC) and S. Hernandez (CNI). | 0.5 | 825.00 | 412.50 |
| Feltman, James | 11/14/11 | Draft/prepare report. | 5.5 | 825.00 | 4,537.50 |
| Feltman, James | 11/14/11 | Participate in conference call with GT and MFC regarding report. | 1.0 | 825.00 | 825.00 |
| Feltman, James | 11/15/11 | Draft/prepare report. | 5.0 | 825.00 | 4,125.00 |
| Feltman, James | 11/15/11 | Continue report preparation and review. | 5.0 | 825.00 | 4,125.00 |
| Feltman, James | 11/16/11 | Participate in conference call with GT to preview and discuss examiner report. | 1.5 | 825.00 | 1,237.50 |
| Feltman, James | 11/17/11 | Draft/prepare report. | 4.0 | 825.00 | 3,300.00 |
| Feltman, James | 11/17/11 | Edit and review of report. | 4.5 | 825.00 | 3,712.50 |
| Feltman, James | 11/17/11 | Review and finalize report. | 4.0 | 825.00 | 3,300.00 |
| Feltman, James | 11/18/11 | Review, edit and finalize report. | 8.0 | 825.00 | 6,600.00 |
| | | **Total Report Preparation** | **69.3** | | **$ 57,172.50** |

**EXHIBIT E**

Fisher Island Investments, Inc., Case No. 11-17047-AJC
Mutual Benefits Offshore Fund, Ltd., Case No. 11-17051-AJC
Little Rest Twelve, Inc., Case No. 11-17061-AJC
Detail of Out-of-Pocket Expenses
April 25, 2011 through November 18, 2011

| Name | Date | Description | | Amount |
|------|------|-------------|---|--------|
| Feltman, James | 05/11/11 | Taxi from MIA airport to office. | $ | 25.00 |
| Feltman, James | 06/06/11 | Taxi from LGA airport to office. | | 38.00 |
| Feltman, James | 09/21/11 | Taxi from LGA airport to office. | | 36.00 |
| | | *Ground Transportation Subtotal* | $ | 99.00 |
| | | | | |
| Feltman, James | 06/06/11 | Lodging New York, NY. (1 night) | $ | 319.07 |
| | | *Lodging Subtotal* | $ | 319.07 |
| | | | | |
| | | *Total Out-of-Pocket Expenses* | $ | 418.07 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                             Case No. 11-17047-AJC

FISHER ISLAND INVESTMENTS, INC.,                   Chapter 11
                                                   (Involuntary)
            Debtor.
_____/


In re:                                             Case No. 11-17051-AJC

MUTUAL BENEFITS OFFSHORE FUND, LTD.,               Chapter 11
                                                   (Involuntary)
            Debtor.
_____/

In re:                                             Case No. 11-17061-AJC

LITTLE REST TWELVE INC.,
d/b/a Ajna Bar and Budda Bar NYC,                  Chapter 11
                                                   (Involuntary)
            Debtor.
_____/

## NOTICE OF TAKING DEPOSITION

PLEASE TAKE NOTICE that Petitioning Creditors, through the undersigned counsel,

will conduct a Deposition of the below-named individual at the place and time indicated:

| NAME | DATE AND TIME | LOCATION |
|---|---|---|
| James Feltman, Examiner | December 21, 2011 at 10:00am | Rice Pugatch Robinson and Schiller, PA 101 NE 3 Ave, Suite 1800 Fort Lauderdale, FL 33301 |

The deposition may continue from day to day until completed.

The deposition is pursuant to FRBP 2004 and 7030 and will be taken before an officer

authorized to record the testimony. The scope of the deposition shall be as described in FRBP

2004 and 7030.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A)

RICE PUGATCH ROBINSON & SCHILLER, P.A.
101 N.E. Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 462-8000
Facsimile: (954) 462-4300

By:____/s/ Craig A. Pugatch
            CHAD P. PUGATCH
            Florida Bar No.:  220582
            CRAIG A. PUGATCH
            Florida Bar No.: 653381

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on December 8, 2011, upon all parties receiving notice via this method.

/s/      Craig A. Pugatch

Form CGFCRD3 (11/14/11)

# United States Bankruptcy Court
### Southern District of Florida
### www.flsb.uscourts.gov

Case Number: 11−17047−AJC

Chapter: 11

In re:

Fisher Island Investments, Inc.
One Fisher Island Dr
Miami Beach, FL 33109

EIN: 20−1953574

# NOTICE OF HEARING

**NOTICE IS HEREBY GIVEN** that a hearing will be held on **December 30, 2011** at **02:00 PM,** at the following location:

**Claude Pepper Federal Bldg
51 SW First Ave Room 1410
Miami FL 33130**

to consider the following:

**First Application for Interim Compensation of James S. Feltman as Chapter 11 Examiner for James S Feltman, Examiner, Period: 4/25/2011 to 11/18/2011, Fee: $150232.50, Expenses: $418.07. Filed by Examiner James S Feltman.**

**First Application for Interim Compensation of Greenberg Traurig, P.A., as Counsel for the Examiner for Ari Newman Esq., Attorney, Period: 5/20/2011 to 11/30/2011, Fee: $312,368.75, Expenses: $1467.17. Filed by Attorney Ari Newman Esq..**

**THIS MATTER HAS BEEN SCHEDULED FOR A NON−EVIDENTIARY HEARING.**

**THE MOVANT (OR MOVANT'S COUNSEL if represented by an attorney) SHALL SERVE A COPY OF THIS NOTICE OF HEARING** and, unless previously served, the above−described pleading on all required parties within the time frames required by the Bankruptcy Rules, Local Rules, or orders of the Court, and shall file a certificate of service as required under Local Rules 2002−1(F) and 9073−1(B). Any party who fails to properly serve any pleadings or other paper may be denied the opportunity to be heard thereon.

**PLEASE NOTE:** Photo identification is required to gain entrance to all federal courthouse facilities. Electronic devices, including but not limited to cameras, cellular phones (including those with cameras), pagers, personal data assistants (PDA), laptop computers, radios, tape−recorders, etc., **are not permitted** in the courtroom, chambers or other environs of this court. These restrictions **(except for cameras not integrated into a cell phone device)** do not apply to attorneys with a valid Florida Bar identification card, attorneys who have been authorized to appear by pro hac vice order and witnesses subpoenaed to appear in a specific case. An attorney seeking entry to the Ft. Lauderdale courthouse facilities must also be admitted to practice in the Southern District of Florida or be authorized to appear by pro hac vice order. **No one is permitted to bring a camera or other prohibited electronic device into a federal courthouse facility except with a written order signed by a judge and verified by the United States Marshal's Service. See Local Rule 5072−2.**

Dated: <u>12/8/11</u>

CLERK OF COURT

By: <u>Barbara Cargill</u>
Courtroom Deputy

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 11-17047-AJC |
| FISHER ISLAND INVESTMENTS, INC., | Chapter 11 (Involuntary) |
| _____Alleged Debtor._____/ | |
| In re: | Case No. 11-17051-AJC |
| MUTUAL BENEFITS OFFSHORE FUND, LTD., | Chapter 11 (Involuntary) |
| _____Alleged Debtor._____/ | |
| In re: | Case No. 11-17061-AJC |
| LITTLE REST TWELVE, INC., | Chapter 11 (Involuntary) |
| _____Alleged Debtor._____/ | |

**CERTIFICATE OF SERVICE**

      I certify that on December 8, 2011, a true and correct copy of the following were served on all counsel of record or pro se parties identified on the Service Lists below either via transmission of Notices of Electronic Filing generated by CM/ECF, or via U.S. first class mail, postage prepaid, for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      1.    Notice of Hearing on First Application for Compensation of James S. Feltman, as Chapter 11 Examiner for period 4/25/11 to 11/18/11 and First Application for Interim Compensation of Greenberg Traurig, P.A., as counsel for the Examiner for the period of 5/20/11 to 11/30/11 (D.E. 365) Case No. 11-17047-AJC.

      2.    Notice of Hearing on First Application for Compensation of James S. Feltman, as Chapter 11 Examiner for period 4/25/11 to 11/18/11 and First Application for Interim Compensation of Greenberg Traurig, P.A., as counsel for the Examiner for the period of 5/20/11 to 11/30/11 (D.E. 294) Case No. 11-17051-AJC.

      3.    Notice of Hearing on First Application for Compensation of James S. Feltman, as Chapter 11 Examiner for period 4/25/11 to 11/18/11 and First Application for Interim Compensation of Greenberg Traurig, P.A., as counsel for the Examiner for the period of 5/20/11 to 11/30/11 (D.E. 297) Case No. 11-17061-AJC.

December 8, 2011.

GREENBERG TRAURIG, P.A.
*Attorneys for James S. Feltman, Examiner*
333 Avenue of the Americas, Suite 4400
Miami, Florida  33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By: /s/ *Ari Newman*
James P. S. Leshaw
Florida Bar No. 917745
Email: leshawj@gtlaw.com
Ari Newman
Florida Bar No. 56575
Email: newmarar@gtlaw.com

**11-17047-AJC Notice will be electronically mailed to:**

Brett M Amron on behalf of Plaintiff Fisher Island Investments, Inc.
bamron@bastamron.com,
jeder@bastamron.com,dquick@bastamron.com,kparrales@bastamron.com,jmiranda@bastamron
.com,afiorentino@bastamron.com

Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

Terrance A Dee on behalf of Debtor Fisher Island Investments, Inc.
tdee@dlclegal.com, ddibello@dlclegal.com; flopez@dlclegal.com; dperry@dlclegal.com;
chackney@dlclegal.com

James P.S. Leshaw on behalf of Examiner James Feltman
leshawj@gtlaw.com, mialitdock@gtlaw.com; miaecfbky@gtlaw.com

Ari Newman on behalf of Examiner James Feltman
newmanar@gtlaw.com, thompsonc@gtlaw.com; mialitdock@gtlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Craig A. Pugatch on behalf of Petitioning Creditor 19 SHC, Corp
capugatch.ecf@rprslaw.com

Joseph L Rebak on behalf of Debtor Fisher Island Investments, Inc.
jlr@tewlaw.com, jsk@tewlaw.com; np@tewlaw.com;eguzman@tewlaw.com

Patricia A Redmond on behalf of Debtor Fisher Island Investments, Inc.
predmond@stearnsweaver.com, jrivera@stearnsweaver.com; rross@stearnsweaver.com;
mmesones-mori@stearnsweaver.com; dillworthcdp@ecf.epiqsystems.com

George L. Zinkler on behalf of Petitioning Creditor 19 SHC, Corp
gzinkler.ecf@rprslaw.com

**11-17047-AJC Notice will not be electronically mailed to:**

Miami-Dade County Tax Collector
Miami-Dade County Bankruptcy Unit
c/o Alexis Gonzalez
140 West Flagler Street, Suite 1403
Miami, FL 33130

Paul Philip
Mesirow Financial Consulting LLC
One Biscayne Tower
2 South Biscayne Blvd. Suite 1800
Miami, FL 33131

Wells Fargo Financial Leasing, Inc.
Wells Fargo Financial Leasing, Inc.
800 Walnut Street
MAC F4031-050
Des Moines, IA 50309

Emanuel Zeltser
Sternik & Zeltser
119 W. 72 St
Suite 229
New York, NY 10023

**11-17051-AJC Notice will be electronically mailed to:**

Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

Terrance A Dee on behalf of Debtor Mutual Benefits Offshore Fund, Ltd.
tdee@dlclegal.com, ddibello@dlclegal.com; flopez@dlclegal.com; dperry@dlclegal.com;
chackney@dlclegal.com

James P.S. Leshaw on behalf of Examiner James Feltman
leshawj@gtlaw.com, mialitdock@gtlaw.com; miaecfbky@gtlaw.com

Ari Newman on behalf of Examiner James Feltman
newmanar@gtlaw.com, thompsonc@gtlaw.com; mialitdock@gtlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Craig A. Pugatch on behalf of Petitioning Creditor 19 SHC, Corp
capugatch.ecf@rprslaw.com

Patricia A Redmond on behalf of Debtor Mutual Benefits Offshore Fund, Ltd.
predmond@stearnsweaver.com, jrivera@stearnsweaver.com;
rross@stearnsweaver.com;mmesones-mori@stearnsweaver.com;
dillworthcdp@ecf.epiqsystems.com

Emanuel Zeltser on behalf of Debtor Mutual Benefits Offshore Fund, Ltd.

ez@russianlaw.org

George L. Zinkler on behalf of Petitioning Creditor 19 SHC, Corp
gzinkler.ecf@rprslaw.com

**11-17051-AJC Notice will not be electronically mailed to:**

Mesirow Financial Consulting, LLC
One Biscayne Tower
2 South Biscayne Blvd. Suite 1800
Miami, FL 33131

**11-17061-AJC Notice will be electronically mailed to:**

Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

Terrance A Dee on behalf of Debtor Little Rest Twelve, Inc.
tdee@dlclegal.com,
ddibello@dlclegal.com;flopez@dlclegal.com;dperry@dlclegal.com;chackney@dlclegal.com

James P.S. Leshaw on behalf of Examiner James Feltman
leshawj@gtlaw.com, mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Ari Newman on behalf of Examiner James Feltman
newmanar@gtlaw.com, thompsonc@gtlaw.com;mialitdock@gtlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Craig A. Pugatch on behalf of Petitioning Creditor 19 SHC, Corp
capugatch.ecf@rprslaw.com

Patricia A Redmond on behalf of Debtor Little Rest Twelve, Inc.
predmond@stearnsweaver.com,
jrivera@stearnsweaver.com;rross@stearnsweaver.com;mmesones-
mori@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com

Emanuel Zeltser on behalf of Debtor Little Rest Twelve, Inc.
ez@russianlaw.org

George L. Zinkler on behalf of Petitioning Creditor 19 SHC, Corp
gzinkler.ecf@rprslaw.com

**11-17061-AJC Notice will not be electronically mailed to:**

Hicham Azkour
2027 Lexington Ave
New York, NY 10035

Marlen Kruzhkov on behalf of Debtor Little Rest Twelve, Inc.
120 Wall St, 11 Fl
New York, NY 10005

Paul Philip
Mesirow Financial Consulting LLC
One Biscayne Tower
2 South Biscayne Blvd. Suite 1800
Miami, FL 33131

Martin P Russo on behalf of Debtor Little Rest Twelve, Inc.
120 Wall St, 11 Fl
New York, NY 10005

*MIA 182,282,312v1 12-8-11*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 11-17047-AJC |
| | Chapter 11 |
| **FISHER ISLAND INVESTMENTS, INC.,** | (Involuntary) |
| Alleged Debtor.                    / | |
| | |
| In re: | Case No. 11-17051-AJC |
| | Chapter 11 |
| **MUTUAL BENEFITS OFFSHORE FUND, LTD.** | (Involuntary) |
| Alleged Debtor.                    / | |
| | |
| In re: | Case No. 11-17061-AJC |
| | Chapter 11 |
| **LITTLE REST TWELVE, INC.,** | (Involuntary) |
| Alleged Debtor.                    / | |

## CROSS-NOTICE OF TAKING DEPOSITION

PLEASE TAKE NOTICE that the Alleged Debtors, through undersigned counsel, will take the deposition of the below-named deponent at the place and time indicated:

| NAME OF DEPONENT | DATE AND TIME | PLACE |
|---|---|---|
| James Feltman, Examiner | Wednesday December 21, 2011 10:00 a.m. | Rice Pugatch Robinson and Schiller, PA 101 NE 3 Ave, Suite 1800 Fort Lauderdale, FL 33301 |

The deposition is pursuant to Rules 7030 and 9014, Fed. R. Bktcy. P., and will be taken before an officer authorized to record the testimony. The scope of the deposition shall be as described in Bankruptcy Rules 7030 and 9014.

The deposition will commence at the above date and time, and may continue from day to day until completed. This deposition is being taken for the purposes of discovery, for use at hearing or trial, or for such other purposes as are permitted under the rules of court.

Dated: December 9, 2011

Respectfully submitted,

Darin A. DiBello (FBN 957615)
Email: ddibello@dlclegal.com
Terrance A. Dee (FBN 189502)
Email: tdee@dlclegal.com
DIBELLO, LOPEZ & CASTILLO, P.A.
1550 Madruga Avenue, Suite 504
Coral Gables, Florida 33146
Telephone: (305) 668-8870
Facsimile: (305) 668-8892

By:   s/Darin A. DiBello
*Co-Counsel for Alleged Debtor Fisher Island
Investments, Inc., Mutual Benefits Offshore
Fund, Ltd., and Little Rest Twelve, Inc.*

## CERTIFICATE OF SERVICE

I CERTIFY that on this 9th day of December, 2011, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document

is being served this day on all counsel of record or *pro se* parties identified on the attached

Service List in the manner specified, either via transmission of Notices of Electronic Filing

generated by CM/ECF or in some other authorized manner for those counsel or parties who are

not authorized to receive electronically Notices of Electronic Filing.

By:   s/Darin A. DiBello
Darin A. DiBello

## SERVICE LIST
Case No. 11-17047-AJC; Case No. 11-17051-AJC; Case No. 11-17061-AJC

**Via Notices of Electronic Filing through the Court's CM/ECF system:**

Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov;  johanna.armengol@usdoj.gov

Brett M Amron
bamron@bastamron.com; jeder@bastamron.com; dquick@bastamron.com; kparrales@bastamron.com;
jmiranda@bastamron.com; afiorentino@bastamron.com

James P.S. Leshaw on behalf of Examiner James Feltman
leshawj@gtlaw.com; mialitdock@gtlaw.com; miaecfbky@gtlaw.com

Ari Newman on behalf of Examiner James Feltman
newmanar@gtlaw.com; thompsonc@gtlaw.com; mialitdock@gtlaw.com

Office of the U.S. Trustee
USTPRegion21.MM.ECF@usdoj.gov

Craig A. Pugatch
capugatch.ecf@rprslaw.com

Joseph L. Rebak
jlr@tewlaw.com; jsk@tewlaw.com; np@tewlaw.com; eguzman@tewlaw.com

Patricia Redmond
predmond@stearnsweaver.com; jrivera@stearnsweaver.com; rross@stearnsweaver.com; mmesones-
mori@stearnsweaver.com; dillworthcdp@ecf.epiqsystems.com

Emanuel Zeltser
ez@russianlaw.org

George L. Zinkler
gzinkler.ecf@rprslaw.com

**Via First Class U.S. Mail, postage prepaid:**

Hicham Azkour
127 W. 25th Street
New York, NY 10001

Wells Fargo Financial Leasing, Inc.
Wells Fargo Financial Leasing, Inc.
800 Walnut Street
MAC F4031-050
Des Moines, IA 50309

Paul Philip
Mesirow Financial Consulting LLC
One Biscayne Tower
2 South Biscayne Boulevard, Suite 1800
Miami, FL 33131

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Marlen Kruzhkov
Gusrae Kaplan Bruno & Nusbaum PLLC
120 Wall Street, 11th Floor
New York, New York 10005

Martin Russo
Gusrae Kaplan Bruno & Nusbaum PLLC
120 Wall Street, 11th Floor
New York, New York 10005

Miami-Dade County Tax Collector
Miami-Dade County Bankruptcy Unit
c/o Alexis Gonzalez
140 West Flagler Street, Suite 1403
Miami, FL 33130